BILL LOCKYER
Attorney General of the State of California
LOUIS R. MAURO
Senior Assistant Attorney General
CHRISTOPHER E. KRUEGER
Supervising Deputy Attorney General
SUSAN K. LEACH, State Bar No. 231575
Deputy Attorney General
ZACKERY P. MORAZZINI, State Bar No. 204237
Deputy Attorney General
  1300 I Street
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 445-8226
  Fax: (916) 324-5567
  Email: Zackery.Morazzini@doj.ca.gov

Attorneys for Defendants
Governor Arnold Schwarzenegger and
Attorney General Bill Lockyer

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,**<br><br>Defendants. | CASE NO. C 05 4188 RMW (RS)<br><br>**GOVERNOR AND ATTORNEY GENERAL'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants Arnold Schwarzenegger, in his official capacity as Governor of the State of California and Bill Lockyer, in his official capacity as Attorney General of the State of California ("Defendants") answer the Complaint for Declaratory and Injunctive Relief ("Complaint") for themselves and themselves only, by admitting, denying and affirmatively alleging as follows:

1. Responding to paragraph 1, Defendants deny that the challenged act, Chapter 638, Statutes of 2005 (the "Act"), infringes upon the any constitutional right of free expression. Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 1 and, basing denial on that ground, deny those allegations.

2. In response to paragraph 2, the Defendants admit that the Act was signed into law on October 7, 2005 and will go into effect on January 1, 2006. Defendants further admit that the Act, in its entirety, speaks for itself. Defendants deny each and every remaining allegation in this paragraph.

3. Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4. Defendants deny that "similar efforts to regulate video games based on their expressive content have been struck down by every court that has considered the issue" and further deny each and every remaining allegation in paragraph 4 of the Complaint, including the legal arguments and assertions made therein.

5. Defendants admit that the labeling provisions of the Act speak for themselves, and deny each and every other allegation in paragraph 5 of the Complaint.

6. Responding to paragraph 6, Defendants deny that the Act will "violate the free speech rights of Plaintiffs' members." Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 6 and, basing denial on that ground, deny each and every allegation contained therein.

7. Defendants deny each and every allegation in paragraph 7 of the Complaint.

8. In response to paragraph 8, Defendants admit that this Court has jurisdiction over the subject matter of the action and deny each and every remaining allegation contained in this

paragraph.

9. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 9 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

10. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 10 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

11. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 11 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

12. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 12 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

13. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 13 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

14. Defendants deny each and every allegation in paragraph 14 of the Complaint.

15. Defendants deny each and every allegation in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. In response to paragraph 17, Defendants deny that "[i]f, at any point a district attorney of the State fails to enforce adequately, 'any law of the State,' the Attorney General must 'prosecute any violations of the law.'" Defendants assert that the provisions of Article V, section 13 of the California Constitution, as those provisions have been judicially construed (see *People v. Brophy*, 49 Cal. App. 2d 15, 28) speak for themselves.

18. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 18 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

19. Defendants lack sufficient information and belief to respond to the allegations

contained in paragraph 19 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

20. Defendants lack sufficient information and belief to respond to the allegations contained in paragraph 20 of the Complaint and, basing denial on that ground, deny each and every allegation contained therein.

21. Defendants deny each and every allegation in paragraph 21 of the Complaint.

22. Defendants deny each and every allegation in paragraph 22 of the Complaint.

23. Defendants deny each and every allegation in paragraph 23 of the Complaint.

24. Defendants do not deny the legal assertions contained in paragraph 24 of the Complaint.

25. Defendants deny each and every allegation in paragraph 25 of the Complaint.

26. Defendants deny each and every allegation in paragraph 26 of the Complaint.

27. Responding to paragraph 27, Defendants admit that the Act was passed by the Legislature on September 8, 2005, and was signed into law by the Governor on October 7, 2005. Defendants further admit that the provisions of the Act, in their entirety, speak for themselves.

28. Responding to paragraph 28, Defendants admit that the provisions of the Act, in their entirety, speak for themselves. Defendants deny each and every remaining allegation in paragraph 28 of the Complaint.

29. Responding to paragraph 29, Defendants admit that the provisions of the Act, in their entirety, speak for themselves. Defendants deny each and every remaining allegation in paragraph 29 of the Complaint.

30. Responding to paragraph 30, Defendants admit that the provisions of the Act, in their entirety, speak for themselves. Defendants deny each and every remaining allegation in paragraph 30 of the Complaint.

31. Responding to paragraph 31, Defendants admit that the provisions of the Act, in their entirety, speak for themselves. Defendants deny each and every remaining allegation in paragraph 31 of the Complaint.

32. Responding to paragraph 32, Defendants admit that the provisions of the Act, in their

1  entirety, speak for themselves.  Defendants deny each and every remaining allegation in

2  paragraph 32 of the Complaint.

3      33.  Responding to paragraph 33, Defendants admit that the provisions of the Act, in their

4  entirety, speak for themselves.  Defendants deny each and every remaining allegation in

5  paragraph 33 of the Complaint.

6      34.  Responding to paragraph 34, Defendants admit that the provisions of the Act, in their

7  entirety, speak for themselves.  Defendants deny each and every remaining allegation in

8  paragraph 34 of the Complaint.

9      35.  Responding to paragraph 35, Defendants admit that the provisions of the Act, in their

10  entirety, speak for themselves.  Defendants deny each and every remaining allegation in

11  paragraph 35 of the Complaint.

12      36.  Responding to paragraph 36, Defendants admit that the provisions of the Act, in their

13  entirety, speak for themselves.  Defendants deny each and every remaining allegation in

14  paragraph 36 of the Complaint.

15      37.  Defendants deny each and every allegation in paragraph 37 of the Complaint.

16      38.  Defendants deny each and every allegation in paragraph 38 of the Complaint.

17      39.  Defendants deny each and every allegation in paragraph 39 of the Complaint.

18      40.  Defendants deny each and every allegation in paragraph 40 of the Complaint.

19      41.  Defendants deny each and every allegation in paragraph 41 of the Complaint.

20      42.  Defendants deny each and every allegation in paragraph 42 of the Complaint.

21      43.  Defendants deny each and every allegation in paragraph 43 of the Complaint.

22      44.  Defendants deny each and every allegation in paragraph 44 of the Complaint.

23      45.  Defendants deny each and every allegation in paragraph 45 of the Complaint.

24      46.  Defendants deny each and every allegation in paragraph 46 of the Complaint.

25      47.  Defendants deny each and every allegation in paragraph 47 of the Complaint.

26      48.  Defendants deny each and every allegation in paragraph 48 of the Complaint.

27      49.  Defendants deny each and every allegation in paragraph 49 of the Complaint.

28      50.  Defendants deny each dond every allegation in paragraph 50 of the Complaint.

51. Defendants deny each and every allegation in paragraph 51 of the Complaint.

52. Defendants deny each and every allegation in paragraph 52 of the Complaint.

53. Defendants deny each and every allegation in paragraph 53 of the Complaint.

54. Defendants deny each and every allegation in paragraph 54 of the Complaint.

55. Defendants deny each and every allegation in paragraph 55 of the Complaint.

56. Defendants deny each and every allegation in paragraph 56 of the Complaint.

57. Defendants deny each and every allegation in paragraph 57 of the Complaint.

58. Defendants deny each and every allegation in paragraph 58 of the Complaint.

59. Defendants deny each and every allegation in paragraph 59 of the Complaint.

60. Defendants deny each and every allegation in paragraph 60 of the Complaint.

61. Defendants deny each and every allegation in paragraph 61 of the Complaint.

62. Defendants deny each and every allegation in paragraph 62 of the Complaint.

63. Defendants deny each and every allegation in paragraph 63 of the Complaint.

64. Defendants deny each and every allegation in paragraph 64 of the Complaint.

65. Defendants deny each and every allegation in paragraph 65 of the Complaint.

66. Defendants deny each and every allegation in paragraph 66 of the Complaint.

Except as expressly admitted herein, these answering Defendants deny all other material allegations set forth in the Complaint.

**AFFIRMATIVE DEFENSES**

As and for their separate affirmative defenses to the Complaint, Defendants allege as follows:

1. Plaintiffs lack standing to bring the present action against the Defendants in that they have failed to allege sufficient harm and may not assert the rights of third parties.

2. The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against the Defendants.

3. With respect to any claims brought by Plaintiffs seeking monetary relief, including any claims for attorneys' fees, the Defendants are protected by the doctrine of sovereign immunity.

4. Defendants affirmatively state that they have taken no actions with respect to

Plaintiffs, and that any actions that they may have taken have been taken in good faith, have been reasonable and prudent, and have been consistent with all applicable legal and constitutional standards.

5. Defendants have complied with all legal obligations and any and all statutes and regulations.

6. Plaintiffs have failed to state a claim upon which attorneys fees can be granted.

7. Defendants have proceeded in a manner required by law and have not committed any prejudicial abuse of discretion.

WHEREFORE, Defendants Arnold Schwarzenegger, in his official capacity as Governor of the State of California and Bill Lockyer, in his official capacity as Attorney General of the State of California pray as follows:

1. That Plaintiffs take nothing by way of their Complaint, that this action be dismissed with prejudice, and that judgment be entered in favor of Defendants;

2. That no injunction issue against Defendants;

3. That Defendants be awarded their costs of suit; and,

4. That Defendants be afforded such other and further relief as the Court may deem just and proper.

Dated:  November 7, 2005

Respectfully submitted,
BILL LOCKYER
Attorney General of the State of California

LOUIS R. MAURO
Senior Assistant Attorney General

CHRISTOPHER E. KRUEGER
Supervising Deputy Attorney General

SUSAN K. LEACH
Deputy Attorney General

  /s/ Zackery P. Morazzini
ZACKERY P. MORAZZINI
Deputy Attorney General
Attorneys for Defendants Governor Arnold Schwarzenegger
and Attorney General Bill Lockyer

50065041.wpd

Answer                                                    Video Software Dealers v. Schwarzenegger, et al.
                                                                           Case No. C 05 4188 RMW (RS)