GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

JENNER & BLOCK LLP
PAUL M. SMITH (*pro hac vice* application pending)
KATHERINE A. FALLOW (*pro hac vice* application pending)
AMY L. TENNEY (*pro hac vice* application pending)
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05-4188 RMW (RS)<br><br>PLAINTIFFS' OPPOSITION TO EX PARTE MOTION TO CONTINUE HEARING ON PRELIMINARY INJUNCTION; DECLARATION OF ETHAN D. DETTMER IN SUPPORT THEREOF |

## OPPOSITION TO EX PARTE APPLICATION

Plaintiffs Video Software Dealers Association and Entertainment Software Association respectfully oppose the Ex Parte Motion to Continue Hearing on Preliminary Injunction, filed on November 7, 2005, by defendants Ann Miller Ravel and George Kennedy, in their official capacities as the Santa Clara County Counsel and District Attorney (the "County Defendants").

Beginning on January 1, 2006, Plaintiffs and their members will be forced either to comply with the requirements of Assembly Bill 1179 (the "Act"), which in violation of their rights under the First Amendment bars distribution of protected expression based on content, or be subject to civil penalties under that statute. *See, e.g.*, Complaint for Declaratory and Injunctive Relief ("Complaint"), ¶¶ 27-36. Plaintiffs presented their challenge to the Act to this Court as quickly as possible, filing and serving their Complaint and Motion for Preliminary Injunction less than two weeks after the Governor signed the Act into law on October 7, 2005. Plaintiffs noticed the hearing on their Motion for Preliminary Injunction for the earliest available date, December 2, 2005.

Plaintiffs cannot agree to the relief requested by the County Defendants. Given that the effective date of the Act is January 1, 2006, and that it appears from the Court's calendar that the Court will be unavailable during the last two weeks of December, granting the County Defendants' continuance would give the Court only one week in which to act on Plaintiffs' Motion for Preliminary Injunction. If the Court denies Plaintiffs' Motion, Plaintiffs would have insufficient time either to seek emergency appellate relief or to comply with the Act. In particular, the Act requires any video game that is imported into or distributed in California to be labeled with a large "18" sticker. In addition to the harm associated with the Act's restrictions on free speech, identifying and labeling every video game imported into California that could run afoul of the Act would be extremely costly and burdensome. Plaintiffs' members would thus instead be subject to immediate, serious, and irreparable injury as a result of the threatened and actual enforcement of the Act against them,

Finally, the County Defendants also ask that the due date for their Opposition to Plaintiffs' Motion for Preliminary Injunction be extended to November 18, 2005. The asserted reason for this request is the fact that their current due date falls on a holiday, and thus they have one day less to file and serve their Opposition. Ex Parte Motion, at 3. But Plaintiffs filed and served their Motion for

1

1 | Preliminary Injunction on October 19, 2005, nine days before those papers were due under this
2 | Court's Local Rules, based on the noticed hearing date. Thus the County Defendants have already
3 | had more than an additional week in which to respond to Plaintiffs' Motion. Allowing them yet another
4 | week would further shorten the Court's time to fully consider and rule on this matter prior to
5 | the Act's effective date.

Plaintiffs respectfully request that the Court deny the County Defendants' Ex Parte Motion to Continue Hearing on Preliminary Injunction.

                          Respectfully submitted.

DATED: November 8, 2005.

                          GIBSON, DUNN & CRUTCHER LLP
                          THEODORE J. BOUTROUS, JR.
                          H. MARK LYON
                          ETHAN D. DETTMER

By:_____/s/_____
              Ethan D. Dettmer

JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
AMY L. TENNEY
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

**DECLARATION OF ETHAN D. DETTMER**

I, Ethan D. Dettmer, declare and state as follows:

1. I am an attorney at law, and a member of the Bar of this Court. I am an associate with the law firm of Gibson, Dunn & Crutcher LLP, attorneys of record in this matter for plaintiffs Video Software Dealers Association and Entertainment Software Association. I make this declaration based on personal knowledge.

2. On November 1, 2005, I spoke with Kathryn Zoglin, counsel for defendants Ann Miller Ravel and George Kennedy, in their official capacities as the Santa Clara County Counsel and District Attorney (the "County Defendants"). Ms. Zoglin requested that Plaintiffs agree to move the hearing on Plaintiffs' Motion for Preliminary Injunction from December 2 to December 9, 2005. I informed Ms. Zoglin that my clients were unable to do so, in light of the January 1, 2006 effective date of the statute at issue, and the fact that Plaintiffs faced enforcement of that statute against them if the Court had not ruled by that time.

3. Ms. Zoglin and I discussed possible alternatives to continuing the date of the hearing, including moving the hearing to an earlier date, such as November 18, November 30 or December 1. Ms. Zoglin indicated that she could not agree to the November 18 date, and she later informed me that she had contacted the Court Clerk, who told her that the Court would not be available to hear this matter on any day other than one of its usual motion days. Thus the November 30 and December 1 alternatives were not available. I also asked Ms. Zoglin whether another attorney in her office would be available to handle this hearing, and she informed me that was not possible.

4. During the same conversation, Ms. Zoglin requested an extension of time for her clients to respond to Plaintiffs' complaint in this case. On behalf of the Plaintiffs, I agreed to the extension of time that the County Defendants requested.

5. As described at length in Plaintiffs' Complaint for Declaratory and Injunctive Relief and in Plaintiffs' Motion for Preliminary Injunction and supporting papers, Plaintiffs face immediate, serious and irreparable injury as a result of the threatened and actual enforcement of Assembly Bill 1179 against them. Because, absent action by this Court, that statute will be enforced against them

3

beginning on January 1, 2006, there is good cause for denying the County Defendants' requested relief, and for hearing Plaintiffs' Motion for Preliminary Injunction on the earliest available date.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed this 8th day of November, 2005, at San Francisco, California.

/s/
Ethan D. Dettmer

70333435_2.DOC