1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   GREGORY J. SEBASTINELLI, Deputy County Counsel (S.B. #104884)
2  KATHRYN J. ZOGLIN, Deputy County Counsel (S.B. #121187)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding, East Wing, 9th Floor
   San Jose, California  95110-1770
4  Telephone:  (408) 299-5900
   Facsimile:  (408) 292-7240
5

6  Attorneys for Defendants SANTA CLARA
   COUNTY DISTRICT ATTORNEY
7  GEORGE KENNEDY AND SANTA
   CLARA COUNTY COUNSEL ANN
8  MILLER RAVEL, IN THEIR OFFICIAL
   CAPACITIES
9

10                UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13 VIDEO SOFTWARE DEALERS          )   No. C05-4188 RMW (RS)
   ASSOCIATION and ENTERTAINMENT   )
14 SOFTWARE ASSOCIATION,           )   **OPPOSITION TO PRELIMINARY**
                                   )   **INJUNCTION BY DEFENDANTS**
15         Plaintiffs,             )   **SANTA CLARA COUNTY DISTRICT**
                                   )   **ATTORNEY KENNEDY AND SANTA**
16 v.                              )   **CLARA COUNTY COUNSEL RAVEL**
                                   )
17                                 )
   ARNOLD SCHWARZENEGGER, in       )   Date:   December 2, 2005
18 his official capacity as Governor of the, ) Time:   9:00 a.m.
   State of California; BILL LOCKYER, )  Crtrm:  6
19 in his official capacity as Attorney )  Judge:  Hon. Ronald Whyte
   General of the State of California; )
20 GEORGE KENNEDY, in his official )
   capacity as Santa Clara County District )
21 Attorney, RICHARD DOYLE, in his )
   official capacity as City Attorney for )
22 the City of San Jose, and ANN MILLER )
   RAVEL, in her official capacity as )
23 County Counsel for the County of )
   Santa Clara,                    )
24                                 )
           Defendants.             )
25 _____  )

26

27

28

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction                    C05-4188 RMW (RS)

Dockets.Justia.com

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................... 1

II. BACKGROUND ..................................................... 1

    A. Legislative Findings .......................................... 2

    B. Limited Restrictions On The Sale Of Violent Video Games ................ 2

    C. Definitions Of Violent Video Games ............................... 3

    D. Procedural Status ............................................ 4

III. DISCUSSION ..................................................... 5

    A. The Preliminary Injunction Should Be Denied Because It Is Not Probable That Plaintiffs Will Be Successful On The Merits ............................ 5

    B. The Preliminary Injunction Should Be Denied As To The County Defendants Because There Is No Case Or Controversy .......................... 6

    C. The Preliminary Injunction Should Be Denied Because The Government Has A Compelling Interest In Protecting Minors ................ 6

    D. The Statute Is Narrowly Tailored To Meet Constitutional Standards That Apply To This Evolving Media ........................ 7

        1. The Court Must Take Into Account The Evolving and Unique Nature Of Video Games ...................... 7

        2. The California Statute Is Narrowly Tailored To Meet Constitutional Requirements ............................. 8

        3. Substantial Evidence Supports The Validity Of And Need For The Statute .. 11

    E. Plaintiffs' Claim That The Statute Is Unconstitutionally Vague Fails ........... 13

IV. CONCLUSION .................................................... 13

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction            i            C05-4188 RMW (RS)

# TABLE OF AUTHORITIES

CASES

Alliance of Automobile Manufacturers v. Hull,
  137 F.Supp.2d 1165 (D.C. Ariz. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

American Amusement Machine Association v. Kenrick,
  244 F.3d 572 (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Brandenburg v. Ohio,
  395 U.S. 444 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Comcast of California v. City of San Jose,
  286 F.Supp.2d 1241 (N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Erznoznik v. City of Jacksonville,
  422 U.S. 205 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hoffman Estates v. Flipside, Hoffman Estates, Inc.,
  455 U.S. 489 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Interactive Digital Software Association v. St. Louis County,
  329 F.3d 954 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Int'l Longshoremen's and Warehousemen's Union v. Boyd,
  347 U.S. 222 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

James v. Meow Media, Inc.,
  300 F.3d 683 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Maryland v. Craig,
  497 U.S. 836 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Miller v. California,
  413 U.S. 15 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

New York v. Ferber
  458 U.S. 747 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Osborne v. Ohio,
  495 U.S. 103 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Southeastern Promotions, Ltd. v. Conrad,
  420 U.S. 546 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Video Software Dealers Association v. Maleng,
  325 F.Supp.2d 1180 (W.D. Wash. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 12

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction           ii           C05-4188 RMW (RS)

**TABLE OF AUTHORITIES (CONTINUED)**

STATUTES

STATE

California Civil Code

§1746 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§1746.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

§ 1746.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§ 1746.1(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§1746.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

§ 1746(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 1746(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 1746(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 1746(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§ 1746(2)(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

§1746(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

§1746.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

§1746.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

California Welfare & Institutions Code

§300.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

§16500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FEDERAL

F.R. Civ. Proc. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Miscellaneous

Assembly Bill 1179 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction         iii         C05-4188 RMW (RS)

# I.
# INTRODUCTION

The State of California recently enacted legislation that restricts the sale and rental of only the most violent video games to minors. The California statute differs in significant ways from legislation enacted in other jurisdictions in the country. It provides detailed definitions of the limited categories of restricted video games. The California law only impacts the direct sale or rental of these games to minors.

By contrast to other legislative bodies, the California State Legislature considered substantial scientific evidence that demonstrates the negative impact of these ultra-violent video games on minors. It also crafted a statute that addresses the concerns expressed by other courts. For example, this law is much more narrowly tailored than other statutes. It proscribes the sale to minors of a narrow class of video games – only the most violent of video games. The statute provides extensive definitions of the types of images that are covered by the statute. It allows parents and guardians to purchase and to rent these video games for their children. It is only children who may not buy or rent them. No restrictions are placed on adults who wish to purchase or to rent the video games covered by the statute. Parents may provide these games to their children, if they believe they are appropriate.

Plaintiffs Video Software Dealers Association and Entertainment Software Association ("plaintiffs") request that this Court issue a preliminary injunction barring the law from going into effect. They have named Santa Clara County District Attorney George Kennedy and County Counsel Ann Miller Ravel, acting in their official capacities, as defendants ("County defendants"). The County defendants join in the brief filed by the State Attorney General's Office and incorporate it by reference.

# II.
# BACKGROUND

On October 7, 2005, Governor Schwarzenegger signed AB 1179 into law. This legislation addresses the labeling of and sale to minors of a narrow set of violent video games.

//

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction        1        C05-4188 RMW (RS)

1  The law will go into effect on January 1, 2006, as California Civil Code §§1746, et seq.[1] It
2  requires that "[e]ach violent video game that is imported into or distributed in California for
3  retail sale shall be labeled with a solid white '18' outlined in black." Civ. Code §1746.2. The
4  "18" is to be at least 2 inches by 2 inches and is to appear on the front of the video packaging.
5  Id. District Attorneys, County Counsel, and City Attorneys are authorized to enforce the statute.
6  Violations of the statute are punishable by a civil fine only.

   A.  Legislative Findings

   The California Legislature held hearings and reviewed a considerable number of
scientific studies regarding the impact of video games on minors. See Opposition by Attorney
General's Office, which the County Defendants incorporate by reference. The Legislature made
specific findings regarding the purpose of the statute. More specifically, after hearing and
considering the evidence presented, it concluded that minors are "more likely to experience
feelings of aggression, to experience a reduction of activity in the frontal lobes of the brain, and
to exhibit violent antisocial or aggressive behavior" when they are exposed to "depictions of
violence in video games." See AB 1179, §1(a), attached as Ex. 1 to Plaintiff's Complaint.
Second, it found that minors "suffer psychological harm from prolonged exposure to violent
video games" even when they do not commit violent acts. Id., §1(b). Third, it concluded that
"The State has a compelling interest in preventing violent, aggressive, and antisocial behavior,
and in preventing psychological or neurological harm to minors who play violent video games."
Id., §1(c).

   B.  Limited Restrictions On The Sale Of Violent Video Games

   There are no restrictions on the sale of the violent video games to adults. The statute
provides that "[a] person may not sell or rent a video game that has been labeled as a violent
video game to a minor." Civil Code §1746.1(a). The law specifies several defenses for entities
that sell or rent videos. For example, it is a defense if (1) the renter uses a fake identification
that showed he is an adult when he is in fact a minor or (2) if the manufacturer fails to label a

---

[1] All references to the Civil Code in the brief are to the California Civil Code.

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction                 2                    C05-4188 RMW (RS)

violent video game with the "18."[2]  A minor's parent, grandparent, aunt, uncle, or legal guardian is allowed to sell or to rent the covered video games to him. Civil Code §1746.1(c).

There are no criminal penalties for violation of the statute. A civil penalty for up to $1,000 may be imposed. Civ. Code §1746.3. No criminal penalties attach. Only managers or owners of businesses may be held liable. Id. Sales clerks are not subject to liability. Id. A "parent, legal guardian, or other adult acting on behalf of a minor to whom a violent video game has been sold or rented" may report potential violations to a city attorney, county counsel, or district attorney. Civ. Code §1746.4. A city attorney, county counsel, or district attorney "may" prosecute violations of this statute. Id. Finally, all provisions of this legislation are severable.[3]

C. Definitions Of Violent Video Games

Civil Code §1746 defines "violent video games" as:

> a video game in which the range of options available to a player includes killing, maiming, dismembering, or sexually assaulting an image of a human being, if those acts are depicted in the game in a manner that does either of the following:
>
> (A) Comes within all of the following descriptions:
> (i) A reasonable person, considering the game as a whole, would find appeals to a deviant or morbid interest of minors
> (ii) It is patently offensive to prevailing standards in the community as to what is suitable for minors
> (iii) It causes the game, as a whole, to lack serious literary, artistic, political, or scientific value for minors
>
> (B) Enables the player to virtually inflict serious injury upon images of human beings or characters with substantially human characteristics in a manner which is especially

---

[2] Civil Code §1746.1(b) provides: "Proof that a defendant, or his or her employee or agent, demanded, was shown, and reasonably relied upon evidence that a purchaser or renter of a violent video game was not a minor or that the manufacturer failed to label a violent video game as required pursuant to Section 1746.2 shall be an affirmative defense to any action brought pursuant to this title. That evidence may include, but is not limited to, a driver's license or an identification card issued to the purchaser or renter by a state or by the Armed Forces of the United States."

[3] Civil Code §1746.5 states: "The provisions of this title are severable. If any provision of this title or its application is held to be invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application."

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction    3    C05-4188 RMW (RS)

1  heinous, cruel, or depraved in that it involves torture or serious physical abuse to the victim.

2

3  The statute provides detailed definitions of these terms. For example, "Cruel means that
4  the player intends to virtually inflict a high degree of pain by torture or serious physical abuse of
5  the victim in addition to killing the victim." Civ. Code §1746(2)(A). "Depraved" means when
6  the player "relishes the virtual killing or shows indifference to the suffering of the victim, as
7  evidenced by torture or serous physical abuse of the victim." Id., §1746(2)(B). "Heinous" is
8  described as "shockingly atrocious. For the killing depicted in a video game to be heinous, it
9  must involve additional acts of torture or serious physical abuse of the victim as set apart from
10 other killings." Id., §1746(2)(C). The law defines "Serious physical abuse" as:

11  a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, unconsciousness, extreme physical
12  pain, substantial disfigurement, or substantial impairment of the function of a bodily member, organ, or mental faculty. Serious physical abuse, unlike torture,
13  does not require that the victim be conscious of the abuse at the time it is inflicted. However, the player must specifically intend the abuse apart from the
14  killing.

15  Id., §1746(2)(D).

16  "Torture" includes mental and physical abuse of the victim. "The virtual victim must be
17  conscious of the abuse at the time it is inflicted; and the player must specifically intend to
18  virtually inflict severe mental or physical pain or suffering upon the victim, apart from killing
19  the victim." Id., §1746(2)(E). The statute further provides that "[p]ertinent factors in
20  determining whether a killing depicted in a video game is especially heinous, cruel, or depraved
21  include infliction of gratuitous violence upon the victim beyond that necessary to commit the
22  killing, needless mutilation of the victim's body, and helplessness of the victim." Id., §1746(3).

23     D. Procedural Status

24  On October 17, 2005, plaintiffs Video Software Dealers Association and Entertainment
25  Software Association ("plaintiffs") filed a complaint for declaratory and injunctive relief. They
26  claim that the law violates their First and Fourteenth Amendment rights, including their rights to
27  free expression and equal protection. The complaint contends that the statute is
28  unconstitutionally vague. Plaintiffs ask this Court to issue a preliminary injunction barring the

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction        4        C05-4188 RMW (RS)

statute from going into effect based on their argument that it is unconstitutional.

### III.

### DISCUSSION

A. The Preliminary Injunction Should Be Denied Because
   It Is Not Probable That Plaintiffs Will Be Successful On The Merits

Injunctive relief is an extraordinary remedy. A preliminary injunction may only issue in limited circumstances that do not exist here. F. R. Civ. Proc. 65. When challenging an act of a state legislature, the moving party "must meet its burden of persuasion with respect to the fundamental factual premises of the alleged constitutional violation." <u>Alliance of Automobile Manufacturers v. Hull</u>, 137 F.Supp.2d 1165, 1171 (D.C. Ariz. 2001). Moreover, "For a statute to be facially invalid, it must reach a 'substantial amount of constitutionally protected conduct' and be 'invalid in toto – and therefore incapable of any valid application.' <u>Hoffman Estates v. Flipside, Hoffman Estates, Inc.</u>, 455 U.S. 489, 494, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982)." <u>Alliance of Automobile Manufacturers</u>, 137 F.Supp.2d at 1171. Plaintiffs have not and cannot meet that burden.

A party challenging a statute bears the burden of demonstrating that it is unconstitutional. The Ninth Circuit applies a two prong test, under which the moving party must show either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in the moving party's favor. <u>Comcast of California v. City of San Jose</u>, 286 F.Supp.2d 1241, 1246 (N.D. Cal. 2003).

As discussed below, plaintiffs cannot establish that they will likely be successful on the merits. Plaintiffs make no showing that they will suffer irreparable injury. Instead, they merely offer conclusory statements that they will suffer irreparable harm. Plaintiffs at 18 - 19. Nor can plaintiffs establish that their financial burden outweighs the harm that will be caused to minors if the preliminary injunction issues.

//

//

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction    5    C05-4188 RMW (RS)

B. **The Preliminary Injunction Should Be Denied As To The County Defendants Because There Is No Case Or Controversy**

The statute does not become operative until January 1, 2006. It provides that "A violation of this title *may* be prosecuted by any city attorney, county counsel, or district attorney." Civil Code §1746.4 (italics added). Plaintiffs cite no threats or suggestions that the Santa Clara County District Attorney's Office or County Counsel's Office have threatened plaintiffs or anyone else with a civil prosecution as soon as the law goes into effect. Plaintiffs' complaint thus is too remote and speculative as to the County defendants for this Court to issue a ruling. See generally Int'l Longshoremen's and Warehousemen's Union v. Boyd, 347 U.S. 222, 223 (1954) (Court declined to rule on "scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry").

C. **The Preliminary Injunction Should Be Denied Because The Government Has A Compelling Interest In Protecting Minors**

The preliminary injunction should not issue because the State of California and the County defendants have a significant interest in protecting minors; the courts have long recognized this compelling interest. They have upheld this responsibility in a range of cases and contexts, including when First Amendment and other constitutionally protected rights may conflict with the well-being of children. See Maryland v. Craig, 497 U.S. 836 (1990) (criminal defendant's constitutional right to confrontation is not violated where court allowed child to testify via one-way closed circuit television so as to protect child from severe emotional distress); Osborne v. Ohio, 495 U.S. 103, 109 (1990) (the State's interest in protecting physical and psychological well-being of minor is compelling); New York v. Ferber at 458 U.S. 747, 757 (1982) ("We have sustained legislation aimed at protecting the physical and emotional well-being of youth even when the laws have operated in the sensitive area of constitutionally protective rights"); Miller v. California, 413 U.S. 15, 18-19 (1972) (the State has a legitimate interest in prohibiting dissemination or exhibition of obscene material when the mode of dissemination carries with it a significant danger . . . of exposure to juveniles"). See also Cal.

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction        6        C05-4188 RMW (RS)

Welf. & Inst. Code §300.2 (purpose of child protection statutory scheme includes ensuring "the safety, protection, physical, and emotional well-being of children who are at risk of" being "physically, sexually, or emotionally abused, being neglected, or being exploited"); Cal. Welf. & Inst. §16500 (". . . all children are entitled to be safe and free from abuse and neglect").

Moreover, in James v. Meow Media, Inc., 300 F.3d 683 (6th Cir. 2002), the court noted that "The protections of the First Amendment have always adapted to the audience intended for the speech. Specifically, we have recognized certain speech, while fully protected when directed to adults, may be restricted when directed towards minors." Id., 300 F.3d at 696 (citations omitted). The Court further explained that these restrictions must be "narrowly tailored to protecting minors from speech that may improperly influence them and not effect an 'unnecessarily broad suppression of speech' appropriate for adults." Id. (citations omitted). See Erznoznik v. City of Jacksonville, 422 U.S. 205, 212 (1975) ("It is well settled that a State or municipality can adopt more stringent controls on communicative materials available to youths than on those available to adults").

    D. **The Statute Is Narrowly Tailored To Meet Constitutional Standards That Apply To This Evolving Media**

        1. The Court Must Take Into Account The Evolving and Unique Nature Of Video Games

Modern interactive video games do not fit neatly into "traditional" boxes of First Amendment analysis. For example, Seventh Circuit rejected arguments that violent video games were entitled to the "full protection of the First Amendment." American Amusement Machine Association v. Kenrick, 244 F.3d 572, 574 (7th Cir. 2001). Standards that apply to movies or newspapers are instructive and relevant but may not translate directly to the newer medium of interactive video games. As the United States Supreme Court observed: "Each medium of expression, of course, must be assessed for First Amendment purposes by standards suited to it, for each may present its own problems." Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, 557 (1975) (citations omitted).

Furthermore, video games comprise a constantly evolving media. The first video games were fundamentally different from those seen today. The court in Video Software Dealers

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction      7      C05-4188 RMW (RS)

Association v. Maleng, 325 F.Supp.2d 1180 (W.D. Wash. 2004), observed that the early generation of computer games lacked expressive content and thus would not be entitled to any First Amendment protections.  However, video games have changed and now may include expressive elements such as story lines.  These video games merit some First Amendment protection.  Id. at 1184-85.  Video games of today are increasingly realistic and depict significantly more violence than ever.

### 2. The California Statute Is Narrowly Tailored To Meet Constitutional Requirements

The California law is constitutional because it is narrowly tailored to address an identified harm that is supported by substantial evidence.  There are three main cases that discuss the constitutionality of laws governing minors' access to violent video games: Interactive Digital Software Association v. St. Louis County, 329 F.3d 954 (8th Cir. 2003) ("Interactive Digital Software"); American Amusement Machine Association v. Kenrick, 244 F.3d 572 (7th Cir. 2001) ("American Amusement Machine"); and Video Software Dealers Association v. Maleng, 325 F.Supp.2d 1180 (W.D. Wash. 2004) ("Video Software Dealers"). The particular statutes at issue in each of these cases were held to be unconstitutional due to factors that do not exist here.  Those statutes were not narrowly tailored to address the Legislature's articulated purpose.  Nor were they supported by substantial evidence.  The California statute before this Court avoids the constitutional problems set forth in the cases in other jurisdictions.  It consequently withstands constitutional muster.

More specifically, in American Amusement Machine, 244 F.3d 572, the Seventh Circuit examined an ordinance enacted by the City of Indianapolis that prohibited an operator of five or more video game machines from allowing a minor who was not accompanied by a parent from using a machine that was "harmful to minors."  "Harmful to minors" was defined as "predominantly appeals to minors' morbid interest in violence or minors' prurient interest in sex, is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable to material for persons under the age of eighteen (18) years, lacks serious literary, artistic, political or scientific value as a whole" for minors, and contains "graphic

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction       8       C05-4188 RMW (RS)

violence" or "strong sexual content." The ordinance defined "graphic violence" as the "visual depiction or presentation of realistic serious injury to a human or human-like being where such serious injury includes amputation, decapitation, dismemberment, bloodshed, mutilation, maiming or disfiguration."

The plaintiff challenged the "graphic violence" aspect of the law. It did not contest the validity of the "strong sexual content" language of the ordinance. The Court explained that its task was to evaluate whether the City had grounds to believe that "violent video games cause harm either to the game players or (the point the City stresses) the public at large." American Amusement Machine, 244 F.3d at 576. The Court stated that the basis "must be compelling and not merely plausible." Id. The Court criticized the statute because a parent might be too busy to accompany the child to a game room and teenagers would not play the games if they had to be accompanied by their parents. The Court explained that the City relied on only two studies to supports its position and those studies apparently did not necessarily relate to the statute.

The Seventh Circuit conceded that "If the games used actors and simulated real death and mutilation convincingly, or if the games lacked any story line and were merely animated shoot galleries (as several of the games in the record appear to be), a more narrowly drawn ordinance might survive a constitutional challenge." Id. at 579-80. That Court deferred ruling on that issue. Here, by contrast, California has addressed that issue and did enact a narrower law. California's statute applies to humanistic figures inflicting extreme violence in a manner that is "especially heinous, cruel, or depraved in that it involves torture or serous physical abuse to the victim." Civ. Code §1746(b).

In Interactive Digital Software, 329 F.3d 954, the County of St. Louis enacted an ordinance that made it illegal for anyone to knowingly sell, rent, or make available graphically violent video games to minors. The plaintiffs did not challenge the aspect of the ordinance dealing with strong sexual content. The Court applied a strict scrutiny standard to the ordinance because the legislation regulated video games based on their content in that it addressed only graphically violent video games. Id., 329 F.3d at 958. The Court explained that the County "bears the burden of demonstrating that the ordinance is necessary to serve a compelling state

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction        9        C05-4188 RMW (RS)

1   interest and that it is narrowly tailored to achieve that end." Id. (citations omitted).

2   The Court did not contest that the government has a compelling interest in protecting the
3   psychological well-being of minors. Id. However, it concluded that the County had failed to
4   present "substantial supporting evidence" that the video games caused harm to minors. Id. at
5   959. It did not address or criticize that statute as being insufficiently narrowly tailored; instead,
6   it focused only on the failure of the County to present evidence of harm.

7   In Video Software Dealers, 325 F.Supp.2d 1180, 1186, the State of Washington enacted
8   a law that apparently restricted video games that were "anti-law enforcement." The Court
9   decided that the video games before it were "expressive" and therefore First Amendment
10  protections did attach. It applied the strict scrutiny standard given that the law regulated speech
11  based on its content. Id. It explained that under the strict scrutiny standard, a statute may be
12  constitutional if the government is able to demonstrate that a compelling state interest exists.
13  That Court acknowledged that "Federal courts have repeatedly recognized that the state has a
14  legitimate and compelling interest in safeguarding both the physical and psychological well-
15  being of minors." Id. (citations omitted). It continued that the government had to do more than
16  identify a compelling interest. The State needed to also demonstrate that the harms are real and
17  that the statute would address the situation.

18  The Court explained that a State may ban the dissemination of video games to children if
19  they included sexually explicit images. It noted that a State potentially could ban them if they
20  included "violent images, such as torture or bondage, that appeal to the prurient interest of
21  minors." Video Software Dealers, 325 F.Supp.2d at 1190. It did not rule out that other statutes
22  could meet constitutional standards, even though the one before it did not. Id.

23  For example, the Court suggested that permissible restrictions might include whether the
24  regulation addressed "only the type of depraved or extreme acts of violence that violate
25  community norms and prompted the legislature to act." Id. It noted that a second issue was
26  whether a law restricts "depictions of extreme violence against all innocent victims, regardless
27  of their view point or status." Id. The third factor it identified was whether "social scientific
28  studies support the legislative findings at issue." Id.

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction        10        C05-4188 RMW (RS)

All three of the factors identified by the <u>Video Software Dealers</u> court weigh in favor of upholding the California law and in denying plaintiffs' motion for a preliminary injunction. The California legislation covers only the most extreme forms of violence that violate community norms, applies to depictions of violence against all innocent victims, and is supported by substantial scientific studies.

        3. <u>Substantial Evidence Supports The Validity Of And Need For The Statute</u>

The California Legislature reviewed a significant amount of research by social scientists on the impact of violence in the media in general and interactive video games in particular when considering this law. The County defendants incorporate by reference the summary of the legislative record, evidence provided, and bibliography of sources considered by the Legislature that are set forth in the State Defendants' Memorandum of Points and Authorities and supplementary pleadings. This record contrasts sharply with those reviewed by the other courts.

The courts ruling on the video game cases cited by plaintiffs noted the dearth of evidence presented to them regarding the harmful nature of violent video games. They pointed out that their conclusions might have been different if the legislative bodies had relied upon more than just a couple of ambiguous studies and if the evidence had supported the stated purposes of the statute.

For example, the Eighth Circuit explained that the County bore the burden of demonstrating that the ordinance served a compelling state interest and was narrowly tailored to achieve that purpose. <u>Interactive Digital Software Association</u>, 329 F.3d at 958. The Court acknowledged that the County had an interest in "safeguarding the psychological well-being of minors and is compelling in the abstract" but added that the government must show that the harms were real and not speculative. <u>Id</u>. That Court concluded that the record before it did not support the County's contention that playing violent games caused a negative impact on minors. The Court remarked that it had very little information before it: one psychologist stating he had conducted a study with some vague results, "conclusory comments of county council members," the testimony of a high school principal who had no relevant information, and a few "ambiguous, inconclusive, or irrelevant (conducted on adults, not minors) studies." <u>Id</u>. at 958-

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction      11      C05-4188 RMW (RS)

59. It declined to restrict speech in that case because the County had failed to provide "'substantial support evidence' of harm." Id. at 959. Accord American Amusement Machine, 244 F.3d at 578 (Seventh Circuit rejected the ordinance because the City relied on two studies that did not support the stated goal of the ordinance: reducing the incidence of violence).

Courts must accord "substantial deference" to legislative findings. Video Software Dealers, 325 F.Supp.2d at 1187. The district court in Video Software Dealers explained that "Where the challenged legislation restricts or limits freedom of speech, however, the courts must ensure that the legislature's judgments are based on reasonable inferences drawn from substantial evidence." Id. It noted that the State had failed to provide research that supported the legislative purpose of the law; the State did not show that "exposure to video games that 'trivialize violence against law enforcement officers' is likely to lead to actual violence against such officers." Id. at 1188.

Here, by contrast, the California State Legislature considered significant evidence. It identified several goals, which are supported by the record. The record includes and cites to dozens of relevant studies and reports that conclude that minors suffer psychological harm as the result of playing violent interactive video games and also are more likely to exhibit aggressive behavior. The records shows the causal connection between the violent games and these findings. See Section II.A above for Legislature's findings; State's Opposition to Preliminary Injunction for references to and discussion of evidence of harm in legislative record.

Plaintiffs also contend that the law is unconstitutional because defendants cannot demonstrate that the expressive activity – violent video games – incites immediate violence, as set forth in Brandenburg v. Ohio, 395 U.S. 444 (1969). Plaintiffs at 7 - 9. However, Brandenburg is easily distinguishable. It concerned the impact of inciting words on third parties. Further, that case did not consider the State's interest in protecting minors. Here, the California Legislature articulated a broader concern, including the impact on minors themselves. It concluded that minors "suffer psychological harm from prolonged exposure to violent video games even when they do not commit violent acts and expressing its desire to "prevent[] psychological or neurological harm to minors who play violent video games." Thus, the

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction    12    C05-4188 RMW (RS)

1  Brandenburg standard does not render this statute unconstitutional.

2    E. <u>Plaintiffs' Claim That The Statute Is Unconstitutionally Vague Fails</u>

3    The County defendants join in the State's argument that the statute's terms are sufficiently defined and thus are not unconstitutionally vague. Contrary to plaintiffs' suggestion, this statute does not require a retail clerk to know the contents of the video. Plaintiffs at 17-18. Instead, it is the manufacturers, which should know the content of their own products, that are to provide the appropriate labels.

### IV.
### CONCLUSION

Society is confronted with an increasingly interactive, realistic, and violent medium. Social scientists have focused more attention to and conducted more studies on the impact of this medium on minors. Their research provides substantial evidence of the harm caused to children. This evidence and the evolving nature of these games requires a response from the Legislature and the courts. Given the government's compelling interest in protecting minors, the California State Legislature properly drafted a narrow statute to address those concerns without violating the constitutional rights of adults or minors. The law is narrowly tailored to address the type of violent video games that are at issue to achieve the legitimate and compelling government interest of protecting children. The County defendants respectfully request that the Court deny plaintiffs' motion for a preliminary injunction for the reasons set forth above.

Dated: November 10, 2005    Respectfully submitted,

ANN MILLER RAVEL
County Counsel


            /S/
KATHRYN J. ZOGLIN
Deputy County Counsel

Attorneys for Defendants SANTA CLARA COUNTY DISTRICT ATTORNEY GEORGE KENNEDY AND SANTA CLARA COUNTY COUNSEL ANN MILLER RAVEL, IN THEIR OFFICIAL CAPACITIES

**ANN MILLER RAVEL**
County Counsel
County of Santa Clara
San Jose, California
95110-1770

Countys' Opp. to Prelim. Injunction    13    C05-4188 RMW (RS)