UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05-4188 RMW (RS)<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction. On October 17, 2005, Plaintiffs brought this action seeking to enjoin enforcement of Chapter 638, Statutes of 2005 (Cal. 2005). Plaintiffs argue that the Act violates the First Amendment by creating penalties for the distribution of video games to minors based solely on their content. Plaintiffs further argue that the Act violates the First and Fourteenth Amendment because the terms contained in the

Act are impermissibly vague. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and having considered the arguments of counsel, the Court hereby orders as follows:

Plaintiffs are entitled to a preliminary injunction because they are likely to succeed on the merits of their constitutional challenge to the Act, and because the equities weigh strongly against enforcement of the Act. *See e.g.*, Order Granting Plaintiffs' Motion for Preliminary Injunction, *ESA v. Granholm*, Case No. 05-CV-73634 (E.D. Mich. Nov. 9, 2005); *American Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572, 579-80 (7th Cir. 2001); *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954, 957 (8th Cir. 2003); *Video Software Dealers Ass'n v. Maleng*, 325 F. Supp. 2d 1180, 1184-85 (W.D. Wash. 2004). Plaintiffs and their members will suffer irreparable harm if the Act is allowed to go into effect, because the loss of First Amendment freedoms, for any amount of time, constitutes irreparable injury. *See S.O.C., Inc. v. County of Clark,* 152 F.3d 1136, 1148 (9th Cir. 1998) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality)). The First Amendment rights of members of the public will be similarly impaired. In addition, the terms of the Act are impermissibly vague and therefore violate the First Amendment and the Due Process Clause.

Accordingly, Plaintiffs' Motion for a Preliminary Injunction is GRANTED; and it is further

ORDERED that Defendants to this action, and their officers, employees, and representatives, are hereby ENJOINED from enforcing, or directing the enforcement of, Chapter 638, Statutes of 2005 (Cal. 2005), until resolution of this action or further order of this Court.

DATED: _____    _____
RONALD M. WHYTE
United States District Judge