BILL LOCKYER
Attorney General of the State of California
LOUIS R. MAURO
Senior Assistant Attorney General
CHRISTOPHER E. KRUEGER
Supervising Deputy Attorney General
SUSAN K. LEACH
Deputy Attorney General
ZACKERY P. MORAZZINI, State Bar No. 204237
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-8226
 Fax:  (916) 324-5567
 Email:  Zackery.Morazzini@doj.ca.gov

Attorneys for Defendants Governor Arnold
Schwarzenegger and Attorney General
Bill Lockyer

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **VIDEO SOFTWARE DEALERS and ENTERTAINMENT SOFTWARE ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,**<br><br>Defendants. | CASE NO. C 05 4188 RMW RS<br><br>**OBJECTIONS TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE BY THE GOVERNOR AND ATTORNEY GENERAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing: December 9, 2005<br>Time:  9:00 a.m.<br>Courtroom: 6<br>Judge:     The Honorable<br>              Ronald M. Whyte |

1    Defendants Governor Arnold Schwarzenegger and Attorney General Bill Lockyer
2 (collectively, the "State") respectfully object to Plaintiffs' Request for Judicial Notice, filed
3 November 23, 2005, on the following grounds:
4    1.   Plaintiffs' Exhibit 3 to their Request is not properly subject to judicial notice under
5 Rule 201 of the Federal Rules of Evidence. Exhibit 3 purports to be an incomplete portion of a
6 transcript of court proceedings held on November 14, 2005, in a Northern District of Illinois
7 lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
8 acknowledge the existence of an incomplete portion of the transcript of a different court, but cite
9 the contents thereof for the truth of the matter asserted therein as providing evidentiary support
10 for Plaintiffs' present motion for preliminary injunction. (Pltfs.' Reply, 6:12-16.);
11    2.   Plaintiffs' Exhibit 4 to their Request is not properly subject to judicial notice under
12 Rule 201 of the Federal Rules of Evidence. Exhibit 4 purports to be an incomplete portion of a
13 transcript of court proceedings held on November 15, 2005, in a Northern District of Illinois
14 lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
15 acknowledge the existence of an incomplete portion of the transcript of a different court, but cite
16 the contents thereof for the truth of the matter asserted therein as providing evidentiary support
17 for Plaintiffs' present motion for preliminary injunction. (Pltfs.' Reply, 6:12-20; n. 6; 8:9-28;
18 10:1-8.);
19    3.   Plaintiffs' Exhibit 5 to their Request is not properly subject to judicial notice under
20 Rule 201 of the Federal Rules of Evidence. Exhibit 5 purports to be a declaration and attached
21 exhibit from an individual not a party to the present action, filed in a Northern District of Illinois
22 lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
23 acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the
24 truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion
25 for preliminary injunction. (Pltfs.' Reply, 7:17-22.);
26    4.   Plaintiffs' Exhibit 6 to their Request is not properly subject to judicial notice under
27 Rule 201 of the Federal Rules of Evidence. Exhibit 6 purports to be a declaration and attached
28 exhibit from an individual not a party to the present action, filed in a Northern District of Illinois

1  lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
2  acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the
3  truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion
4  for preliminary injunction. (Pltfs.' Reply, 7:17-22.);

5    5.  Plaintiffs' Exhibit 7 to their Request is not properly subject to judicial notice under
6  Rule 201 of the Federal Rules of Evidence. Exhibit 7 purports to be an incomplete portion of a
7  transcript of court proceedings held on November 14, 2005, in a Northern District of Illinois
8  lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
9  acknowledge the existence of an incomplete portion of the transcript of a different court, but cite
10 the contents thereof for the truth of the matter asserted therein as providing evidentiary support
11 for Plaintiffs' present motion for preliminary injunction. (Pltfs.' Reply, 9:6-12.);

12    6.  Plaintiffs' Exhibit 8 to their Request is not properly subject to judicial notice under
13 Rule 201 of the Federal Rules of Evidence. Exhibit 8 purports to be a declaration and attached
14 exhibit from an individual not a party to the present action, filed in a Northern District of Illinois
15 lawsuit in which the State was not a party. Plaintiffs do not merely ask this Court to
16 acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the
17 truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion
18 for preliminary injunction. (Pltfs.' Reply, 7:17-22.).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE**

21  The State submits the following memorandum of points and authorities in support of their
22  objections to Plaintiffs' Request for Judicial Notice.

### INTRODUCTION

24  For the first time through their reply papers, Plaintiffs attempt to introduce incomplete
25 hearing transcripts, that do not even identify the witness, and various declarations purportedly
26 from the files of another federal court in a different jurisdiction concerning a lawsuit in which
27 neither the State, nor any other defendants, were parties or privy to the action, and which dealt
28 with a separate and distinct law from that at issue here. Plaintiffs ask this Court to take judicial

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE    VSDA V. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

3

notice of these materials, not to establish the existence of the filing of these materials in another court, but to introduce the contents thereof as evidence in the instant case. Not only is this attempt improper because the contents of these materials cannot be considered "adjudicative facts" subject to judicial notice under Rule 201, but the contents of these materials constitute textbook hearsay which are not admissible for any purpose. Instead of attempting to properly introduce evidence to support their claims through their moving papers as required, Plaintiffs attempt to sneak this material in for the first time through their reply papers under the guise of a request for judicial notice. Plaintiffs' attempt must fail, as under no circumstances can the contents of these incomplete transcripts and declarations be considered "adjudicative facts" subject to judicial notice by this Court.

**I.  The Contents of Transcripts of Proceedings and Declarations Filed In Another Court Are Not Properly Subject to Judicial Notice.**

Plaintiffs ask this Court to take judicial notice of the contents of incomplete portions of transcripts of proceedings held in an Illinois lawsuit in which the State was not a party. They also ask this Court to judicially notice certain declarations submitted to that court. The sole purpose of Plaintiffs' request is to attempt to introduce into evidence material that Plaintiffs contend support their position in the present motion for preliminary injunction. Plaintiffs cite to these out of court transcripts and declarations as if they somehow constitute admissible evidence before this Court. But Rule 201 only provides for the taking of judicial notice of an "adjudicative fact." And the only adjudicative fact properly subject to judicial notice is "one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid., 201, subd. (b). The out of court statements contained in these transcripts and declarations do not meet the definition of adjudicative facts, and are therefore not properly subject to judicial notice.

In the Ninth Circuit, it is well established that "[a]s a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." *M/V*

1  *American Queen v. San Diego Marine Construction Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983);

2  *accord, Wyatt v. Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003) (factual findings in one case

3  not admissible for their truth in another case through judicial notice); *Pollstar v. Gigmania LTD.*,

4  170 F. Supp. 2d 974, 978-79 (E.D. Cal. 2000) ("Because there is no authority for judicial notice

5  of pleadings in an unrelated case, the court declines to take judicial notice of the [other court]

6  pleadings.")

7       This established Ninth Circuit rule is consistent with the leading treatises on the Federal

8  Rules of Evidence. "[A] court may not take judicial notice of the truth of an evidentiary record

9  in another action tried in the same court where there is no conclusive affect to the judgment

10 noticed . . . . It is not permissible to bind a party a party to the evidence in that record except

11 where the party was joined in or privy to the action.  Furthermore, although a court may take

12 judicial notice of a prior proceeding, a court cannot take judicial notice of the testimony given at

13 that prior proceeding, as such testimony is hearsay." 29 Am. Jur. 2d, Evidence § 134 (Aug.

14 2005) (internal footnotes omitted); *see also*, 21B Fed. Prac. & Proc., Evidence 2d § 5106.4 ("It

15 seems clear that a court cannot notice pleadings or testimony as true simply because these

16 statements are filed with the court."); 31A C.J.S. Evidence, § 58 (June 2005).

17      The cases cited by Plaintiffs do not support their request, as the evidentiary submissions

18 admitted in both *Biggs* and *Mullis* were part of the underlying matters directly at issue in those

19 cases. *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) (judicial notice of transcripts of

20 plaintiff's hearing before the Board of Prison Terms for purposes of reviewing Board's

21 evidentiary basis for conclusions reached after hearing) ; *Mullis v. United States Bank. Ct.*, 828

22 F.2d 1385, 1388 n.9 (9th Cir. 1987) (judicial notice of "pleadings, orders and other papers on file

23 in the underlying bankruptcy case.")  Here, by stark contrast, Plaintiffs request that unrelated

24 evidence from an out of state lawsuit in a different jurisdiction in which the State was not a party

25 be admitted as evidence for purposes of supporting the factual basis of their claim.  No case law

26 supports Plaintiffs' request.

27      Plaintiffs ask this Court to judicially notice incomplete transcripts and declarations submitted

28 to an Illinois court not for the purpose of establishing the existence of such records, but for the

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE          VSDA V. Schwarzenegger, et al.
                                                                Case No. C 05 4188 RMW RS

sole purpose of citing the contents of such records for improper evidentiary purposes. Instead of attempting to properly introduce evidence to supports their claims through their moving papers, Plaintiffs seek an end-run around the rules of evidence. But Rule 201 is not a loophole in the proper evidentiary procedure. The contents of the incomplete transcripts and declarations cited by Plaintiffs are not "adjudicative facts" properly subject to judicial notice under any circumstance. Therefore, the State respectfully requests that Plaintiffs' Request for Judicial Notice be denied as to Exhibits 3 through 8, and that the citations to these exhibits be stricken from the record.

**II.    The Contents of The Incomplete Transcripts and Declarations Cited By Plaintiffs Constitute Inadmissible Hearsay.**

Plaintiffs cite to the contents of these incomplete transcripts and declarations in an effort to rebut the State's properly submitted evidence, contained in the legislative record, demonstrating that the State Legislature was presented with substantial evidence that playing extremely violent video games can be harmful to minors. Instead of citing to the legislative record to examine the evidence considered by the Legislature in support of AB 1179, Plaintiffs attempt to introduce testimony purportedly submitted to a federal court in Illinois regarding a separate and distinct video game law, with separate and distinct defendants. Of course Plaintiffs do not, as they cannot, claim that the California Legislature considered such material in passing the law at issue here. Instead, Plaintiffs' sole purpose in attempting to introduce these incomplete transcripts and declarations is to cite them for the truth of the allegations asserted therein – black letter hearsay. Because the contents of these materials constitute hearsay, Plaintiffs' Request for Judicial Notice should be denied and Plaintiffs' citation to these materials stricken from the record.

Rule 801 of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible absent an applicable exception. Fed. R. Evid., R. 801. No possible exception to the hearsay rule applies in the instant case.

The statements contained in Exhibits 3 through 8 each meet the definition of hearsay, as not a single one was made while testifying before this Court. Because the sole purpose of Plaintiffs'

attempt to introduce Exhibits 3 through 8 to the Court is to prove the truth of the allegations contained therein, each constitutes inadmissible hearsay. Therefore, the State respectfully requests that Plaintiffs' Request for Judicial Notice be denied as to Exhibits 3 through 8 and Plaintiffs' citation to these materials be stricken from the record.

## CONCLUSION

For all of the foregoing reasons, the State respectfully requests that Plaintiffs' Request for Judicial Notice be denied as to Exhibits 3 through 8 and Plaintiffs' citation to these materials be stricken from the record.

Dated: December 1, 2005

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

LOUIS R. MAURO
Senior Assistant Attorney General

CHRISTOPHER E. KRUEGER
Supervising Deputy Attorney General

SUSAN K. LEACH
Deputy Attorney General


  /s/ Zackery P. Morazzini

ZACKERY P. MORAZZINI
Deputy Attorney General
Attorneys for Defendants
Governor Arnold Schwarzenegger and Attorney General Bill Lockyer

OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE                                  VSDA V. Schwarzenegger, et al.
                                                                           Case No. C 05 4188 RMW RS