IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **VIDEO SOFTWARE DEALERS and ENTERTAINMENT SOFTWARE ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,**<br><br>Defendants. | CASE NO. C 05 4188 RMW RS<br><br>**[PROPOSED] ORDER DENYING IN PART PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE** |

On November 23, 2005, Plaintiffs' filed a Request for Judicial Notice concurrently with their filing of a reply brief to defendants' oppositions to the Motion for Preliminary Injunction. Plaintiffs ask this Court to judicially notice, pursuant to Rule 201 of the Federal Rules of Evidence, among other things, certain materials purportedly contained in the files of the Northern District of Illinois federal court concerning a lawsuit in which the neither the State of California, nor any other defendants, were parties or privy to the action.

[PROPOSED] ORDER                                   VSDA V. Schwarzenegger, et al.<br>                                                  Case No. C 05 4188 RMW RS

1

Dockets.Justia.com

On November 29, 2005, plaintiffs Governor Arnold Schwarzenegger and Attorney General Bill Lockyer (collectively, the "State") timely filed objections to Plaintiffs' request as to Exhibits 3 through 8.  The State argues that these materials, consisting of portions of transcripts from a hearing before the Northern District of Illinois federal court and certain declarations submitted to the Northern District of Illinois federal court, do not constitute "adjudicative facts" subject to judicial notice pursuant to Rule 201.  The State further argues that these materials each constitute hearsay and are therefore inadmissible pursuant to Rule 801 of the Federal Rules of Evidence.

Having reviewed the Request for Judicial Notice, the objections filed by the State, the memoranda, declarations, and exhibits submitted by the parties, and having considered the arguments of counsel, the Court hereby ORDERS as follows:

1.    Plaintiffs' Exhibit 3 to their Request is not properly subject to judicial notice under Rule 201 of the Federal Rules of Evidence.  Exhibit 3 purports to be an incomplete portion of a transcript of court proceedings held on November 14, 2005, in a Northern District of Illinois lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to acknowledge the existence of this incomplete portion of the transcript of a different court, but cite the contents thereof for the truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion for preliminary injunction.  (Pltfs.' Reply, 6:12-16.) Because Exhibit 3 does not constitute an "adjudicative fact" it is not properly subject to judicial notice.  The contents of Exhibit 3 further constitute inadmissible hearsay.  The State's objection to Exhibit 3 is therefore sustained;

2.    Plaintiffs' Exhibit 4 to their Request is not properly subject to judicial notice under Rule 201 of the Federal Rules of Evidence.  Exhibit 4 purports to be an incomplete portion of a transcript of court proceedings held on November 15, 2005, in a Northern District of Illinois lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to acknowledge the existence of an incomplete portion of the transcript of a different court, but cite the contents thereof for the truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion for preliminary injunction.  (Pltfs.' Reply, 6:12-20; n. 6; 8:9-28; 10:1-8.)  Because Exhibit 4 does not constitute an "adjudicative fact" it is not properly subject to

[PROPOSED] ORDER                                                                VSDA V. Schwarzenegger, et al.
                                                                                                      Case No. C 05 4188 RMW RS

2

1  judicial notice.  The contents of Exhibit 4 further constitute inadmissible hearsay.  The State's

2  objection to Exhibit 4 is therefore sustained;

3      3.    Plaintiffs' Exhibit 5 to their Request is not properly subject to judicial notice under

4  Rule 201 of the Federal Rules of Evidence.  Exhibit 5 purports to be a declaration and attached

5  exhibit from an individual not a party to the present action, filed in a Northern District of Illinois

6  lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to

7  acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the

8  truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion

9  for preliminary injunction.  (Pltfs.' Reply, 7:17-22.)  Because Exhibit 5 does not constitute an

10 "adjudicative fact" it is not properly subject to judicial notice.  The contents of Exhibit 5 further

11 constitute inadmissible hearsay.  The State's objection to Exhibit 5 is therefore sustained;

12     4.    Plaintiffs' Exhibit 6 to their Request is not properly subject to judicial notice under

13 Rule 201 of the Federal Rules of Evidence.  Exhibit 6 purports to be a declaration and attached

14 exhibit from an individual not a party to the present action, filed in a Northern District of Illinois

15 lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to

16 acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the

17 truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion

18 for preliminary injunction.  (Pltfs.' Reply, 7:17-22.)  Because Exhibit 6 does not constitute an

19 "adjudicative fact" it is not properly subject to judicial notice.  The contents of Exhibit 6 further

20 constitute inadmissible hearsay.  The State's objection to Exhibit 6 is therefore sustained;

21     5.    Plaintiffs' Exhibit 7 to their Request is not properly subject to judicial notice under

22 Rule 201 of the Federal Rules of Evidence.  Exhibit 7 purports to be an incomplete portion of a

23 transcript of court proceedings held on November 14, 2005, in a Northern District of Illinois

24 lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to

25 acknowledge the existence of an incomplete portion of the transcript of a different court, but cite

26 the contents thereof for the truth of the matter asserted therein as providing evidentiary support

27 for Plaintiffs' present motion for preliminary injunction.  (Pltfs.' Reply, 9:6-12.)  Because

28 Exhibit 7 does not constitute an "adjudicative fact" it is not properly subject to judicial notice.

[PROPOSED] ORDER                                         VSDA V. Schwarzenegger, et al.
                                                          Case No. C 05 4188 RMW RS

1  The contents of Exhibit 7 further constitute inadmissible hearsay.  The State's objection to

2  Exhibit 7 is therefore sustained;

3      6.    Plaintiffs' Exhibit 8 to their Request is not properly subject to judicial notice under

4  Rule 201 of the Federal Rules of Evidence.  Exhibit 8 purports to be a declaration and attached

5  exhibit from an individual not a party to the present action, filed in a Northern District of Illinois

6  lawsuit in which the State was not a party.  Plaintiffs do not merely ask this Court to

7  acknowledge the filing of the declaration in the Illinois court, but cite the contents thereof for the

8  truth of the matter asserted therein as providing evidentiary support for Plaintiffs' present motion

9  for preliminary injunction.  (Pltfs.' Reply, 7:17-22.)  Because Exhibit 8 does not constitute an

10  "adjudicative fact" it is not properly subject to judicial notice.  The contents of Exhibit 8 further

11  constitute inadmissible hearsay.  The State's objection to Exhibit 8 is therefore sustained;

12      7.    Because Exhibits 3 through 8 are not properly subject to judicial notice and further

13  constitute inadmissible hearsay, Plaintiffs' references to Exhibits 3 through 8 are hereby stricken

14  from the record.

15

16  DATED: _____          _____

17                                   RONALD M. WHYTE
                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER                                      VSDA V. Schwarzenegger, et al.
                                                      Case No. C 05 4188 RMW RS