1  GIBSON, DUNN & CRUTCHER LLP
   THEODORE J. BOUTROUS, JR., SBN 132099
2  H. MARK LYON, SBN 162061
   ETHAN D. DETTMER, SBN 196046
3  1881 Page Mill Road
   Palo Alto, California  94304
4  Telephone: (650) 849-5300
   Facsimile: (650) 849-5333
5
   JENNER & BLOCK LLP
6  PAUL M. SMITH (*pro hac vice* application pending)
   KATHERINE A. FALLOW (*pro hac vice* application pending)
7  AMY L. TENNEY (*pro hac vice* application pending)
   MATTHEW S. HELLMAN (*pro hac vice* application pending)
8  601 13th Street, N.W., Suite 1200
   Washington, D.C. 20005
9  Telephone:  (202) 639-6000
   Facsimile:  (202) 639-6066
10
   Attorneys for Plaintiffs
11 VIDEO SOFTWARE DEALERS ASSOCIATION
   and ENTERTAINMENT SOFTWARE ASSOCIATION
12

13                   UNITED STATES DISTRICT COURT
14              FOR THE NORTHERN DISTRICT OF CALIFORNIA
15

16 | VIDEO SOFTWARE DEALERS | CASE NO. C 05-4188 RMW (RS) |
17 | ASSOCIATION and ENTERTAINMENT | |
   | SOFTWARE ASSOCIATION, | REPLY BRIEF IN SUPPORT OF |
18 |                        | PLAINTIFFS' REQUEST FOR |
   |            Plaintiffs,  | JUDICIAL NOTICE |
19 |                        | |
   |        vs.             | |
20 |                        | |
   | ARNOLD SCHWARZENEGGER, in his official | |
21 | capacity as Governor of the State of California; | |
   | BILL LOCKYER, in his official capacity as | |
22 | Attorney General of the State of California; | |
   | GEORGE KENNEDY, in his official capacity as | |
23 | Santa Clara County District Attorney, RICHARD | |
   | DOYLE, in his official capacity as City Attorney | |
24 | for the City of San Jose,  and ANN MILLER | |
   | RAVEL, in her official capacity as County | |
25 | Counsel for the County of Santa Clara, | |
   |                        | |
26 |            Defendants.  | |

27

28

Plaintiffs Video Software Dealers Association and Entertainment Software Association respectfully submit this reply memorandum in support of their request for judicial notice.

In this challenge to the constitutionality of a recently enacted California law restricting protected expression, the State bears the burden of demonstrating that the law serves a legitimate and compelling state interest in the least restrictive possible way. Factual claims underlying such a showing must be supported by "reasonable inferences based on substantial evidence." *Turner Broadcasting System, Inc., v. FCC*, 522 U.S. 622, 666 (1994). In an attempt to satisfy that burden, the State Defendants have attached to their opposition to Plaintiffs' motion for a preliminary injunction five volumes of appendices containing studies presented to by the Legislature in drafting the Act. They apparently are asking this Court to review these studies and draw conclusions about the supposed societal benefits produced by the censorship at issue here.

The State Defendants now argue that Plaintiffs do not have the right to present their own evidence, including official court transcripts of expert testimony and sworn expert declarations filed in court, which calls into serious question the research relied upon by the Legislature. The State Defendants, however, cannot bar contrary evidence while touting their own, particularly in the context of a motion for preliminary relief. Consideration of Plaintiffs' responsive submissions therefore is proper.

Defendants suggest that Plaintiffs are limited to citing the studies in the legislative record, Defs.' Opp. at 6, but that argument entirely misses the point. The State bears the burden of proving *to this Court,* based on "substantial evidence" as Supreme Court required in *Turner*, 522 U.S. at 666, that the Act serves a compelling interest in a narrowly tailored manner. As Plaintiffs have explained in their briefs on their motion for a preliminary injunction, the State cannot meet its burden because the Legislature relied on studies that prove very little and *ignored* a significant body of research that contradicts the studies reviewed by the Legislature. Accordingly, in support of their argument that they are likely to prevail on their constitutional claims, Plaintiffs' reply brief referenced research that contradicts the studies cited by the State Defendants, and attached a court decision, official court transcripts, and expert declarations filed in court, all of which call into serious question the research relied upon by the Legislature. These materials primarily arose out of a case before the U.S. District

1

Court for the Northern District of Illinois that considered the very same body of research at issue here, and resulted in the invalidation of an essentially identical law on December 2, 2005.

These materials should be considered by the Court in deciding whether Plaintiffs have a probability of success on the merits. Evidence of studies *ignored* by the Legislature is no more hearsay than the body of research cited by the State in its attempt to satisfy its burden.[1] The State's position would bizarrely limit the substantial evidence inquiry to only that evidence that the Legislature actually considered. That position gives the Court no ability whatsoever to determine whether the Legislature's body of evidence is truly substantial or, as is the case here, flawed and unrepresentative.

In sum, the State Defendants have submitted evidence intended to persuade this Court as a preliminary matter that the Act is based upon substantial evidence. Plaintiffs are entitled to submit their own evidence showing that, "far from drawing 'reasonable inferences based on substantial evidence,'" as *Turner* requires, "the Legislature looked at a one-sided subset of scientific research, and even that biased research does not support the Legislature's sweeping claims about the harm caused by 'violent' video games." Plaintiffs' Reply at 4. Plaintiffs therefore respectfully ask that this

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] In any event, in the context of a preliminary injunction motion, it is entirely proper for the Court to consider each side's submissions of relevant materials, regardless of whether they can be characterized as hearsay. *E.g.*, *Rosen Entertainment Systems, LP v. Eiger Vision*, 343 F.Supp.2d 908, 912 (C.D. Cal. 2004) (considering various declarations on ground that "[s]ustaining objections to evidence in opposition to a preliminary injunction would attenuate the ability of the court to determine likelihood of success on the merits before a trial on the merits can take place."); *Flynt Distributing Co., Inc., v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

Court take notice not just of the State Defendants' submitted materials, but Plaintiffs' materials as well.

Respectfully submitted.

DATED:  December 7, 2005.

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER

By:_____/s/_____
            Ethan D. Dettmer

JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
AMY L. TENNEY
MATTHEW S. HELLMAN
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

3