| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | THEODORE J. BOUTROUS, JR., SBN 132099 |
| 2 | H. MARK LYON, SBN 162061 |
| | ETHAN D. DETTMER, SBN 196046 |
| 3 | 1881 Page Mill Road |
| | Palo Alto, California 94304 |
| 4 | Telephone: (650) 849-5300 |
| | Facsimile: (650) 849-5333 |
| 5 | |
| | JENNER & BLOCK LLP |
| 6 | PAUL M. SMITH (admitted *pro hac vice*) |
| | KATHERINE A. FALLOW (admitted *pro hac vice*) |
| 7 | AMY L. TENNEY (admitted *pro hac vice*) |
| | MATTHEW S. HELLMAN (admitted *pro hac vice*) |
| 8 | 601 13th Street, N.W., Suite 1200 |
| | Washington, D.C. 20005 |
| 9 | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara, <br><br> Defendants. | CASE NO. C 05-4188 RMW (RS) <br><br> PLAINTIFFS' EMERGENCY NOTICE OF SUBMITTED MATERIALS |

Plaintiffs' Emergency Notice of Submitted Materials     Case No. C 05-4188 RMW (RS)

**PLAINTIFFS' EMERGENCY NOTICE OF SUBMITTED MATERIALS**

Pursuant to Local Rule 7.13, Plaintiffs Video Software Dealers Association ("VSDA") and Entertainment Software Association ("ESA"), submit this Emergency Notice of Submitted Materials regarding the pendency of Plaintiffs' Motion for Preliminary Injunction.[1]  On October 7, 2005, the State of California enacted Chapter 638, Statutes of 2005 (Cal. 2005) (hereinafter, the "Act"), which imposes a host of content-based regulations on "violent" video games.  Plaintiffs shortly thereafter filed a complaint seeking to enjoin the Act on constitutional grounds, and also moved for a preliminary injunction to prevent the Act from going into effect on January 1, 2005.

This Court originally scheduled a hearing on the motion for preliminary injunction on December 2, 2005.  At the request of the County Defendants, and over Plaintiffs' objection, that hearing was rescheduled for December 9, 2005.  In granting that request, this Court noted it was "cognizant of the position the plaintiffs are in, as well as their diligence in prosecuting the case."  During the preliminary injunction hearing, this Court indicated that in light of the impending effective date of the Act, it would issue a ruling on the motion for preliminary injunction the week of December 12-16, 2005.  To date, no ruling from the this Court has issued.

It is critical for Plaintiffs that this Court immediately issue a ruling on their motion for a preliminary injunction.  Without a timely ruling from this Court, Plaintiffs will have insufficient time either to seek emergency appellate relief or to comply with the Act, in the event the Court denies their motion.  In particular, the Act requires any video game imported into or distributed in California to be

---

[1] Local Rule 7-13 provides "[w]henever any motion or other matter has been under submission for more than 120 days, a party, individually or jointly with another party, may file with the Court pursuant to Civil L.R. 5-1 a notice that the matter remains under submission. If judicial action is not taken, subsequent notices may be filed at the expiration of each 120-day period thereafter until a ruling is made."  The commentary to the rule clarifies that "[t]his rule does not preclude a party from filing an earlier notice if it is warranted by the nature of the matter under submission (e.g., motion for extraordinary relief)."  The nature of this matter—a motion for preliminary relief—warrants filing this emergency notice prior to the expiration of 120 days.

1

Plaintiffs' Emergency Notice of Submitted Materials                                             Case No. C 05-4188 RMW (RS)

labeled with a large "18" sticker. In addition to the irreparable harm associated with the Act's restrictions on free speech, identifying and labeling every video game imported into California that could run afoul of the Act would be extremely costly and burdensome. Plaintiffs' members would thus instead be subject to immediate, serious, and irreparable injury as a result of the threatened and actual enforcement of the Act against them.

For all of the foregoing reasons, Plaintiffs therefore respectfully ask this Court to immediately issue its ruling on Plaintiffs' motion for a preliminary injunction. In the alternative, should the Court not be able to rule on the motion in a timely manner, Plaintiffs ask that this Court temporarily enjoin the Act pending resolution of the preliminary injunction motion in order to maintain the *status quo*.

Respectfully submitted.

DATED: December 21, 2005

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER


By:_____/s/_____
             H. Mark Lyon


JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
AMY L. TENNEY
MATTHEW S. HELLMAN
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION