1  GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY, LLP
   ROBERT A. GOODIN, State Bar No. 061302
2  FRANCINE T. RADFORD, State Bar No. 168269
   505 Sansome Street, Suite 900
3  San Francisco, California 94111
4  Telephone:  (415) 392-7900
   Facsimile:  (415) 398-4321
5
   PILLSBURY WINTHROP SHAW PITTMAN LLP
6  THOMAS V. LORAN III, State Bar No. 95255
   JOANNE H. KIM, State Bar No. 221525
7  50 Fremont Street
8  Post Office Box 7880
   San Francisco, CA 94120-7880
9  Telephone:  (415) 983-1000
   Facsimile:  (415) 983-1200
10
11 Attorneys for Common Sense Media

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                           SAN JOSE DIVISION

| | |
|---|---|
| 15  VIDEO SOFTWARE DEALERS and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>17                Plaintiffs,<br><br>18  v.<br><br>19  ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney; RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara.<br><br>                 Defendants. | No. C 05 4188 RMW RS<br><br>**APPLICATION OF COMMON SENSE MEDIA FOR LEAVE TO PARTICIPATE IN ACTION AS <u>AMICUS CURIAE</u>**<br><br>Date:  March 10, 2006<br>Time:  9:00 a.m.<br>Honorable Ronald M. Whyte<br><br>Date of Filing: No Date Set |

28
                                                           Case No. C 05 4188 RMW RS
   Application of Common Sense Media for Leave to Participate in Action as Amicus Curiae

## I. INTRODUCTION

By this application, Common Sense Media, a nationally-recognized not-for-profit organization with over 3 million users, seeks leave to participate in this action as amicus curiae. Common Sense Media possesses unique expertise on issues concerning electronic entertainment media and its social, economic and physical impacts on children, as well as parental involvement in children's media experiences.

## II. FACTS

Common Sense Media is the leading non-partisan, not-for-profit organization[1] dedicated to improving media and entertainment choices for children and families. As reflected in its name, the organization's mission is "sanity, not censorship." Common Sense Media strives to provide unbiased and trustworthy information, practical tools, and respected policy leadership to create a healthier media environment for children and families. Launched in May 2003, Common Sense Media now helps well over 3 million parents, educators, caregivers, and young people a better basis to make better-informed decisions about today's media. This is accomplished through preparing and publishing detailed reviews, ratings, recommended lists, and viewing tips on movies, TV, music, video games, websites, and books. The organization has reviewed nearly 5,000 titles based on the latest research on child development, and we review and analyze all the leading video game titles from a kids and family perspective. Adult and child visitors to its website also contribute reviews. The website posts daily updates on the most recent media releases, as well as important news and research, and emails a weekly newsletter. In the community, Common Sense gives seminars and workshops on media literacy and awareness around California and the country, produces training kits and materials for use and dissemination by national organizations, local groups, and concerned individuals, and maintains a non-partisan, public leadership role on selected issues that affect media's impact on children and youth. In addition, Common Sense works with many of the nation's leading public health researchers – in California and across the country – to carefully examine the impact of various forms of media,

---

[1] The organization is funded primarily by philanthropic contributions from individual donors and leading national foundations.

including video games, on young people.  In that role, Common Sense was the lead sponsor of AB 1179, the passage of which created the statute at issue here.  Because of its work with and for the parents and educators of children and youth in connection with issues related to media, Common Sense is uniquely qualified to speak to the interests of parents in this case.

Common Sense is managed by a team of experts in child advocacy, public policy, education, technology, media, and public health, and is supported by a highly distinguished Board of Directors and Board of Advisors.  It is headquartered in the Bay Area, but conducts outreach efforts throughout the state  In particular, James P. Steyer, its CEO and founder, has been a leader in children's media issues for over twenty-five years.[2] Mr. Steyer founded Children Now, a leading national advocacy and media organization for children, as well as JP Kids, a successful and respected family media company. A long-time faculty member teaching civil rights and civil liberties at Stanford University for the past twenty years, he is also the author of the widely acclaimed book, *The Other Parent: The Inside Story of the Media's Effect on Our Children*.  Mr. Steyer is familiar with the work of the leading experts in the field and the research that has been performed on the topic of the media's impact on children in the last twenty years.  He is familiar not only with the work of the researchers cited by the parties to this case, but is also familiar with the work of numerous other highly qualified experts whose work has not been cited or discussed by either side.

Through its work in California and across the country, Common Sense is also well-acquainted with the broad spectrum of video games available for purchase by young people today.  Common Sense is uniquely positioned to comment on this issue because it has a wealth of experience with the newest video game titles. Common Sense reviewers try out the latest video game titles and post their ratings on the organization's Web site each week.  Nearly 300 of the newest generation titles have been reviewed by Common Sense staff members.  In addition, there are many hundreds or reviews posted by parents, educators and young people familiar with the video games at issue here.

---

[2] Mr. Steyer's curriculum vitae is attached as Exhibit A to his declaration accompanying this application.

### III. LEGAL STANDARDS

"The privilege of being heard amicus rests solely within the discretion of the court . . . Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence . . . There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." In re Roxford Foods Litigation., 790 F. Supp. 987, 997 (E.D.Cal. 1991)(citation omitted). Various factors considered by courts in determining whether to grant amicus status to a party include the serious nature of the issues involved (Neeley v. Century Finance Co., 606 F. Supp. 1453, 1457 (D. Ariz. 1985)); whether the party has been involved in the events leading to this case and its interest in the issue (Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003)); and whether the party can "assist[] in a case of general public interest, supplementi[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration." Miller-Wohl Co. v. Commissioner of Labor & Industry, 694 F.2d 203, 204 (9th Cir. 1982)(citations omitted). Thus, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Sonoma Falls Developers, supra., 272 F. Supp. 2d at 925 (citations and internal quotations omitted).

### IV. ANALYSIS: COMMON SENSE CAN ASSIST THE COURT THROUGH ITS EXPERTISE IN THE INTERESTS OF PARENTS WITH RESPECT TO VIDEO GAME PURCHASES BY CHILDREN AND ITS EXPERTISE IN THE EFFECTS OF ULTRA-VIOLENT VIDEO GAMES ON CHILDREN

Applying the factors discussed by the courts in deciding applications for leave to participate in pending actions as amicus curiae, we note the following. First, the issues involved in this action, which balance First Amendment rights of children against the interests of the public, including their parents, in protecting children from harm, are unquestionably serious. Cf. Neeley v. Century Finance Co., 606 F. Supp. 1453, supra (deciding a constitutional question).

Second, Common Sense Media has had central involvement in the events leading to this case: Common Sense was a co-sponsor of AB 1179, the passage of which resulted in the statute at issue here. In background memos on both the relevant public health research and parental attitudes which were most central to the video game legislation, Common Sense worked with the Governor and legislators from both parties to explain all aspects of the bill. In addition, Common Sense also worked with a number of the nation's leading 1st Amendment and Constitutional law scholars to help draft the bill.

Third, and perhaps most importantly, Common Sense has unique information and perspective that will aid the court in resolving this case. Common Sense, through its Board of Directors, Board of Advisors and management team, is extremely knowledgeable about social and psychological research concerning the impact of ultra-violent media on youth that has not previously been cited or analyzed by the parties. As stated in Mr. Steyer's accompanying declaration, he is abreast of the most current research and most highly qualified experts in this field and will be able to assist the court in providing relevant, helpful information concerning the effects of violent video games on young people. Of particular importance is the fact that Mr. Steyer has access to experts other than those that have been cited in the moving and opposing papers submitted to the court in connection with prior proceedings.

Finally, Common Sense Media has a loyal user base of over 3 million people. Common Sense interacts on a weekly basis with thousands of its members through emailed newsletters and website reviews and commentary, as well as in person through the training and workshops Common Sense conducts. Through its work, Common Sense has become intimately familiar with the growing interest of parents in guiding, overseeing and being knowledgeable about their children's experiences with extremely violent images. These parental interests are plainly implicated by the issues presented herein. Not only are the interests of Common Sense's members distinct from those represented by the plaintiffs, whose members produce and market the video games being regulated, but the interests of Common Sense's members are more particularized and therefore different from the general societal interest of the public, which is represented by the defendants in this action. The ramifications of this case directly impact the

members of Common Sense and the heart of those members' interests. Cf. <u>Sonoma Falls Developers</u>, supra (amicus status granted where issues in case have potential ramifications beyond the parties directly involved). Based on all the relevant factors, the participation of Common Sense Media as amicus curiae in this action is appropriate.

**V.     CONCLUSION**

For the foregoing reasons, the application of Common Sense Media for leave to participate in this litigation as amicus curiae should be granted.

Dated: February 1, 2006                                   Respectfully submitted,

                                                          GOODIN, MACBRIDE, SQUERI,
                                                          RITCHIE & DAY, LLP
                                                          Robert A. Goodin
                                                          Francine T. Radford


                                                          By   /s/Francine T. Radford
                                                                   Francine T. Radford
                                                          Attorneys for Common Sense Media

3234/001/X74716.v1