GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

JENNER & BLOCK LLP
PAUL M. SMITH *pro hac vice*
KATHERINE A. FALLOW *pro hac vice*
AMY L. TENNEY *pro hac vice*
MATTHEW S. HELLMAN, *pro hac vice*
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C-05-04188 RMW<br><br>PLAINTIFFS' OPPOSITION TO APPLICATION OF COMMON SENSE MEDIA FOR LEAVE TO PARTICIPATE IN ACTION AS AMICUS CURIAE |

Plaintiffs Video Software Dealers Association and Entertainment Software Association respectfully oppose the Application for Leave to Participate in Action as Amicus Curiae, filed by Common Sense Media ("CSM") on February 1, 2006.

## I. INTRODUCTION

CSM's Application is both procedurally and substantively flawed, and should be denied.

Procedurally, CSM appears to request leave to participate generally and at will in this case, which is wholly inconsistent with the traditional role of an amicus curiae. There are no motions currently pending before the Court that CSM could comment on as an amicus, and it would be entirely inappropriate for CSM to "participate" in this case in the future as if it were a party. Substantively, CSM does not describe how it can assist the Court in addressing the matters at issue in this case. While CSM claims familiarity with the work of the experts relied on by the parties to the case (Application at 1-2 & 4), the Court's record already contains voluminous documentation regarding those experts' opinions; and if the Court is so inclined, the Court will itself have the opportunity to hear those experts testify. Although CSM claims familiarity with experts not cited by the parties, it declines to identify those supposed experts or explain how they may assist the Court in addressing the matters at issue in this case.

While its Application is far from clear, CSM appears to be seeking all of the rights of a party in this case. But it has presented no basis for participating in this fashion, or for believing that it can add anything (other than repetitive briefing) to what the parties to this case have already, or can in the future, present to the Court. Plaintiffs respectfully submit that CSM's Application should be denied.

## II. LEGAL ARGUMENT

### A. Amici Curiae Are Not Parties To The Action

CSM's Application appears to seek the right to participate generally in this matter. But "[a]n amicus curiae is not a party to litigation." *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982). Even where the court grants an application to participate as an amicus, there are well-defined limitations: "[A]n amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D.

Cal. 2005). Indeed, an amicus' "participation is restricted to suggestions relative to matters apparent on the record or to matters of practice." *Id.* (citations omitted). "A petition to intervene and its express or tacit grant are prerequisites" to being afforded the rights and prerogatives reserved to parties. *Miller-Wohl*, 694 F.2d at 204.

CSM's Application to participate generally in this case is wholly unjustified. CSM's Application provides no basis for the Court or the parties to determine what CSM's requested "participation" might entail. There is no question currently pending before the Court on which CSM might comment as an amicus. The Application offers no indication as to whether any limitations would or should cabin CSM's future involvement. In short, CSM appears to be seeking a role as a "roving" amicus with a general right to participate in whatever matters it deems appropriate in the instant litigation. But there is no legal basis for such participation. The plaintiffs respectfully submit that this Court should reject CSM's attempt to insert itself into this case as what amounts to a litigating party.

### B. CSM's Participation Will Add Nothing But Repetitive Briefing

A non-party fulfills "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl*, 694 F.2d at 204. Courts "welcome amicus briefs from non-parties concerning legal issues ... or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Sonoma Falls Developers*, *L.L.C. v. Nev. Gold & Casinos*, *Inc.*, 272 F. Supp. 2d, 921, 925 (N.D. Cal. 2003), (emphasis added), citing *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D. D.C. 2003). *See also Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir 1997) (noting that the "vast majority" of amicus filings are duplicative and essentially serve to extend the length of the allied litigant's briefs, and labeling such briefs "an abuse").

CSM claims that it satisfies three different "factors" that courts have considered in granting the right to file amicus briefs: 1) whether the matter at issue is "serious," 2) whether the proposed amicus had been involved in events leading to the case and has an "interest" in the case, 3) whether the proposed amicus can "'assist[] in a case of general public interest, supplement[] the efforts of

counsel, and draw[] the court's attention to law that escaped consideration.'" Application at 3-4 (citations omitted). But these "factors," as represented by CSM, are either insufficient to justify amicus participation, or are not satisfied by CSM here.

*First*, CSM relies on an off-handed and unsupported comment, that an amicus can participate in a case based on "the serious nature of the issues involved" in that case. Application at 3, citing *Neeley v. Century Finance Co.*, 606 F. Supp. 1453, 1457 (D. Ariz. 1985). But there is no further discussion of this issue in the *Neeley* opinion, and this throw-away *dictum* is not logically supportable as a basis for amicus participation. *Every* lawsuit is "serious," and involves "serious issues," to the parties to the litigation. CSM's apparent attempt to limit *Neeley's* "seriousness" factor to cases involving constitutional questions is unavailing, as this would mean that any proposed amicus that wanted to file a brief in a constitutional case should be permitted to do so. The "seriousness" of a case is not a useful criterion to consider in determining whether an amicus filing is appropriate.

*Second*, CSM relies on an inapposite case to argue that a proposed amicus should be granted amicus standing if it had "involvement" in the events leading up to the lawsuit and an "interest" in the case. Application at 3-4, citing *Sonoma Falls Developers LLC*, 272 F. Supp. 2d at 925. In *Sonoma Falls* and a similar case, *NGV Gaming*, 355 F. Supp. 2d at 1067-68, the court allowed entities to file amicus briefs because they were actual parties to the contracts that were being litigated in those cases. *Id.*; *Sonoma Falls*, 272 F. Supp. 2d at 925. Thus in both of these cases, the "interest" in question was much more akin to a protectable legal interest than a generalized interest in the subject matter of the case. Indeed, in *NGV Gaming*, the amicus "urge[d] the dismissal of the entire action due to [the amicus'] status as a necessary and indispensable party" to the action. *NGV Gaming*, 355 F. Supp. 2d at 1063. Here, CSM acknowledges that the public's interest in this statute is "represented by the defendants in this action" (Application at 4), but claims that its members' interests "are more particularized and therefore different from the general societal interest of the public." *Id*. CSM's unsupported claim should be disregarded – it appears that both CSM's members and the "general public" (at least so far as it is represented by the defendants here) are interested in the same thing: upholding the statute at issue.

CSM also claims that it should "participate" as an amicus due to its "central involvement in the events leading up to this case," specifically, co-sponsoring the bill in question and submitting "background memos" to the Governor and the Legislature. Application at 4. Assuming CSM was so involved, it will not aid the Court in considering this case. The primary question at issue here is whether AB 1179 is based on a compelling interest, and whether the Legislature used the least restrictive means available to further that interest. *Video Software Dealers Assn. & Entertainment Software Assn. v. Schwarzenegger*, 401 F. Supp. 2d 1034, 1045-46 (N.D. Cal. 2005), citing *Sable Communications of Cal.*, *Inc. v. F.C.C.*, 492 U.S. 115, 126 (1989). Whatever interactions CSM may have had with legislators or the Governor regarding the statute does not bear on these ultimate questions, and likely would not be considered even if they did. *See Quintano v. Mercury Cas. Co.*, 11 Cal. 4th 1049, 1062 n.5 (1995) (refusing to consider individual statements of legislators and sponsors of particular legislation regarding proper construction of a statute).

*Third*, CSM argues that it should participate as an amicus because it "has unique information and perspective that will aid the court in resolving this case." Application at 2, 4. This "unique" information appears to be familiarity with the work of experts cited by the parties to the case, as well as "access to experts other than those that have been cited" in the briefing thus far. *Id*. at 4. Of course, "familiarity" with the work of cited experts is a flimsy basis, at best, for amicus participation. With respect to experts not cited by the parties thus far, CSM neither discloses the identity of these experts, nor indicates how they will assist the Court. CSM does not claim that these experts will aid the Court as to any issues "beyond the help that the lawyers for the parties are able to provide." *Sonoma Falls, supra*, 272 F. Supp. 2d at 925. Notably, many of the experts' papers and reports cited by the defendants in their voluminous Notification of Manual Filing, (*see*, *e.g.*, App. A at 14-18), also appear on CSM's website. *See* "Violent Video Games and Our Kids," Common Sense Media (2005), *available at* http://www.commonsensemedia.org/Violent_Video_Games.pdf (citing studies by Anderson, Funk, Tompkins, Walsh, the Kaiser Family Foundation, and the Federal Trade Commission, which also appear in defendants' Appendix ).

//

//

Gibson, Dunn & Crutcher LLP

4

Opposition to Application of Common Sense Media to Participate in Action as Amicus Curiae

**III.   CONCLUSION**

CSM's application to "participate as amicus" in this case is improper, both because it does not seek to limit CSM's participation in the case to the proper role of an amicus, and because it does not demonstrate in any way what CSM will add to this litigation apart from duplicative briefing. Plaintiffs respectfully submit that CSM's application should be denied.

DATED:  February 7, 2006            Respectfully submitted,

                                    GIBSON, DUNN & CRUTCHER LLP


                                    By:           /s/
                                              Ethan D. Dettmer

                                    THEODORE J. BOUTROUS, Jr., SBN 132099
                                    H. MARK LYON, SBN 162061
                                    ETHAN D. DETTMER, SBN 196046
                                    1881 Page Mill Road
                                    Palo Alto, California  94304
                                    Telephone: (650) 849-5300
                                    Facsimile: (650) 849-5333

                                    JENNER & BLOCK LLP
                                    PAUL M. SMITH
                                    KATHERINE A. FALLOW
                                    AMY L. TENNEY
                                    MATTHEW S. HELLMAN
                                    601 13th Street, N.W., Suite 1200
                                    Washington, D.C. 20005
                                    Telephone:  (202) 639-6000
                                    Facsimile:  (202) 639-6066

                                    Attorneys for Plaintiffs
                                    VIDEO SOFTWARE DEALERS ASSOCIATION
                                    and ENTERTAINMENT SOFTWARE ASSOCIATION