1  GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY, LLP
   ROBERT A. GOODIN, State Bar No. 061302
2  FRANCINE T. RADFORD, State Bar No. 168269
3  KEITH E. JOHNSON, State Bar No. 202321
   505 Sansome Street, Suite 900
4  San Francisco, California 94111
   Telephone:    (415) 392-7900
5  Facsimile:    (415) 398-4321

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
7  THOMAS V. LORAN III, State Bar No. 95255
   JOANNE H. KIM, State Bar No. 221525
8  50 Fremont Street
   Post Office Box 7880
9  San Francisco, CA 94120-7880
   Telephone:    (415) 983-1000
10 Facsimile:    (415) 983-1200

11 Attorneys for Common Sense Media
12
13                     UNITED STATES DISTRICT COURT
14                    NORTHERN DISTRICT OF CALIFORNIA
15                           SAN JOSE DIVISION

16 | VIDEO SOFTWARE DEALERS and | No. C 05 4188 RMW RS
17 | ENTERTAINMENT SOFTWARE ASSOCIATION, |
18 | | **COMMON SENSE MEDIA'S REPLY TO PLAINTIFF'S OPPOSITION TO THE APPLICATION FOR LEAVE TO PARTICIPATE AS AMICUS CURIAE**
19 | Plaintiffs, |
   | v. |
20 | | Date:    March 10, 2006
21 | ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney; RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara. | Time:    9:00 a.m.
22 | | Honorable Ronald M. Whyte
23 | | Date of Filing: No Date Set
24 |
25 |
26 |
27 | Defendants. |
28

Case No. C 05 4188 RMW RS
Common Sense Media's Reply to Pltf's Opp. to App. for Leave to Participate Amicus Curiae

Common Sense Media ("Common Sense" or "Applicant") submits this reply to Plaintiff's Video Software Dealers Association and Entertainment Software Association's Opposition to the Application for Leave to Participate in the Action as Amicus Curiae ("Plaintiff's Opposition").

### 1. Common Sense only seeks to participate as a traditional amicus curiae.

There is nothing in Common Sense's application, or in plaintiff's opposition, to support the plaintiff's assertion that Common Sense's request is "wholly inconsistent with the traditional role of an amicus curiae." *Plaintiff's Opposition,* p. 1. On the contrary, as explained in a Northern District case cited by plaintiffs, district courts frequently welcome amicus briefs from non-parties concerning legal issues with potential ramifications beyond the parties directly involved or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp.2d 1061, 1068 (N.D. Cal. 2005) citing *Cobell v. Norton,* 246 F.Supp.2d 59, 62 (D.D.C. 2003). As the lead sponsor of AB 1179, the passage of which created the statute at issue here, and its vast experience with parents, educators, and youth in issues related to video games, Common Sense has unique information and perspective that it believes will help the court beyond what the parties will be able to provide, as further detailed in its application. The court in *NGV Gaming* permitted the amicus curiae to participate "because of its involvement in the events leading to this case and its interest in the [agreements] at issue." *Id.* (The court in *NGV Gaming* did *not* hold that an amicus curiae must be a signatory to an agreement at issue.)[1] Common Sense seeks permission to participate as amicus curiae on the same grounds here.

### 2. Common Sense does not seek "all of the rights of a party."

Common Sense acknowledges that the role of an amicus curiae is limited.

---

[1] The *NVG Gaming* court also noted that while an amicus curiae was a non-partisan provider of legal perspective or information to the court traditionally, amicus with partisan interests are now quite common. *Id.* citing *Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d 1120, 1124-25 (9th Cir. 1986).

Case No. C 05 4188 RMW RS
Common Sense Media's Reply to Pltf's Opp. to App. for Leave to Participate Amicus Curiae

Contrary to plaintiff's groundless assertion, Common Sense does not seek to become a party to this action, or to be accorded all of the rights of a party to this action. Applicant admits that an amicus curiae is not a party, and, consequently, has no control over the litigation (and is not entitled to attorney's fees, as the court held in *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1982)). Nor does Common Sense seek control of the litigation. Applicant merely seeks leave from the court to make "suggestions relative to matters apparent on the record or to matters of practice," which plaintiff admits an amicus curiae is permitted to do. *Plaintiff's Opposition, p. 2.*

### 3. As amicus curiae, Common Sense intends to submit summary judgment briefing.

Plaintiff complains that "there is no question currently pending" on which Common Sense might comment as an amicus. *Plaintiff's Opposition, p. 2.* However, plaintiffs will bring a motion for summary judgment. Common Sense believes that any summary judgment will raise legal issues which fall within its purview, and for which it can supplement the efforts of the parties' counsel and aid the court in resolving the case.

Based on the relevant factors, as discussed more fully in Common Sense's application, and because plaintiffs have failed to offer any legitimate basis for their opposition, Common Sense Media requests that its application for leave to participate in this litigation as amicus curiae be granted.

Dated: February 24, 2006　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　GOODIN, MACBRIDE, SQUERI,
　　　　　　　　　　　　　　　　　　　　　　RITCHIE & DAY, LLP
　　　　　　　　　　　　　　　　　　　　　　Robert A. Goodin
　　　　　　　　　　　　　　　　　　　　　　Francine T. Radford
　　　　　　　　　　　　　　　　　　　　　　Keith E. Johnson


　　　　　　　　　　　　　　　　　　　　　　By   /s/Keith E. Johnson
　　　　　　　　　　　　　　　　　　　　　　　　　　Keith E. Johnson
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Common Sense Media

3234/001/X75434.v1

-2-　　　　　　　　　　　　　　　　Case No. C 05 4188 RMW RS
Common Sense Media's Reply to Pltf's Opp. to App. for Leave to Participate Amicus Curiae