GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
1881 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

JENNER & BLOCK LLP
PAUL M. SMITH *pro hac vice*
KATHERINE A. FALLOW *pro hac vice*
AMY L. TENNEY *pro hac vice*
MATTHEW S. HELLMAN, *pro hac vice*
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 3/16/06*

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose,  and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C-05-04188 RMW<br><br>JOINT CASE MANAGEMENT STATEMENT AND ORDER |

1  Pursuant to Federal Rule of Civil Procedure 26(f), Civil L.R. 16-9, and this Court's Standing
2  Order, the parties to this case jointly submit the following Case Management Statement and Proposed
3  Order.

**DESCRIPTION OF THE CASE**

(1) *A brief description of the events underlying the action*: On October 7, 2005, Governor Arnold Schwarzenegger signed into law Assembly Bill 1179 (the "Act"), which would impose various labeling requirements and sales prohibitions on video games in California. The Act was to become effective on January 1, 2006. Plaintiffs filed their complaint in this case on October 17, 2005, and, on October 19, 2005, filed a motion for preliminary injunction to prevent the enforcement of the Act. On December 21, 2005, following briefing and argument, this Court entered an order granting a preliminary injunction. *Video Software Dealers Assn. & Entertainment Software Assn. v. Schwarzenegger*, 401 F. Supp. 2d 1034 (N.D. Cal. 2005).

(2) *The principal factual issues which the parties dispute*: As explained below, the parties believe that this case may properly be resolved on summary judgment, and that therefore no material factual disputes exist at this point in time. The parties do, however, dispute the legal import of the material facts in this case.

(3) *The principal legal issues which the parties dispute*: The parties dispute the following legal issues:

(a) Whether the Act's restrictions on the sale of "violent" video games are an unconstitutional infringement on protected speech under the First Amendment.

(b) Whether the Act's labeling requirement forces plaintiffs and their members to engage in compelled speech in violation of the First Amendment.

(c) Whether the Act is unconstitutionally vague.

(4) At this point in time, as set forth below, the parties believe that no factual issues exist that would materially affect the legal issues in this case. If the Court determines that summary judgment is inappropriate, the parties will promptly submit a discovery plan designed to resolve any factual disputes expeditiously.

(5) All parties have been served and have appeared at this time.

(6) The parties do not currently intend to join any additional parties.

(7) No party has consented to the assignment of this case to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

(8) & (9) As noted above, and described at greater length below, the parties to this case agree that there are no disputes as to any material facts, and that the Court can and should resolve this case as a matter of law. The parties intend to file motions for summary judgment shortly, and do not plan to make disclosures or engage in discovery unless the Court denies the impending motions for summary judgment. The defendants do not agree that the Act is unconstitutional, and the plaintiffs and their members require protection from the enforcement of the Act. In light of these facts, the parties do not believe that any ADR process is likely to deliver benefits sufficient to justify the resources consumed by its use (ADR L.R. 3-5(e)(3)), and therefore respectfully submit that this case should be exempted from any ADR process at this time.

## DISCLOSURES AND DISCOVERY

(10) & (11) Because the parties do not dispute any material factual issues, and because the parties agree that this case can be disposed of upon summary judgment on the record before the Court at this time, the parties have agreed that initial disclosures and discovery are not necessary and would be an inefficient use of time and resources. The parties have further agreed that, in the event the Court does not resolve this case on summary judgment, they will meet and confer promptly regarding disclosures and discovery and present a proposed discovery plan to the Court at that time.

## SUMMARY JUDGMENT SCHEDULE

(12) The parties agree that this case is appropriate for prompt resolution on a motion for summary judgment. Therefore, the parties have not agreed to a trial date or length of trial, but have agreed to the following briefing schedule for the anticipated motions for summary judgment:

| | |
|---|---|
| Plaintiffs' and defendants' motions filed: | March 31, 2006 |
| Defendants' and plaintiffs' oppositions filed: | April 19, 2006 |
| Plaintiffs' and defendants' replies filed: | April 28, 2006 |
| Hearing on motions: | May 12, 2006 |

DATED: March 10, 2006    Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: _____/s/_____
                Ethan D. Dettmer

THEODORE J. BOUTROUS, Jr., SBN 132099
H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
1881 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
AMY L. TENNEY
MATTHEW S. HELLMAN
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE
ASSOCIATION


DATED: March 10, 2006    OFFICE OF THE ATTORNEY GENERAL


By: _____/s/_____
               Zackery P. Morazzini
               Deputy Attorney General

Attorneys for Defendants
ARNOLD SCHWARZENEGGER, in his official
capacity as Governor of the State of California, and
BILL LOCKYER, in his official capacity as
Attorney General of the State of California

DATED: March 10, 2006          OFFICE OF THE SANTA CLARA COUNTY COUNSEL


By: _____/s/_____
     David M. Rollo
     Assistant County Counsel

Attorneys for Defendants
GEORGE KENNEDY, in his official capacity as
Santa Clara County District Attorney, and
ANN MILLER RAVEL, in her official capacity as County
Counsel for the County of Santa Clara


DATED: March 10, 2006          OFFICE OF THE SAN JOSE CITY ATTORNEY


By: _____/s/_____
     Robert R. Fabela
     Assistant City Attorney

Attorneys for Defendant
RICHARD DOYLE, in his official capacity as
San Jose City Attorney

**ORDER**

The Case Management Statement and Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. The Court vacates the Case Management Conference set for March 17, 2006.    (jg)

DATED:  3/16/06

_____/s/ Ronald M. Whyte_____
The Honorable Ronald M. Whyte
United States District Judge