1  GIBSON, DUNN & CRUTCHER LLP
   THEODORE J. BOUTROUS, JR., SBN 132099
2  H. MARK LYON, SBN 162061
   ETHAN D. DETTMER, SBN 196046
3  1881 Page Mill Road
   Palo Alto, California 94304
4  Telephone: (650) 849-5300
   Facsimile: (650) 849-5333
5
   JENNER & BLOCK LLP
6  PAUL M. SMITH (admitted *pro hac vice*)
   KATHERINE A. FALLOW (admitted *pro hac vice*)
7  MATTHEW S. HELLMAN (admitted *pro hac vice*)
   601 13th Street, N.W., Suite 1200
8  Washington, D.C. 20005
   Telephone: (202) 639-6000
9  Facsimile: (202) 639-6066

10 Attorneys for Plaintiffs
   VIDEO SOFTWARE DEALERS ASSOCIATION
11 and ENTERTAINMENT SOFTWARE ASSOCIATION

12

13                     UNITED STATES DISTRICT COURT

14                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 VIDEO SOFTWARE DEALERS
   ASSOCIATION and ENTERTAINMENT          CASE NO. C 05-4188 RMW (RS)
   SOFTWARE ASSOCIATION,
17                                        **PLAINTIFFS' MOTION TO STRIKE
                                          BRIEF OF AMICUS CURIAE COMMON
18         Plaintiffs,                    SENSE MEDIA**

19         vs.

20                                        Date: May 12, 2006
   ARNOLD SCHWARZENEGGER, in his official Time: 9:00 a.m.
21 capacity as Governor of the State of California; Courtroom: 6
   BILL LOCKYER, in his official capacity as Before the Honorable Ronald M. Whyte
22 Attorney General of the State of California;
   GEORGE KENNEDY, in his official capacity as
23 Santa Clara County District Attorney, RICHARD
   DOYLE, in his official capacity as City Attorney
24 for the City of San Jose, and ANN MILLER
   RAVEL, in her official capacity as County
25 Counsel for the County of Santa Clara,

26         Defendants.

27

28

---

Plaintiffs' Motion to Strike Brief of Amicus
Curiae Common Sense Media                                Case No. C 05-4188 RMW (RS)

Amicus Common Sense Media ("CSM") has flaunted the Court's leave to allow CSM to submit a brief as amicus curiae by submitting six declarations containing expert testimony, along with a "brief" that is nothing more than a restatement of the testimony of CSM's "experts." CSM has done so even though the Defendants could have submitted expert testimony of their own – including the same expert testimony submitted by CSM – but chose not to do so. The submission of expert testimony is a blatant attempt by CSM to assume the role of a party to the litigation, rather than an amicus. It is both wholly improper for an amicus to participate in the litigation as a party by offering expert testimony, and contrary to this Court's Order allowing CSM to file only a "brief." Because CSM's brief adds nothing to this litigation besides restating its experts' testimony, CSM's brief and all the attached declarations should be stricken.

## BACKGROUND

In its original Application for Leave to Participate in Action as Amicus Curiae, CSM sought "leave to participate in this action." Application (Doc. # 59) at 4. CSM further stated that it would aid the Court by providing "unique information and perspective" based on information obtained "through its Board of Directors, Board of Advisors and management team," including its CEO, James Steyer. *Id.* Other than suggesting that it would "participate" generally, CSM did not specify that it would attempt to present expert testimony. Plaintiffs opposed the Application on the grounds, among others, that it would be improper for CSM to participate generally in the case as if CSM was a litigating party. Plaintiff's Opposition (Doc. #60) at 1-2. The Court considered these arguments and determined that "CSM may file an amicus brief in connection with any motion for summary judgment by the plaintiffs." Order (Doc. #67) at 2.

## ARGUMENT

CSM's brief and the accompanying declarations must be stricken for a number of reasons. First, CSM's filings exceed the scope of what the court permitted CSM to file. Although the Court

1

limited CSM to filing a "brief" as amicus, CSM has submitted much more than a brief by submitting testimony by individuals that CSM itself identifies as "six leading experts." Brief (Doc. #78) at 2. There is no question that the attached declarations constitute expert testimony – which if introduced by a party would be properly subject to discovery, cross-examination, and the normal procedural safeguards surrounding expert testimony. Plaintiffs previously objected to CSM's request to participate generally in the litigation in such a manner, and the Court granted CSM leave to file a "brief" as amicus, and nothing more. The submission of expert testimony exceeds the Court's leave.

Second, CSM's attempt to participate as if it was a party by offering expert testimony is inappropriate. An amicus "is not a party to litigation" and "[c]ourts have rarely given party prerogatives to those not formal parties." *Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1983); *see United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (noting that "amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion"). Instead, amici are generally allowed to submit briefs on "legal issues that have potential ramifications beyond the parties directly involved" or on "'information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)). CSM's brief does not discuss legal issues, and it does not provide a perspective that could not have been offered by the State – indeed, the brief restates and attaches the opinions of experts that the State could have just as easily offered, but decided *not* to submit in this case.[1]

---

[1] CSM's Brief also attaches a declaration by Jay Senter and an accompanying 10-minute montage of footage from video games. These extraneous submissions add nothing to the video game evidence that the Defendants have already chosen to submit and are designed to be inflammatory rather than reflect unique "perspective" that only CSM can offer. For example, the montage includes sexually
[Footnote continued on next page]

2

Further, as a practical matter, CSM would be forced to participate as a litigating party if the Court was to accept and consider the declarations of the six experts. For example, if the Court denied the pending summary judgment motions based on the existence of material issues of fact (which it should not, as Plaintiffs have explained), Plaintiffs would almost certainly seek to depose the six experts offered by CSM, putting CSM in the position of defending its own experts at depositions and potentially even appearing in court to litigate discovery disputes. This is not the proper role of an amicus and runs contrary to the rule that amici may not submit pleadings or file motions. *NGV Gaming*, 355 F. Supp. 2d at 1068.

Third, it would improper to consider the expert testimony submitted by an amicus without the opportunity for Plaintiffs to conduct discovery and depositions regarding the six witnesses.[2] Courts have in fact rejected efforts by an amicus to offer expert testimony not offered by a party. *See Kitzmiller v. Dover Area School Dist.*, No. 04-CV-2688, 2005 WL 2736500 (M.D. Pa. Oct. 24, 2005) (striking expert declaration submitted by amicus as improper attempt to submit expert testimony without cross-examination); *Federal Trade Commission v. Staples, Inc.*, 970 F. Supp. 1066, 1070 n.1 (D.D.C. 1997) (for reasons of fairness to parties, declining to rely on expert declaration submitted by amicus). To hold otherwise would allow parties to rely on expert testimony submitted by friendly amici without having the expert testimony subject to disclosure, discovery, and cross-examination.

Finally, the proffered testimony would not help the Court to resolve this case. As a procedural matter, all Plaintiffs and Defendants have agreed that the case can be resolved on cross-

---

[Footnote continued from previous page]
graphic footage from the so-called "hot coffee" hidden scene from the game *Grand Theft Auto: San Andreas*, even though the challenged law does not regulate video games on the basis of sexual content.

[2] Plaintiffs and Defendants have agreed to a briefing schedule to resolve issues on summary judgment without first conducting discovery. In agreeing to this arrangement, Defendants were fully aware that Plaintiffs would submit their own expert declarations, and have not suggested that they need to conduct discovery or depositions of Plaintiffs' experts in advance of a ruling on summary judgment.

3

Plaintiffs' Motion to Strike Brief of Amicus
Curiae Common Sense Media                                          Case No. C 05-4188 RMW (RS)

motions for summary judgment without the need for discovery.  The parties' Joint Case Management Statement states clearly that "the parties believe that this case may properly be resolved on summary judgment, and that therefore no material factual disputes exist at this point in time."  Joint Case Management Statement and Order (Doc. #69) at 1; *see also id.* at 2.  As Plaintiffs will explain in their Reply in Support of their Motion for Summary Judgment, the declarations submitted by CSM do not alter the conclusion that no material disputed facts exist and that Plaintiffs should prevail on summary judgment.[3]  Indeed, although it is attempting to inappropriately add expert testimony, CSM is merely duplicating the legal arguments already advanced by the State, contrary to the Court's admonition to avoid "duplicat[ing] the arguments made in the litigants' brief."  Order (Doc. #67) at 2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers)).

CSM's attempt to interject the expert testimony of six witnesses into the case at this point is an end-run around normal procedures for submitting and testing expert testimony in an adversarial manner and a blatant attempt to act as a litigating party rather than an amicus.  This is improper, and CSM's brief should be stricken in its entirety.

---

[3] The new declarations do not add anything to the State's argument that there is "substantial evidence" of a "compelling state interest."  As Plaintiffs will explain further in their Reply, to the extent that the declarations do not simply relist studies in the legislative record, *e.g.*, Declaration of Cary Gross, the declarations cite studies with similar methodological flaws.  These flaws include (but are not limited to) reliance on data from subjects outside the relevant age group, *e.g.*, Declaration of Sonya Brady, a failure to differentiate between effects caused by violence in video games and violence in other forms of media, *e.g.*, Declaration of Thomas N. Robinson, and a failure to find evidence of a causal connection, rather than just a correlation, between "violent" video games and behavior of children, *e.g.*, Declaration of Michael Rich.

**CONCLUSION**

The Court should strike CSM's Brief in Opposition to Plaintiffs' Motion for Summary Judgment.

Respectfully submitted.

DATED:  April 24, 2006

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER


By:_____/s/_____
                Theodore J. Boutrous, Jr.


JENNER & BLOCK LLP
PAUL M. SMITH (admitted *pro hac vice*)
KATHERINE A. FALLOW (admitted *pro hac vice*)
MATTHEW S. HELLMAN (admitted *pro hac vice*)
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION