GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY, LLP
ROBERT A. GOODIN, State Bar No. 061302
FRANCINE T. RADFORD, State Bar No. 168269
KEITH E. JOHNSON, State Bar No. 202321
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:  (415) 392-7900
Facsimile:  (415) 398-4321

PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS V. LORAN III, State Bar No. 95255
JOANNE H. KIM, State Bar No. 221525
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200

Attorneys for Amicus Curiae Common Sense Media

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| VIDEO SOFTWARE DEALERS and ENTERTAINMENT SOFTWARE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney; RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara. <br><br> Defendants. | No. C 05 4188 RMW RS <br><br> **OPPOSITION OF AMICUS CURIAE COMMON SENSE MEDIA TO PLAINTIFFS' MOTION TO STRIKE** <br><br> Date:  May 12, 2006 <br> Time:  9:00 a.m. <br> Courtroom:  6 <br> Before the Honorable Ronald M. Whyte |
|---|---|

Case No. C 05 4188 RMW RS

Opposition of Amicus Curiae Common Sense Media to Plaintiffs' Motion to Strike

In their Motion to Strike The Brief of Amicus Curiae Common Sense Media ("Plfs. Mot."), plaintiffs acknowledge that the court's order of March 6, 2006 granting leave for Common Sense Media ("CSM") to participate in this action was based on CSM's request to the court to provide information in connection with the planned summary judgment motions. See Plfs. Mot., page 1, lines 15-16. Plaintiffs now complain that in lieu of "information," CSM submitted evidence in the form of expert testimony. Plaintiffs assert that CSM's submission of evidence – as opposed to "information" -- is improper.

The court's order, however, was grounded on the notion that CSM's participation should be useful to the court. The only form of information that is of use to the court is the species of information known as evidence. S. A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982) ("[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). See also N.D. Cal. Local Rule 7-5. ("Affidavit or Declaration. (a) Affidavit or Declaration Required. Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.") Thus, CSM appropriately submitted expert declarations containing testimony concerning an issue raised by plaintiffs in their moving papers: whether or not the record reviewed by the legislature was in fact consistent with and supported by the general body of scientific knowledge in the relevant area. Providing this evidence was entirely consistent with the court's directive to CSM.[1]

Plaintiffs also complain that CSM violated the court's order that asked CSM to refrain from duplicating the work of the other defendants. CMS supposedly did this by submitting expert testimony that the State did not offer in connection with these motions. Plaintiffs illogically assert that CSM "duplicated" something that the State "could just as easily offered, but decided not to submit in this case." Plfs. Mot., p. 2, lines 23-24. Plaintiffs' contention makes no sense: offering evidence that the State did *not* offer cannot constitute

---

[1] That CSM is taking a stance on the issue before the court is not improper. See NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (noting that "amicus with partisan interests are now quite common" in litigation).

improper duplication of the State's efforts.[2]

Plaintiffs' cases do not support their position that it is *per se* improper for an amicus to submit declaration testimony. In Kitzmiller v. Dover Area School Dist., the court struck a *trial brief* filed by the "Discovery Institute," an organization that had neither sought nor been granted amicus status. The brief improperly attempted to sponsor testimony by persons who had been designated as expert witnesses by the defendants, but who were subsequently withdrawn so that they could not be cross-examined at deposition or trial. Allowing their declaration testimony under such circumstances would be "fundamentally unfair," as the court ruled. Similarly, in Federal Trade Comm'n v. Staples, Inc. 970 F. Supp. 1066, 1070 (D.D.C. 1997), an amicus attempted to submit a declaration from a new witness *after* a five-day evidentiary hearing at which numerous other witnesses testified. In contrast, declaration testimony submitted in support of, or in opposition to, a motion for summary judgment motion is entirely proper. Fed. Rule Civ. Proc. rule 56.

**CONCLUSION**

The concise submission by CSM in support of defendants' opposition to plaintiffs' motion for summary judgment, consisting of a 5 page brief and 25 pages of declaration testimony plus supporting exhibits, did not violate the court's order of March 6, 2006, and plaintiffs' motion to strike should be denied.

Dated: May 3, 2006

Respectfully submitted,

GOODIN, MACBRIDE, SQUERI,
RITCHIE & DAY, LLP

By   /s/Francine T. Radford
        Francine T. Radford
     Attorneys for Amicus Curiae
     Common Sense Media

---

[2] Plaintiffs also argue that the State "could have just as easily offered" the testimony that CSM submitted. It was CSM, not the State, that had the resources to identify and obtain testimony from these particular experts (who are extraordinarily well-qualified to testify on the issues at hand) because of CSM's own work in educating the public about the impact of media on youth. The State, unlike plaintiffs, limited its analysis to materials in the legislative record. If, however, it is somehow more "proper" for the State to introduce the expert declarations than for CSM to do so (as the plaintiffs appear to suggest) CSM believes that the State would be willing to do so.

2.   Case No. C 05 4188 RMW RS

Opposition of Amicus Curiae Common Sense Media to Plaintiffs' Motion to Strike

34/001/X77403.v1 12:08 PM