| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | THEODORE J. BOUTROUS, JR., SBN 132099 |
| 2 | H. MARK LYON, SBN 162061 |
| | ETHAN D. DETTMER, SBN 196046 |
| 3 | 1881 Page Mill Road |
| | Palo Alto, California  94304 |
| 4 | Telephone: (650) 849-5300 |
| | Facsimile: (650) 849-5333 |
| 5 | |
| | JENNER & BLOCK LLP |
| 6 | PAUL M. SMITH (admitted *pro hac vice*) |
| | KATHERINE A. FALLOW (admitted *pro hac vice*) |
| 7 | MATTHEW S. HELLMAN (admitted *pro hac vice*) |
| | 601 13th Street, N.W., Suite 1200 |
| 8 | Washington, D.C. 20005 |
| | Telephone:  (202) 639-6000 |
| 9 | Facsimile:  (202) 639-6066 |
| 10 | Attorneys for Plaintiffs |
| | VIDEO SOFTWARE DEALERS ASSOCIATION |
| 11 | and ENTERTAINMENT SOFTWARE ASSOCIATION |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose,  and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05-4188 RMW (RS)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE BRIEF OF AMICUS CURIAE COMMON SENSE MEDIA**<br><br>Date:  May 12, 2006<br>Time:  9:00 a.m.<br>Courtroom:  6<br>Before the Honorable Ronald M. Whyte |

Reply in Support of Plaintiffs' Motion to Strike
Brief of Amicus Curiae Common Sense Media                                          Case No. C 05-4188 RMW (RS)

As Plaintiffs explained in their Motion to Strike, the brief and declarations submitted by Common Sense Media ("CSM") exceed the bounds of both the Court's Order allowing CSM to file only a "brief" and the proper role of an amicus in litigation. In its Opposition to Plaintiffs' Motion to Strike, CSM concedes that it is attempting to present "evidence" in the form of six "expert declarations containing testimony." Opp. at 1.[1] But CSM provides no precedent for its novel assertion that an amicus, rather than a party, may properly present this expert testimony. To the contrary, where the State could have chosen to submit expert testimony itself – but did not – it is improper for CSM to present its own expert testimony as if it were a party to the suit.

In its Opposition, CSM provides not a single precedent for allowing an amicus to introduce its own expert testimony. CSM's position that it may offer its own experts is entirely novel and runs contrary to the well-recognized rule that amici may not act as parties to litigation. *See Miller-Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203, 204 (9th Cir. 1983); *United States v. Michigan*, 940 F.2d 143, 165-66 (6th Cir. 1991) (collecting authorities). CSM even attempts to justify its expert submissions by relying on the rule allowing an "*adverse party*" to "serve opposing affidavits" in opposition to a motion for summary judgment. Fed. R. Civ. P. 56(c) (emphasis added); *see* Opp. at 2 (citing Rule 56). But CSM is not a party, and the Court has never given leave to CSM to participate in the role of a party.

CSM also does not respond to Plaintiffs' argument that CSM is circumventing the usual expert disclosure and discovery requirements by offering expert testimony that the State could have submitted. CSM has no foundation for asserting that the State of California somehow lacks the resources to identify or obtain expert testimony on its own. Opp. at 2 n.2. And while CSM states that it "believes that the State would be willing to [offer the testimony of six experts]," Opp. at 2 n.2,

---

[1] CSM attempts to minimize its submission as "a 5 page brief and 25 pages of declaration testimony plus exhibits," ignoring the fact that the testimony involves six different experts, including one declaration, that of Michael Rich, that attaches over 100 pages of exhibits. Opp. at 2.

1

Reply in Support of Plaintiffs' Motion to Strike
Brief of Amicus Curiae Common Sense Media                                    Case No. C 05-4188 RMW (RS)

the State has not taken this position, and has in fact moved for and opposed summary judgment without relying on expert testimony.

Plaintiffs would not have moved to strike if CSM had complied with the Court's Order and filed an amicus brief providing the Court with the "unique information and perspective" that CSM originally indicated that it would provide. Application (Doc. #59) at 4. But here CSM attempts to go way beyond the traditional role of an amicus, and its filings are wholly improper. CSM's brief and declarations provides neither legal arguments "that have potential ramifications beyond the parties directly involved," nor "'information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003)).

For these reasons, and the reasons given in Plaintiffs' Motion to Strike, CSM's amicus brief should be stricken.

Respectfully submitted,

DATED: May 5, 2006

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER


By:_____/s/_____
         Theodore J. Boutrous, Jr.


JENNER & BLOCK LLP
PAUL M. SMITH (admitted *pro hac vice*)
KATHERINE A. FALLOW (admitted *pro hac vice*)
MATTHEW S. HELLMAN (admitted *pro hac vice*)
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

2