1 GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
2 H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
3 1881 Page Mill Road
Palo Alto, California 94304
4 Telephone: (650) 849-5300
Facsimile: (650) 849-5333

5

6 JENNER & BLOCK LLP
PAUL M. SMITH (*pro hac vice*)
KATHERINE A. FALLOW (*pro hac vice*)
7 MATTHEW S. HELLMAN (*pro hac vice*)
DUANE C. POZZA, SBN 225933
8 601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
9 Telephone: (202) 639-6000
Facsimile: (202) 639-6066

10
Attorneys for Plaintiffs
11 VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

12

13
UNITED STATES DISTRICT COURT

14
FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05-4188 RMW (RS)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 19, 2007<br>Time 9:00 a.m. |

---

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof      Case No. C 05-4188 RMW (RS)

Dockets.Justia.com

# NOTICE OF MOTION AND MOTION

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 19, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6 of this Court, located at 280 South First Street, San Jose, California 95113, plaintiffs Video Software Dealers Association, now known as Entertainment Merchants Association ("EMA"), and Entertainment Software Association ("ESA") will, and hereby do, respectfully move for attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54-6, on the basis of their successful challenge to Cal. Civil Code § 1746-1746.5 (2005) (hereinafter, the "Act").

EMA and ESA (collectively "Plaintiffs") move for attorneys' fees and costs in the amount of $324,839.65. This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declarations of Paul M. Smith ("Smith Decl.") and Ethan D. Dettmer ("Dettmer Decl."), the Court's papers and files in this case, the arguments of counsel, and any other matters the Court may consider. For the reasons provided, Plaintiffs request that this Court grant Plaintiffs' motion for attorneys' fees and costs, and award Plaintiffs their attorneys' fees, expenses, and costs in the amount of $324,839.65 against the Defendants, jointly and severally, for Plaintiffs' successful prosecution of this action.

On August 23, 2007, counsel for the Plaintiffs met and conferred by telephone with counsel for the Defendants for the purposes of resolving any disputes with respect to this motion for attorneys' fees. Dettmer Decl. ¶ 17. The parties did not agree to a settlement of the issues presented in this motion. *Id.*

i

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof                                    Case No. C 05-4188 RMW (RS)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................... 1

BACKGROUND ................................................................................................................................... 1

ARGUMENT ......................................................................................................................................... 2

I.    PLAINTIFFS ARE ENTITLED TO THE REQUESTED FEES AND COSTS. ..................... 3

    A.    Plaintiffs Are The Prevailing Party. .................................................................................. 3

    B.    Plaintiffs' Fees Are Reasonable. ....................................................................................... 3

        1.    Given the High Degree of Success Obtained by Plaintiffs, They Are Entitled to Recoup All of the Fees They Incurred in this Appeal. ................................................................................................................. 3

        2.    Plaintiffs Seek Compensation For A Reasonable Number of Hours. ................................................................................................................... 4

        3.    Plaintiffs Seek Reasonable Hourly Rates for Their Attorneys. ........................... 8

    C.    Plaintiffs Are Entitled To The Requested Expenses And Costs. ................................... 10

II.    PLAINTIFFS' AWARD SHOULD EQUAL $324,839.65. .................................................... 10

CONCLUSION ................................................................................................................................... 12

ii

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof                      Case No. C 05-4188 RMW (RS)

# TABLE OF AUTHORITIES

## CASES

*Ackerley Commc'ns, Inc. v. City of Salem*, 752 F.2d 1394 (9th Cir. 1985) ........................................ 4

*Ballen v. City of Richmond*, 466 F.3d 736 (9th Cir. 2006) ................................................................ 2

*Bernardi v. Yeutter*, 951 F.2d 971 (9th Cir. 1991)............................................................................ 12

*Blum v. Stenson*, 465 U.S. 886 (1984) ................................................................................................ 3

*Bouman v. Block*, 940 F.2d 1211 (9th Cir. 1991) ............................................................................... 9

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ........................................................................ 3, 9

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) ....................................................... 8

*Farrar v. Hobby*, 506 U.S. 103 (1992) ............................................................................................... 3

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) .................................................................................. 3, 10

*Leroy v. City of Houston*, 906 F.2d 1068 (5th Cir. 1990) .................................................................. 9

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546
    (1986) ............................................................................................................................................. 3

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist,* 489 U.S. 782 (1992) .................................. 3

*Thomas v. City of Tacoma*, 410 F.3d 644 (9th Cir. 1998) .................................................................. 4

*Video Software Dealers Ass'n v. Schwarzenegger*, 401 F. Supp. 2d 1034 (2005) ............................. 1

*West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83 (1991) ......................................................... 10

## STATUTES

28 U.S.C. § 1920............................................................................................................................. 1, 2

42 U.S.C. § 1983............................................................................................................................. 1, 2

42 U.S.C. § 1988......................................................................................................................... 1, 2, 3

Cal. Civil Code § 1746-1746.5 (2005) ................................................................................................ 1

Fed. R. Civ. P. 54(d) ....................................................................................................................... 1, 2

Local Rule 54-6................................................................................................................................... 1

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54-6, Plaintiffs, by their attorneys, respectfully move this Court for an order granting attorneys' fees, expenses, and costs to Plaintiffs, as the prevailing party in their First Amendment challenge to Cal. Civil Code § 1746-1746.5 (2005) ("the Act"). The Act would have restricted the sale or rental to minors of certain "violent" video games, as defined by the Act, and required those "violent" video games to be labeled. This Court granted Plaintiffs' motion for a preliminary injunction and subsequently invalidated the Act, declaring it unconstitutional and permanently enjoining its enforcement throughout the State. In light of the significant degree of success achieved by Plaintiffs, and based on this motion, the attached supporting materials, and the record in this case, Plaintiffs ask that they be awarded a total of $324,839.65 in fees and costs.

## BACKGROUND

Plaintiffs brought this case under 42 U.S.C. § 1983, seeking declaratory and injunctive relief against enforcement of the Act, a California statute that, among other things, sought to impose penalties on any person who sold or rented to a minor what the Act defined as a "violent video game." Cal. Civil Code § 1746.1(a); 1746.3. The Act also would have required these "violent video games" to be labeled, on the front of the package, with a white "18" outline in black and at least two inches square. *Id.* § 1746.2. Plaintiffs' suit alleged that the restriction on the sale or rental of these games violated the First Amendment of the United States Constitution and was unconstitutionally vague.

Because the Act was to become effective January 1, 2006, Plaintiffs moved for a preliminary injunction against the Act. The court granted the motion on December 21, 2005. *Video Software Dealers Ass'n v. Schwarzenegger*, 401 F. Supp. 2d 1034 (2005). Plaintiff then moved for summary judgment, seeking a final judgment declaring that the Act unconstitutional and enjoining it permanently. On August 8, 2007, the Court granted summary judgment for Plaintiffs and denied Defendants' motion for summary judgment, holding the Act unconstitutional and permanently enjoining the defendants from enforcing it. The Court entered final judgment on August 14, 2007.

1

1  Plaintiffs now seek attorneys' fees, expenses, and costs against the Defendants, jointly and severally,
2  for Plaintiffs' successful prosecution of this action.

3  **ARGUMENT**

4  Having succeeded on their challenge to the Act, Plaintiffs are now entitled to their attorneys'
5  fees, expenses, and costs, under 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d).
6  Section 1988 authorizes an award of a "reasonable attorney's fee as part of its costs" to the
7  "prevailing party" in a 42 U.S.C. § 1983 action. 42 U.S.C. § 1988(b). As the Ninth Circuit has
8  emphasized, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special
9  circumstances would render such an award unjust.'" *Ballen v. City of Richmond*, 466 F.3d 736, 746
10 (9th Cir. 2006) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

11 Here, Plaintiffs' action was brought under § 1983 to vindicate important First Amendment
12 rights. *See* Compl. ¶¶ 48-51, 58, 62. They requested an award of attorneys' fees and costs in their
13 Complaint. *See id.* ¶ 52. Plaintiffs' victory was both complete and foreseeable. While the Act was
14 being considered, Plaintiffs' representatives testified before California Assembly committees and
15 communicated to the Governor's representatives that the Act was unconstitutional, *see* Lowenstein
16 Declaration ¶¶ 20-23 [Doc. #9], but the Assembly nevertheless passed the law and the Governor
17 signed it. Plaintiffs sought a preliminary injunction against enforcement of the Act, which the Court
18 granted in its entirety, and then filed a motion for summary judgment declaring the Act
19 unconstitutional and enjoining its enforcement, which the Court granted as well, while denying
20 Defendants' cross-motion for summary judgment. Plaintiffs also moved to strike the expert
21 testimony improperly submitted by *amicus* Common Sense Media on summary judgment, and the
22 Court granted that motion in its summary judgment order. In short, Plaintiffs obtained the highest
23 degree of success in a case involving important First Amendment rights. Plaintiffs are therefore
24 entitled to the requested award.

25
26
27
28

2

## I. PLAINTIFFS ARE ENTITLED TO THE REQUESTED FEES AND COSTS.

### A. Plaintiffs Are The Prevailing Party.

There is no question that Plaintiffs are a "prevailing party" within the meaning of 42 U.S.C. § 1988(b). They have received *all* of the relief sought in this action – namely a declaration that the Act is unconstitutional and an injunction preventing its enforcement throughout the State. Because Plaintiffs have "obtain[ed] actual relief on the merits of [their] claim" that "materially alters the relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff," *Farrar v. Hobby*, 506 U.S. 103, 111 (1992), they are a "prevailing party." *See*, *e.g.*, *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1992) ("to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant").

### B. Plaintiffs' Fees Are Reasonable.

The fees and costs that Plaintiffs seek are reasonable for litigation of this scope. An award of attorneys' fees is calculated using the lodestar method, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar "is presumed to be the reasonable fee," *Blum*, 465 U.S. at 888, and "includes most, if not all, of the relevant factors constituting a reasonable attorneys' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (noting that there is a "strong presumption" favoring the prevailing lawyer's entitlement to his lodestar fee"). Here, Plaintiffs seek the lodestar figure, without any adjustments. As explained further below, the award sought by Plaintiffs is reasonable and should be allowed in full.

#### 1. Given the High Degree of Success Obtained by Plaintiffs, They Are Entitled to Recoup All of the Fees They Incurred in this Appeal.

Plaintiffs prevailed on the entirety of their constitutional challenge and obtained permanent declaratory and injunctive relief against enforcement of an unconstitutional law. In light of Plaintiffs'

3

complete success in this case, they are entitled to be reimbursed for the full amount of fees they spent in prosecuting their challenge. Indeed, "'the most critical factor [in determining the amount of attorneys' fees to award] is the degree of success obtained.'" *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436) (brackets in original). Further, awarding fees to the Plaintiffs vindicates not only the rights of the Plaintiffs and their members but also the First Amendment rights of the public, and the public interest broadly. *See Ackerley Commc'ns, Inc. v. City of Salem*, 752 F.2d 1394, 1396-98 (9th Cir. 1985) (award of § 1988 attorneys' fees serves to vindicate constitutional rights, encourage voluntary compliance with the law, and serve the public interest).

Here, the "most critical factor" weighs heavily in Plaintiffs' favor. This case involved important First Amendment principles, as the Act passed by the State of California threatened the free speech rights of video game creators, publishers, and distributors, as well as video game players. *See* August 6 Order, slip op. at 5. Plaintiffs prevailed on their constitutional claims and succeeded in enjoining enforcement of the Act. In doing so, Plaintiffs vindicated important First Amendment rights and enjoined enforcement of an unconstitutional law. In other words, Plaintiffs achieved the maximum degree of success in relation to their goals in this lawsuit. A full award of fees on appeal is therefore more than justified.

**2.   Plaintiffs Seek Compensation For A Reasonable Number of Hours.**

Plaintiffs are seeking compensation for the hours and legal work listed in the edited invoices attached as Attachment A to the Declaration of Paul M. Smith ("Smith Decl.") (Exhibit 1) and the edited invoices attached as Attachment A to the Declaration of Ethan D. Dettmer ("Dettmer Decl.") (Exhibit 2). These fees pertain to work performed by Plaintiffs' attorneys throughout the course of this litigation, which included, among other things: preparing and filing a complaint; preparing and filing a motion for a preliminary injunction, including supporting declarations; preparing and filing a reply brief in support of the motion; preparing and presenting oral argument on the preliminary injunction; preparing and filing a motion for summary judgment, including supporting expert declarations; preparing and filing a reply brief in support of the motion; preparing and filing a motion

4

to strike the improper expert testimony submitted by *amicus* Common Sense Media; and preparing and presenting oral argument on summary judgment. Smith Decl. ¶ 6.[1]

Given the significant and specialized legal questions at issue in this case, Plaintiffs acted reasonably in retaining attorneys from the Washington, D.C. office of Jenner & Block LLP, who have extensive experience with First Amendment law generally, and with challenges to restrictions on video games in particular. Smith Decl. ¶¶ 2-4, 7-12. Jenner & Block has represented video game companies and associations in nearly every previous attempt to regulate video game expression based on its "violent" content, including the cases before the Sixth, Seventh and Eighth Circuits, as well as in numerous federal district court cases, most recently in Illinois and Michigan (commencing prior to the California litigation), and Minnesota, Louisiana, and Oklahoma (commencing during the pendency of the California litigation). *Id.* ¶¶ 3, 7-12. Because previous cases presented substantially similar issues of law and fact, the Jenner & Block attorneys were able to bring the already significant amount of research, analysis, and expert opinions they had already developed to bear in this case. In light of these efficiencies, Plaintiffs acted reasonably in choosing to retain Jenner & Block in this matter. *See id.* ¶¶ 2-4.

To avoid unnecessary or duplicative work or the inefficient use of resources, Plaintiffs' counsel allocated responsibility in this case among several different attorneys, according to the experience and expertise of each attorney. Smith Decl. ¶¶ 2, 5. Jenner & Block appropriately staffed this case in its Washington, D.C. office with a senior partner (Paul M. Smith), a junior partner (Katherine A. Fallow), and two mid-level associates at a time during separate phases of the case: Matthew S. Hellman (throughout the case), Amy L. Tenney (primarily at the complaint and preliminary injunction phase) and Duane C. Pozza (from entry of the preliminary injunction onward). *Id.* ¶ 5; Att. A. Mid-level associate Kathleen R. Hartnett also assisted at the outset of the case. *Id.* Each of these attorneys did work matched to their level of experience. *Id.* ¶¶ 5, 7-12.

---

[1] In particular, the submission of expert declarations and the briefing related to the *amicus* submissions required additional work that was not required in other similar "violent" video game litigation such as in Michigan.

5

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof          Case No. C 05-4188 RMW (RS)

In addition, Plaintiffs retained Gibson, Dunn & Crutcher LLP ("Gibson Dunn") based on their experience litigating a variety of cases within this judicial district. Gibson Dunn assumed primary responsibility for filings, matters relating to local practice, and the preparation of certain papers filed with the Court. Dettmer Decl. ¶ 1. Gibson Dunn also contributed to the substantive aspects of the case, including the development of Plaintiffs' legal strategy. Smith Decl. ¶ 2; Dettmer Decl. ¶¶ 1, 2. Gibson Dunn also appropriately staffed this case with a team that included two partners (Theodore J. Boutrous and H. Mark Lyon), a then-senior associate (now a partner) who performed the majority of the work (Ethan D. Dettmer), and associates who assisted in substantive duties where appropriate. Dettmer Decl. ¶¶ 2-8. Each of these attorneys did work matched to their level of experience. Dettmer Decl. ¶ 2.

Following entry of judgment against Defendants, preparation of the fee petition was accomplished by Jenner & Block partners Paul M. Smith and Katherine A. Fallow with the assistance of associate Duane C. Pozza, each of whom performed discrete tasks in preparing and filing the petition. Smith Decl. ¶ 16. The supporting declaration for Gibson Dunn was prepared by Ethan D. Dettmer (now a partner) with the assistance of associate Joseph W. Guzzetta. Dettmer Decl. ¶ 11.

Based on contemporaneous time records, the Jenner & Block attorneys and paralegal staff spent the following hours working on this case (as indicated in detail in Smith Decl. ¶ 18 and Att. A):

| ATTORNEY | HOURS (2005) | HOURS (2006) |
|---|---|---|
| Paul M. Smith | 35.5 | 7.75 |
| Katherine A. Fallow | 75.25 | 79.25 |
| Amy L. Tenney | 156.25 | 1.75 |
| Kathleen H. Hartnett | 4.5 | |
| Matthew S. Hellman | 73.0 | 111.0 |
| Duane C. Pozza | | 54.25 |

6

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof    Case No. C 05-4188 RMW (RS)

| NON-ATTORNEY STAFF | HOURS (2005) | HOURS (2006) |
|---|---|---|
| Cheryl L. Olson | 11.5 | 6.25 |
| Helder G. Agostinho | 9.75 | |

Based on contemporaneous time records, the Gibson Dunn attorneys and staff spent the following hours working on this case (as indicated in detail in Dettmer Decl. ¶ 13 and Att. A):

| ATTORNEY | HOURS (2005) | HOURS (2006) |
|---|---|---|
| Theodore J. Boutrous | 5.5 | |
| H. Mark Lyon | 15.8 | 7.3 |
| Ethan D. Dettmer | 50.9 | 37.5 |
| Katherine A. Fortney | 18.1 | |
| Perlette M. Jura | 16.25 | |
| Michael G. Cecchini | 0.8 | 24.4 |

Plaintiffs' attorneys have reviewed the time records summarized above and reprinted in Attachment A to the Smith Declaration and Attachment A to the Dettmer Declaration. These records already exclude time for which the firm did not feel it was appropriate to bill Plaintiffs during the course of the litigation, and also exclude additional hours to ensure that compensation is not sought for work that might be deemed as properly excluded from a court-ordered fee award. Smith Decl. ¶ 18. For example, Plaintiffs do not request compensation for activity that, although necessary for client relations, did not directly contribute to the litigation itself. *Id.* Plaintiffs also do not seek a fee enhancement based on Jenner & Block's considerable expertise and experience in this area. *Id.* In addition, Plaintiffs do not seek fees for the work of in-house counsel for the ESA, who were involved extensively in all aspects of this case, including the crafting of Plaintiffs' legal arguments and review of all briefs and papers filed in this Court. *Id.* The hours that remain, after the attorneys' review of

7

1  the time records, were reasonably expended to accomplish the tasks necessary for this litigation. *See*
2  Smith Decl. ¶ 18; Dettmer Decl. ¶ 13.

### 3.  Plaintiffs Seek Reasonable Hourly Rates for Their Attorneys.

For the time period relevant to this application, the usual hourly rates for the Jenner & Block attorneys and paralegal staff – reflecting, among other things, their years of practice and experience – were (*see* Smith Decl. ¶ 14):

| ATTORNEY | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Paul M. Smith | $585 | $600 |
| Katherine A. Fallow | $425 | $450 |
| Amy L. Tenney | $340 | $385 |
| Kathleen H. Hartnett | $340 | N/A |
| Matthew S. Hellman | $275 | $325 |
| Duane C. Pozza | N/A | $325 |

| NON-ATTORNEY STAFF | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Cheryl L. Olson | $210 | $225 |
| Helder G. Agostinho | $110 | N/A |

These are the same hourly rates charged by Jenner & Block to Plaintiffs in this and other cases. *See* Smith Decl. ¶ 15. These are also the rates charged by these attorneys to paying clients in other cases. *Id*. And these rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise within this judicial district. *See* Dettmer Decl. ¶ 16, Att. C. (noting that comparable firms such as Palo Alto-based Cooley Godward Kronish LLP has associate billing rates between $240.00 and $585.00 per hour and partner billing rates ranging between $425.00 and $795.00 per hour, and San Francisco-based firm Howard, Rice, Nemerovski, Canady, Falk & Rabkin, P.C. has associate billing rates between $250.00 and $420.00 per hour and partner billing rates ranging between $440.00 and $750.00 per hour); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986) (court must consider "rate prevailing in the community for similar

8

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof                    Case No. C 05-4188 RMW (RS)

1  work performed by attorneys of comparable skill, experience, and reputation"); *Bouman v. Block*, 940
2  F.2d 1211, 1235 (9th Cir. 1991) (rates requested are proper where they are in line with "the
3  prevailing market rate in the relevant community"). Indeed, Jenner & Block's are *less* than those
4  charged in this judicial district by Los Angeles-based Gibson Dunn. *See* Dettmer Decl. ¶¶ 13, 16.

5  Further, these rates are amply justified given the Jenner & Block attorneys' intimate
6  familiarity with the specialized subject matter of the litigation. That familiarity allowed them to
7  handle the matter with far greater efficiency and productivity than counsel who lacked such expertise.
8  *See* Smith Decl. ¶¶ 2-4; *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (noting the
9  "common sense truth that as between attorneys competent to handle a given task, generally the one
10 who is entitled to higher hourly compensation because of greater experience and skill may reasonably
11 be expected to accomplish the task in fewer hours"). In sum, Plaintiffs' engagement of Jenner &
12 Block in this matter was both reasonable and efficient, giving no basis to depart from the "'strong
13 presumption' that the lodestar represents the 'reasonable' fee. *Dague*, 505 U.S. at 562 (quoting
14 *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565).

15 For the time period relevant to this application, the usual hourly rates for Gibson Dunn –
16 reflecting, among other things, their years of practice and experience – were (*see* Dettmer Decl. ¶¶ 3-
17 8):

| ATTORNEY | RATE (2005) | RATE (2006) |
|---|---|---|
| Theodore J. Boutrous | $695 | N/A |
| H. Mark Lyon | $570 | $625 |
| Ethan D. Dettmer | $460 | $555 |
| Katherine A. Fortney | $275 | N/A |
| Perlette M. Jura | $275 | N/A |
| Michael G. Cecchini | $240 | $290 |

25 These are the same hourly rates the Gibson Dunn attorneys customarily charged clients for
26 services by the listed attorneys at the time when these services were rendered on behalf of Plaintiffs
27 in this case, and they are also the rates charged by these attorneys for paying clients in other cases.
28

9

*See* Dettmer Decl. ¶¶ 4-8, 16. These rates are similar to prevailing market rates charged by attorneys of comparable experience and expertise. *See id*. ¶ 16; *supra* at 8-9.

Because the rates sought here are the actual rates that Plaintiffs' counsel charge their private paying clients, including Plaintiffs, the rates are presumptively correct. The Supreme Court has emphasized that "[w]here a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." *Hensley,* 461 U.S. at 435. Plaintiffs have in fact achieved excellent results, and so a "full compensatory fee" is warranted.

### C. Plaintiffs Are Entitled To The Requested Expenses And Costs.

With regard to expenses and costs, the edited invoices attached to the Smith and Dettmer Declarations detail the out-of-pocket expenses incurred. These expenses were necessarily incurred and are the type of out-of-pocket expenses normally billed to fee-paying clients. As such, they are recoverable as part of Plaintiffs' attorneys' fees. *See West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991). Additional documentation of these expenses and costs is attached to the Smith Declaration and the Dettmer Declaration.

### II. PLAINTIFFS' AWARD SHOULD EQUAL $324,839.65.

Multiplying the time worked by each attorney by the hourly rates for each year yields the following calculation (*see* Smith Decl. ¶ 19, Att. A; Dettmer Decl. ¶¶ 13, Att. A):

**Jenner & Block**

| ATTORNEY | 2005 | 2006 | TOTAL |
| --- | --- | --- | --- |
| Paul M. Smith | $20,767.50 | $4,650.00 | $25,417.50 |
| Katherine A. Fallow | $31,981.25 | $35,662.50 | $67,643.75 |
| Amy L. Tenney | $53,125.00 | $673.75 | $53,798.75 |
| Kathleen H. Hartnett | $1530.00 | | $1530.00 |
| Matthew S. Hellman | $20,075.00 | $35,750.00 | $55,825.00 |
| Duane C. Pozza | | $17,631.25 | $17,631.25 |

10

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof                    Case No. C 05-4188 RMW (RS)

| NON-ATTORNEY STAFF | 2005 | 2006 | TOTAL |
|---|---|---|---|
| Cheryl L. Olson | $2415.00 | $1406.25 | $3821.25 |
| Helder G. Agostinho | $1072.50 | | $1072.50 |

**JENNER & BLOCK SUBTOTAL:**         **$ 226,740.00**

**Gibson Dunn**

| ATTORNEY | 2005 | 2006 | TOTAL |
|---|---|---|---|
| Theodore J. Boutrous | $3822.50 | | $3822.50 |
| H. Mark Lyon | $9006.00 | $4562.50 | $13,568.50 |
| Ethan D. Dettmer | $23,414.00 | $18,937.50 | $42,351.50 |
| Katherine A. Fortney | $4977.50 | | $4977.50 |
| Perlette M. Jura | $4468.75 | | $4468.75 |
| Michael G. Cecchini | $192.00 | $7076.00 | $7268.00 |

**Gibson Dunn SUBTOTAL:**         **$ 72,502.48**[2]

**ALL FEES SUBTOTAL:**         **$ 299,242.48**

Plaintiffs also seek reimbursement for associated expenses in this case in the amount of $25,597.17 ($20,095.26 for Jenner & Block, and $5,501.91 for Gibson Dunn), an amount that encompasses all "costs" as defined by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), as well as other disbursements that were billed to and paid by Plaintiffs as a component of attorneys' fees. *See* Smith Decl., Atts. A; Dettmer Decl. Atts. A & B.

---

[2] Gibson Dunn's subtotal reflects that, as indicated in Attachment A, after considering a variety of factors specific to this litigation, the Firm reduced the attorneys fees it charged to the Plaintiffs in this matter. Dettmer Decl. ¶ 12.

11

Adding fees and expenses, Plaintiffs request a total compensation of $324,839.65. The fees and expenses are substantiated by the exhibits attached to this brief.

Finally, Plaintiffs are also entitled to reimbursement for the fees and costs expended in preparing and litigating this fee petition. *E.g.*, *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991). The amount listed above does not include fees for work incurred in preparing the fee petition, because those fees have not yet been billed. Plaintiffs will supplement their petition with an additional declaration when those fees have been calculated and billed.

## CONCLUSION

For the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

Respectfully submitted.

DATED: August 28, 2007

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER


By: _____/s/_____
            Ethan D. Dettmer


JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
MATTHEW S. HELLMAN
DUANE C. POZZA
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION (now known as the Entertainment Merchants Association) and ENTERTAINMENT SOFTWARE ASSOCIATION

12

Notice of Motion and Motion for Attorneys' Fees and Costs;
Memorandum of Points and Authorities in Support Thereof       Case No. C 05-4188 RMW (RS)