GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099
H. MARK LYON, SBN 162061
ETHAN D. DETTMER, SBN 196046
1881 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

JENNER & BLOCK LLP
PAUL M. SMITH (*pro hac vice*)
KATHERINE A. FALLOW (*pro hac vice*)
MATTHEW S. HELLMAN (*pro hac vice*)
DUANE C. POZZA, SBN 225933
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION
and ENTERTAINMENT SOFTWARE ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05-4188 RMW (RS)<br><br>DECLARATION OF PAUL M. SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS; |

# DECLARATION OF PAUL M. SMITH

I, Paul M. Smith, declare as follows:

1. I am a partner in the Washington, DC office of Jenner & Block, and counsel for Plaintiffs in the above-captioned case. I am thoroughly familiar with the facts, legal issues, and proceedings in this case, and have knowledge of and am competent to testify concerning the matters set forth herein. I submit this supplemental declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs, made pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 54-6.

2. Plaintiffs' counsel allocated litigation responsibility in this case among several different attorneys, according to the experience and expertise of each attorney. Throughout this litigation, for example, the Jenner & Block attorneys were primarily responsible for crafting and presenting Plaintiffs' legal briefs and oral arguments. The extensive experience of the Jenner & Block attorneys, particularly in cases involving the First Amendment issues surrounding video game regulation, made them well-suited to these responsibilities. Local counsel duties, including primary responsibility for filings, certain logistical matters, as well as substantive comments and advice, were handled by Gibson, Dunn & Crutcher LLP.

3. As explained in more detail below, the Jenner & Block attorneys on this case have substantial First Amendment experience, including experience with cases involving the application of the First Amendment to relatively new media, such as the Internet and video games. In particular, Jenner & Block attorneys on this case have represented video game companies and associations in nearly every one of the cases to date involving government restrictions on video games: *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003) ("*IDSA*") (represented plaintiffs); *American Amusement Mach. Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir. 2001) ("*AAMA*") (filed amicus brief on behalf of video game trade association); *Entertainment Software Association v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill. 2005) (represented plaintiffs); *Entertainment Software Ass'n v. Granholm*, 426 F. Supp. 2d 646, 652-54 (E.D. Mich. 2006) (represented plaintiffs); *Entertainment Software Ass'n v. Hatch*, 443 F. Supp. 2d 1065 (D. Minn 2006) (represented

1

plaintiffs); *Entertainment Software Ass'n v. Foti*, 451 F. Supp. 2d 823 (M.D. La. 2006) (represented plaintiffs); *Video Software Dealers Assn v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004) (represented plaintiffs). Further, the Jenner & Block attorneys on this case currently represent the Plaintiffs in litigation challenging a similar content-based video game regulation in Oklahoma. Jenner & Block also represented defendant video game companies in *James v. Meow Media, Inc.*, 300 F.3d 683 (6th Cir. 2002).

4. Due to the similarity of the issues presented in these cases, Jenner & Block attorneys were able to harness the arguments and facts developed in the previous challenges to statutes restricting "violent" video games. This allowed Jenner & Block attorneys to conduct this case far more efficiently than would otherwise have been the case.

5. In my experience, this case was appropriately staffed primarily with a senior partner, a junior partner, and two mid-level associates at a time during separate phases of the case: Matthew S. Hellman (throughout the case), Amy L. Tenney (primarily at the complaint and preliminary injunction phase) and Duane C. Pozza (from entry of the preliminary injunction onward). Mid-level associate Kathleen R. Hartnett also assisted at the outset of the case. Each of these attorneys did work matched to their level of experience.

6. For the period of time prior to the preparation of the current fee application, Plaintiffs seek a total of $246,835.26 in attorneys' fees and costs incurred by Plaintiffs for the services of Jenner & Block in this case. These fees and costs pertain to the work performed by Plaintiffs' attorneys throughout the course of this litigation, which included, among other things: preparing and filing a complaint; preparing and filing a motion for a preliminary injunction, including supporting declarations; preparing and filing a reply brief in support of the motion; preparing and presenting oral argument on the preliminary injunction; preparing and filing a motion for summary judgment, including supporting expert declarations; preparing and filing a reply brief in support of the motion; preparing and filing a motion to strike the improper expert testimony submitted by *amicus* Common Sense Media; and preparing and presenting oral argument on summary judgment.

7. I am a former Managing Partner of the Washington, DC office of Jenner & Block. In addition, I am Co-Chair of the Firm's Media and First Amendment Practice and Co-Chair of its

2

Supreme Court and Appellate Practice. I have had an active Supreme Court Practice for two decades, presenting oral arguments in twelve Supreme Court cases. I have also worked on a variety of First Amendment cases, including *United States v. American Library Association*, involving a First Amendment challenge in the Supreme Court to the Children's Internet Protection Act, which I argued to the Supreme Court in March 2003. In addition, I have worked extensively on several other First Amendment cases in the Supreme Court, including *Reno v. ACLU* (1997) and *Rubin v. Coors* (1995), as well as many First Amendment cases in other courts. I have been lead counsel in all of the firm's previous video game lawsuits, including *James v. Meow Media*, which I argued successfully to the Sixth Circuit in 2002; *IDSA* in the Eighth Circuit; *Maleng*, in the Western District of Washington; *Blagojevich*, in the Northern District of Illinois; *Granholm*, in the Eastern District of Michigan; *Foti*, in the Middle District of Louisiana; *Hatch*, in the District of Minnesota; and *Sanders v. Acclaim Entertainment* in the District of Colorado. I am also lead counsel in the pending lawsuit brought by Plaintiffs in Oklahoma against a similar video game law, which has been preliminarily enjoined by the district court. I am currently is a member of the Board of Governors of the District of Columbia Bar. I graduated from Yale Law School in 1979, where I was Editor-in Chief of the Yale Law Journal. I clerked for Judge James L. Oakes on the United States Court of Appeals for the Second Circuit, and for Justice Lewis F. Powell, Jr. on the United States Supreme Court.

  8. Katherine A. Fallow is a partner in the Washington, DC office of Jenner & Block. She specializes in, among other things, First Amendment and media law, and is a member of the Firm's Media and First Amendment Practice and its Supreme Court and Appellate Practice. She has extensive experience litigating a wide array of First Amendment, new media, and traditional media cases. In particular, she been counsel on behalf of Plaintiffs in the Illinois, Michigan, Louisiana, Minnesota, and Oklahoma litigation, all of which involve similar video game regulations. In addition, she was a member of the Firm's team in the *American Library Association* case mentioned above. She graduated *magna cum laude* from Harvard Law School in 1996, where she was an editor of the Harvard Civil Rights-Civil Liberties Law Review. She clerked for Judge Robert E. Keeton of the United States District Court for the District of Massachusetts and Judge Rosemary Barkett of the United States Court of Appeals for the Eleventh Circuit.

3

Declaration of Paul M. Smith in Support of Plaintiffs'
Motion for Attorneys' Fees and Costs   Case No. C 05-4188 RMW (RS)

9. Amy L. Tenney is now a senior associate in the Washington, DC office of Jenner & Block. She is a member of the Firm's Litigation Department and White Collar Criminal Defense and Counseling and Products Liability and Mass Tort Defense Practices. She graduated from the University of Maryland with high honors in 1996 and in 2000 received her J.D., *magna cum laude*, from New York Law School. She was Supervising Editor of the *New York Law School Law Review* from 1998-1999. She clerked for the Honorable Leonie M. Brinkema, U.S. District Court, Eastern District of Virginia, and the Honorable Frank M. Coffin, U.S. Court of Appeals for the First Circuit.

10. Matthew S. Hellman is a mid-level associate in the Washington, DC office of Jenner & Block. He is a member of the Firm's Litigation Department and Appellate and Supreme Court and Media and First Amendment Practices. He graduated *magna cum laude* from Harvard Law School in 2002, where he served as President of the Harvard Law Review. He clerked for Judge Michael Boudin on the United States Court of Appeals for the First Circuit, and for Justice David H. Souter on the United States Supreme Court. He has worked on similar constitutional challenges to video game laws in Louisiana, Minnesota, Michigan, and Oklahoma.

11. Duane Pozza is a mid-level associate in the Washington, DC office of Jenner & Block. He is a member of the Firm's Litigation Department and its Media and First Amendment, Entertainment and New Media, and Appellate and Supreme Court Practices. He graduated with distinction from Stanford Law School in 2002, where he served as Submissions Editor on the Stanford Technology Law Review. He clerked for Judge Roslyn O. Silver in the District of Arizona. He has worked on similar constitutional challenges to video game laws in Louisiana, Michigan, Minnesota, and Oklahoma.

12. Kathleen Hartnett was a mid-level associate in the Washington, DC office of Jenner & Block during the pendency of this litigation. She left the firm in January 2006 to become an associate at Tycko, Zavareei, & Spiva LLP. She was a member of the Firm's Media and First Amendment Practice and its Supreme Court and Appellate Practice, where she worked on several of the cases involving constitutional challenges to video games laws, including the Illinois litigation. She graduated *magna cum laude* from Harvard Law School in 2000, where she served as the Treasurer of

4

the *Harvard Law Review*. She clerked for Judge Merrick Garland of the United States Court of Appeals for the D.C. Circuit and for Justice John Paul Stevens of the Supreme Court of the United States.

13. Cheryl L. Olson is the paralegal coordinator and Helder G. Agostinho was a project assistant at Jenner & Block during the course of this litigation.

14. Jenner & Block charges for the services of its attorneys and paralegal staff on the basis of hourly rates which reflect, among other things, their years of practice and experience. The hourly rates for the relevant attorneys and paralegal staff members are as follows:

| ATTORNEY | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Paul M. Smith | $585 | $600 |
| Katherine A. Fallow | $425 | $450 |
| Amy L. Tenney | $340 | $385 |
| Kathleen H. Hartnett | $340 | N/A |
| Matthew S. Hellman | $275 | $325 |
| Duane C. Pozza | N/A | $325 |

| NON-ATTORNEY STAFF | RATE (2005) | RATE (2006) |
| --- | --- | --- |
| Cheryl L. Olson | $210 | $225 |
| Helder G. Agostinho | $110 | N/A |

15. These hourly rates are the same rates customarily charged clients for services by the listed attorneys and paralegal staff at the time when these services were rendered on behalf of Plaintiffs in this case. These are also the same rates Jenner & Block charges Plaintiffs in other cases. To the best of my knowledge, these hourly rates are similar to the rates charged at that time by other comparable law firms in Washington, DC, for services by attorneys and paralegals with similar levels of experience.

16. Along with Duane C. Pozza, I prepared Attachment A to this fee application, which includes an itemized list of the time expended and services rendered in this case. Attachment A is derived from the Accounting Department records of Jenner & Block.

17. The time entries listed in Attachment A were recorded by the listed attorneys and paralegal staff on or near the date on which the services were rendered in this proceeding, and submitted contemporaneously for entry into Jenner & Block's timekeeping systems. A significant number of hours were then excluded as inappropriate to be included in billing to our clients. The time entries have more recently been edited to protect privileged communications with the client, or to protect aspects of litigation strategy or attorney mental impressions that are protected by the attorney work product doctrine.

18. I have reviewed the time records summarized above and reprinted in Attachment A, and have excluded additional hours to ensure that compensation is not sought for work that might properly be excluded from a court-ordered fee award. For example, we do not request compensation for activity that, although necessary for client relations, did not directly contribute to the litigation itself. In addition, we do not seek fees for the work of in-house counsel for the ESA, who was involved extensively in all aspects of this case, including the crafting of Plaintiffs' legal arguments and review of all briefs and papers filed in this Court. Nor do we seek compensation for the considerable effort that our clients' in-house counsel expended in briefing the California Assembly and Governor on the unconstitutionality of the Act. We also do not seek a fee enhancement based on Jenner & Block's considerable expertise and experience in this area. The hours that remain after the attorneys' review of the time records were reasonably expended to accomplish the tasks necessary for this litigation. The following table summarizes the hours spent by each Jenner & Block attorney, paralegal, and project assistant on this case:

| ATTORNEY | HOURS (2005) | HOURS (2006) |
| --- | --- | --- |
| Paul M. Smith | 35.5 | 7.75 |
| Katherine A. Fallow | 75.25 | 79.25 |
| Amy L. Tenney | 156.25 | 1.75 |

6

| | | |
|---|---|---|
| Kathleen H. Hartnett | 4.5 | N/A |
| Matthew S. Hellman | 73.0 | 111.0 |
| Duane C. Pozza | N/A | 54.25 |

| NON-ATTORNEY STAFF | HOURS (2005) | HOURS (2006) |
|---|---|---|
| Cheryl L. Olson | 11.5 | 6.25 |
| Helder G. Agostinho | 9.75 | |

19. Multiplying the time worked by each attorney by the hourly rates for each year yields the following calculation:

| ATTORNEY | 2005 | 2006 | TOTAL |
|---|---|---|---|
| Paul M. Smith | $20,767.50 | $4,650.00 | $25,417.50 |
| Katherine A. Fallow | $31,981.25 | $35,662.50 | $67,643.75 |
| Amy L. Tenney | $53,125.00 | $673.75 | $53,798.75 |
| Kathleen H. Hartnett | $1530.00 | | $1530.00 |
| Matthew S. Hellman | $20,075.00 | $35,750.00 | $55,825.00 |
| Duane C. Pozza | | $17,631.25 | $17,631.25 |

| NON-ATTORNEY STAFF | 2005 | 2006 | TOTAL |
|---|---|---|---|
| Cheryl L. Olson | $2415.00 | $1406.25 | $3821.25 |
| Helder G. Agostinho | $1072.50 | | $1072.50 |

20. Attachment A to this fee application also contains a summary report from the Accounting Department of Jenner & Block of all disbursements that Jenner & Block made in furtherance of this case, as well as invoices or other supporting documents for disbursements where

7

applicable. Duane Pozza and I have reviewed the costs and expenses listed as disbursements in Attachment A, and have verified their accuracy.

21. Based on my prior experience with attorneys' fee petitions in civil rights cases (including First Amendment and other constitutional law cases) and my familiarity with the facts and issues in this litigation, I believe that the hours and expenses itemized in Attachment A were reasonably and necessarily incurred on behalf of Plaintiffs.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED this ___ day of August, 2007

_____
Paul M. Smith