ANN MILLER RAVEL, County Counsel (S.B. #62139)
DAVID M. ROLLO, Deputy County Counsel (S.B. #111998)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
GEORGE KENNEDY and
ANN MILLER RAVEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | No.  C05-4188<br><br>**DEFENDANTS GEORGE KENNEDY AND ANN MILLER RAVEL'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:   October 19, 2007<br>Time:  9:00 a.m.<br>Crtrm: 6 |

Defendants George Kennedy and Ann Miller Ravel, sued in their official capacity (the "County Defendants"), hereby oppose Plaintiffs' Notice of Motion and Motion for Attorneys' Fees and Costs.

## I.

## ISSUE PRESENTED

The County Defendants did not enact the challenged legislation, take any steps to enforce it, or choose the timing or venue in which to litigate regarding it.  Under these circumstances, an award of attorneys' fees against the County Defendants would be unwarranted, unfair and unjust.

/ /

/ /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs            -1-                               C05-4188

Dockets.Justia.com

## II.

## FACTS

In 2005, the Legislature of the State of California enacted legislation that imposed restrictions on the sale and rental of violent video games to minors. Civil Code sections 1746-1746.5 (hereinafter the "Act"). On October 7, 2005, Governor Arnold Schwarzenegger signed what was then AB 1179 into law. The legislation addressed the labeling and sale to minors of certain violent video games. The statute was slated to go into effect on January 1, 2006, as California Civil Code section 1746, et seq. County District Attorneys, County Counsels, and City Attorneys were authorized to enforce the statute in civil actions. The Plaintiffs moved for a preliminary injunction against the Act in October 2005. The Court granted the injunction motion on December 21, 2005. Plaintiffs and the Defendant state officials then filed cross-motions for summary judgment regarding the constitutionality of the Act. This Court granted summary judgment for Plaintiffs holding the Act unconstitutional and permanently enjoining Defendants from enforcing it on August 8, 2007. Final judgment was entered on August 14, 2007.

There is no evidence that the County Defendants had any involvement whatsoever in the decision to pass the legislation. They became involved by virtue of the Act's provisions regarding enforcement, and the Plaintiffs' choice of venue. Short of opposing the request for a preliminary injunction, after having been served as Defendants, the County Defendants have done nothing regarding the drafting, enactment or enforcement of the Act.

## III.

## ARGUMENT

### A. SPECIAL CIRCUMSTANCES MAKE AN AWARD OF ATTORNEYS' FEES AGAINST THE COUNTY DEFENDANTS UNJUST

Plaintiffs' claim to be the "prevailing party" against the County Defendants does not comport with the stated purpose of the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988. The purpose of that statute is to ensure "effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461. U.S. 424, 429 (1983).

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs            -2-            C05-4188

This case is not a typical civil rights case; Plaintiffs have litigated similar statutes in other jurisdictions, including the Northern District of Illinois.[1]  Speaking plainly, "access" to the courts would not be advanced by an award of attorneys' fees against the County Defendants. Such an award under the circumstances would amount to an injustice inasmuch as the County Defendants were, at most, peripheral to the underlying claims.  Joint and several liability is not appropriate in every case where there is an indivisible injury.  *Herbst v. Ryan,* 90 F.3d 1300, 1305 (7th Cir. 1996).  An award of attorneys' fees against the County Defendants would be contrary to the purposes of the statute, unnecessary in light of the other parties involved, and plainly inequitable.  *Id.*

The Act was passed by the State Legislature and signed into law by the Governor.  There is no evidence that the County Defendants were involved in or instrumental to its passage. However, once enacted the legislation is <u>presumed</u> constitutional until shown to the contrary. *Clements v. Fashing,* 457 U.S. 952, 963-64 (1982).  The County Defendants had <u>no choice</u> but to oppose Plaintiffs' claim of unconstitutionality once they were served as defendants.  To do otherwise would have been a violation of their oaths of office.  (See *Thorsted, et al. v. Gregoire, et al.,* 841 F. Supp. 1068 (W.D. WASH. 1994); *May v. Cooperman*, 578 F. Supp. 1308 (D. NJ. 1984)).

Significantly, the County Defendants were powerless to agree to the remedy Plaintiffs requested in their complaint for relief.  This scenario fits squarely within the "special circumstances" exception to award attorneys' fees to "prevailing parties" in civil rights cases. *Society of Professional Journalists v. Briggs,* 687 F. Supp. 1521 (D. Utah 1988); *Herbst v. Ryan,* 90 F.3d 1300 (7th Cir. 1996).

The Ninth Circuit has made clear that good faith on the part of a public entity defendant is a factor to be considered when a court is asked to award attorneys' fees in a civil rights action.  *Teitelbaum v. Sorenson*, 648 F.2d 1248, 1250 (9th Cir. 1981).  In this case, there is no

---

[1] See *Entertainment Software Association; Video Software Dealers Association, et al. v. Blagojevich,* 2006 WL 3694851 (N.D. IL), Exhibit A to Declaration of David M. Rollo accompanying this opposition.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs         -3-         C05-4188

evidence that the County Defendants acted in any manner inconsistent with good faith.  There is no evidence of any attempts to influence the legislation or enforce it, and no evidence the County Defendants did anything other than simply respond to the complaint once they were served.  There was no action or conduct by the County Defendants that was ripe for modification (see *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996) ).  The County Defendants did nothing to increase the litigation cost beyond that which would have been incurred had they never been served.

The purpose of the statute would not be advanced by an award against the County Defendants, and the equities weigh against any such award.  An award of attorneys' fees, if indeed any are awarded, would more equitably lie against the State Defendants, not the local public entity officials who, by virtue of their position, and Plaintiffs' choice of venue and service, were put in a position of having to respond.

**B.  PLAINTIFFS HAVE BEEN DOWN THIS ROAD BEFORE**

In the *Entertainment Software Association* case in Illinois (Exhibit A to Rollo Declaration), the District Court found that the Seventh Circuit was loathe to impose an attorneys' fees award on an individual county when the real party in interest was the State of Illinois.  *Herbst v. Ryan,* 90 F.3d 1300, 1305 (7th Cir. 1996).

In *Herbst*, Plaintiffs were a group of physicians acting as class representatives for all physicians interested in performing abortion services.  They commenced the action seeking declaratory and injunctive relief against the enforcement of various amendments to the Illinois Abortion Law of 1995.  *(Herbst,* 90 F.3d at p. 1302.)  The named defendants were the State Attorney of Cook County, individually, and as the representative of all state attorneys; the Attorney General of Illinois in his official capacity, and the Director of the Illinois Department of Public Health in his official capacity.

The case was resolved when a consent decree was entered into prohibiting enforcement of the some of the challenged provisions.  (*Id*. at p. 1302.)  Plaintiffs filed a petition for attorneys' fees pursuant to 42 U.S.C. § 1988 claiming they were "prevailing parties" for purposes of the civil rights statutes.  The magistrate judge who initially heard the motion made

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs           -4-                                    C05-4188

an award, and made it joint and several against the State defendants (the attorney general and the director of public health) and the state's attorneys, represented by the Cook County State Attorney. *Id*.

The District Court, and subsequently the Seventh Circuit Court, declined to accept the joint and several allocation of liability. Specifically, the courts found that the magistrate's allocation of liability against Cook County was unjust under the circumstances. Much like the facts in the case at bar, neither the state's attorney for Cook County, or any other state's attorney had sought to enforce the statute. Rather, it was the state officials who had promulgated the amendments to the statute (and hence the State of Illinois, itself) against whom an award would be "fair and sensible." *Herbst,* 90 F.3d at p. 1305. The court found that

> "Liability can be imposed on a governmental entity, and on its officer in his official capacity, only when that governmental entity is the 'moving force' behind the constitutional wrong that forms the basis of the suit."

*Id*. at p. 1306.

In the case at bar, the County Defendants did nothing more than to support the constitutionality of the <u>state</u> Act and the <u>state</u> policy that it purported to advance after they were served as defendants in this matter. Accordingly, it is the <u>State</u> Defendants who, if the Court so finds, would properly be the parties against whom the Plaintiffs have "prevailed."

**C. CONCLUSION**

This Court has the discretion under Section 1988 to consider the underlying factors and circumstances that brought the parties to this point in the litigation. It is without dispute that the County Defendants have done nothing more than respond to a complaint alleging a newly enacted state law was unconstitutional. That response, necessitated by the Plaintiffs' choice of venue, did nothing to increase Plaintiffs' claimed costs beyond that which would have been incurred had the County Defendants never been served. This case fits squarely within the class of cases where the circumstances would make an award of fees against the County defendants

//

//

//

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs   -5-   C05-4188

1  manifestly unjust. Accordingly, the County Defendants respectfully request the Plaintiffs'
2  motion be denied as to them.
3  Dated: September 25, 2007                             Respectfully submitted,
4                                                       ANN MILLER RAVEL
                                                        County Counsel
5
                                                  By:          /S/
6                                                       DAVID M. ROLLO
                                                        Deputy County Counsel
7
                                                        Attorneys for Defendants
8                                                       GEORGE KENNEDY and
                                                        ANN MILLER RAVEL

11  96357.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

George Kennedy & Ann Ravel's Opposition to
Plaintiffs' Attorneys Fees & Costs          -6-                         C05-4188