RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
ROBERT FABELA, Sr. Deputy City Attorney (#148098)
Office of the City Attorney
200 East Santa Clara Street
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for RICHARD DOYLE, in his official capacity
as City Attorney for the City of San Jose

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose; and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | Case Number: C05-04188 RMW<br><br>**SAN JOSE CITY ATTORNEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: October 19, 2007<br>Time: 9:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Ronald M. Whyte |

## I.   INTRODUCTION

Defendant Richard Doyle, in his official capacity as City Attorney for the City of San Jose ("City Attorney"), hereby opposes Plaintiffs' motion for attorneys' fees and costs to the extent that Plaintiffs are requesting that any of the fees and costs awarded be apportioned

-1-

against him. The City Attorney had virtually no involvement in this case whatsoever, other than filing an Answer to ensure that he would not be subject to default and filing a one sentence joinder in opposition to the Plaintiffs original motion for preliminary injunction. Indeed, other than helping to ensure that Plaintiffs obtained a Silicon Valley forum for its lawsuit, there was no real reason for the City Attorney to be named as a defendant in this case.

The interests of justice and fairness would not be served by allocating any awarded attorneys' fees against the City Attorney. As such, the City Attorney respectfully requests that no attorneys' fees or costs be awarded against him.

## II. FACTUAL BACKGROUND

In this case, Plaintiffs Video Software Dealers and Entertainment Software Association successfully sued to enjoin the enforcement of a State law that would have restricted and penalized the sale or rental of violent video games to minors. (Order on Cross-Motions for Summary Judgment ["Sum. Jment Ord."], filed August 6, 2007, at 2:11-13.) The law, which had been codified at Cal. Civ. Code Sections 1746-1746.5 ("Act"), granted any city attorney, county counsel, or district attorney throughout the state of California the authority to prosecute any violations of the Act. Cal. Civ. Code §1746.4. It was through this provision of the Act that Plaintiffs decided to name the City Attorney as a defendant, along with other Santa Clara County officials who were also granted enforcement authority under the Act. (Complaint at ¶¶18-20.) Throughout this case, Plaintiffs have neither made any allegations nor presented any evidence that the San Jose City Attorney was a greater threat to prosecute violations of the Act as compared to the city attorneys for any of the other 478 cities across the state.[1]

The City Attorney had no interest in this litigation. Indeed, the City Attorney made only two filings throughout the entirety of this case: (1) an answer to ensure that no default judgment would be entered against him, and (2) a one sentence joinder in opposition to the original motion for preliminary injunction. (See Fabela Decl. ¶¶2.c-2.d.) On December 9,

---

[1] This figure comes from the League of California Cities, www.cacities.org.

2005, counsel for the City Attorney made an appearance at the Preliminary Injunction hearing, but made no argument whatsoever. (Id. at ¶2.e.) Since that time, the City Attorney has not even tangentially participated in this litigation until opposing this attorneys' fees motion. (Id. at 2.f.)

### III.    ARGUMENT

#### A. "Special Circumstances" Would Render an Award Against the City Attorney Unjust

This Court has the discretion to award or not award attorneys' fees to the prevailing party in a manner as it sees fit. *See* 42 USC §1988(b) (court, in its discretion, may award attorneys' fees to the prevailing party). In fact, Section 1988 should not be applied "woodenly without consideration of the underlying factors which generated it." *Thorsted v. Gregoire*, 841 F.Supp. 1068, 1084, *citing Buxton v. Patel*, 595 F.2d 1182, 1184 (9th Cir. 1979).

Although the Court should normally award attorneys' fees to a prevailing Section 1983 claimant, even the Plaintiffs concede that no attorneys' fees should be awarded where "special circumstances would render such an award unjust." *Ballen v. City of Richmond*, 466 F.3d 736, 746 (9th Cir. 2006), cited in Plaintiffs' Motion for Attorneys' Fees at 2:7-10. Here, special circumstances exist such that no attorneys' fees or costs should be awarded against the City Attorney.

First of all, there is no evidence in this matter that the City Attorney had anything to do with the passage of the Act. Nor were there ever any allegations or evidence that the City Attorney posed a special threat to prosecute the Plaintiffs for violations of the Act. *See Entertainment Software Assoc. v. Blagojevich*, 2006 WL 3694851 at *12 (N.D. Ill. 2006)[2] Also, the City Attorney had no ability to settle out of this lawsuit: even if the City Attorney

---

[2] Unpublished dispositions decided outside of the Ninth Circuit may be cited as persuasive authority in this District. *Alvarenga-Villalobos v. Reno*, 133 F.Supp. 2d 1164, 1167-1168 (N.D. Cal. 2000); *In re Van Wagoner Funds, Inc. Securities Litigation*, 382 F.Supp. 2d 1173, 1182 n. 5 (N.D. Cal. 2004).

1 would have conceded the unconstitutionality of the Act,[3] this matter would not have been
2 resolved, and it still would have had to have been litigated. See *Thorsted*, 841 F.Supp. at
3 1084 (fact that state officials had no power to settle the case by agreement was a factor in
4 rendering an award of attorneys' fees unjust).
5     Finally, the City Attorney did nothing to cause Plaintiffs to incur any attorneys' fees in
6 addition to those it had to incur due to the State's opposition in this matter. As referenced
7 above, the City Attorney filed an Answer and a perfunctory joinder in opposition to Plaintiffs'
8 original motion for preliminary injunction. The City Attorney made no oral arguments at all in
9 this matter, and made no further appearances either in writing or in person for the nearly two
10 years following its initial appearance. As noted by this Court, the City Attorney was simply
11 "willing to accept and be bound" by the outcome of this case. (Sum. Jment Ord. at 2:9-10.)
12 The involvement of the City Attorney in this case was incidental, at best, and does not justify
13 the award of attorneys' fees against him. See *Little Rock School District v. Arkansas State
14 Board of Education*, 928 F.2d 248 (8th Cir. 1991) (award of attorneys fees against the State
15 of Arkansas in Civil Rights Action would be unjust where the State raised only minimal
16 opposition to action).

    **B.**     **It Has Already Been Deemed to Be Unjust to Award Attorneys' Fees Against Local Public Entities That Were Sued as Enforcing Authorities Under State Laws Restricting Violent Video Games**

19     In a precursor to this case, *Entertainment Software Assoc. v. Blagojevich*, 2006 WL
20 3694851, wherein the same Plaintiff sought to enjoin the State of Illinois' attempt to curb the
21 distribution of violent and sexually-explicit video games, the Court recognized the injustice
22 that would result from an award of attorneys' fees against the local entity defendants. In
23 *Blagojevich*, the video game consortium named the Cook County Attorney "in his official
24 capacity," just like Plaintiffs named the City Attorney in this case. Unlike the City Attorney in
25 this case, however, the Cook County Attorney actually filed substantive papers, including a
26 motion to dismiss arguing that the case did not present an actual controversy under Article

---

[3]     Indeed, any stipulations regarding the unconstitutionality of the Act would have been rejected since State legislation is presumed constitutional until the contrary is shown. *Thorsted*, 841 F.Supp. at 1084, *citing Clements v. Fashing*, 457 U.S. 957, 963-964.

-4-

1 | III of the Constitution. *Id.* at *1. The Cook County Attorney also apparently participated in
2 | the three day trial, raising an argument that the County Attorney was immune from suit. *See*
3 | *Entertainment Software Assoc. v. Blagojevich*, 469 F.3d 641, 644 n.4 (7th Cir. 2006).

The District Court in *Blagojevich* cited *Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 1996), in noting that the "allocation of liability for attorney's fees remains an area in which there is no simple formula of universal applicability." *Blagojevich*, 2006 WL 3694859 at *12. The Court cited four factors in determining how to allocate any awarded attorneys' fees: (1) the remedial purposes of the Civil Rights Act and the role of section 1988 in accomplishing those goals; (2) the relative responsibility of the defendants; (3) institutional concerns; and (4) fairness and practicability." *Id.*, citing *Herbst*, 90 F.3d at 1304-1305.

The District Court in *Blagojevich* agreed that it would be unjust to allocate any of the attorneys' fees against the County Attorney. The Court reasoned that the case presented the defense of a "state policy by state officers on behalf of the state" and that the "moving force" behind the statute was the State of Illinois, not the County. *Id.* at *12. Moreover, the Court deemed it "particularly unfair" to have Cook County "alone . . . foot part of the bill in this case." *Id.* As stated by the Court, the Cook County Attorney was the only County attorney named as a defendant, "though there was no evidence that plaintiffs feared prosecution in Cook County any more than in other parts of the state." *Id.*

Similarly, there was no evidence in this case that the Plaintiffs feared prosecution in the City of San Jose any more than any other city in California. Furthermore, there is no evidence that any entity other than the State was the "moving force" behind the adoption and enforcement of the Act. Under these circumstances, and particularly because the City Attorney presented no real opposition in this case, no attorneys' fee award should be allocated against the City Attorney.

### IV. CONCLUSION

The City Attorney did not cause Plaintiffs to incur any attorneys' fees that they would not have had to incur had they not named the City Attorney as a defendant. Other than filing perfunctory pleadings at the initial stages of this litigation, the City Attorney had no

1  involvement in this case whatsoever. For these reasons, and those set forth above, the City
2  Attorney respectfully requests that no attorneys' fee be allocated against him.

4  Dated: September 25, 2007                    RICHARD DOYLE, City Attorney

6                                               By:  /s/ Robert Fabela
                                                     ROBERT FABELA
7                                                    Sr. Deputy City Attorney

8                                               Attorneys for RICHARD DOYLE, in his
                                                official capacity as City Attorney for the City
9                                               of San Jose

-6-