1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  JONATHAN K. RENNER
   Supervising Deputy Attorney General
4  ZACKERY P. MORAZZINI, State Bar No. 204237
   Deputy Attorney General
5  STEVEN M. GEVERCER, State Bar No. 112790
   Deputy Attorney General
6   1300 I Street, Suite 125
    P.O. Box 944255
7   Sacramento, CA 94244-2550
    Telephone: (916) 322-7487
8   Fax: (916) 324-5567
    E-mail: Steven.Gevercer@doj.ca.gov

9
   Attorneys for Defendants
10 Governor Arnold Schwarzenegger and
   Attorney General Bill Lockyer
11

12              IN THE UNITED STATES DISTRICT COURT

13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15

| | |
|---|---|
| VIDEO SOFTWARE DEALERS and ENTERTAINMENT SOFTWARE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara,<br><br>Defendants. | CASE NO. C 05 4188 RMW RS<br><br>**STATE DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing:     October 19, 2007<br>Time:        9:00 a.m.<br>Courtroom:   6<br>Judge:       The Honorable Ronald M. Whyte |

State Defendants' Opposition to Motion for Attorneys' Fees and Costs     VSDA v. Schwarzenegger, et al.
                                                                         Case No. C 05 4188 RMW RS
1

Dockets.Justia.com

# INTRODUCTION

The State defendants oppose plaintiffs' request for attorneys fees for two reasons. First, the loadstar claim for the number of attorney hours is unreasonable due to duplication of pleadings, over-staffing, and an excessive number of hours billed. Second, the claimed hourly rate for paralegal services is not in line with the prevailing rate in the Northern District.

Plaintiffs, at this stage of the litigation, are the prevailing party entitled to reasonable attorneys' fees. But plaintiffs' claimed attorney hours fail to reflect the economy achieved by their repeated nationwide challenges to state violent video game statutes, and should be reduced by at least 20 percent. Almost every salient issue in this case has been comprehensively briefed in at least seven prior violent video game/free speech cases litigated by the plaintiffs' lead law firm, Jenner and Block. Jenner and Block's loadstar claim for hours billed challenging a state violent video game statute was recently reduced for this very reason. On November 30, 2006, the U.S. District Court for the Eastern District of Michigan in *Entertainment Software Association v. Granholm*, noting the "extensive similarity between plaintiffs' pleadings and documents in this case and the Illinois [Blagojevich] case," ordered an across the board 20 percent reduction in attorney hours claimed by Jenner and Block due to the excessive time claimed for drafting and preparing documents. (Levy Declaration in Support of Request for Judicial Notice, Exhibit B- document 75 at pp. 4,5.) The same reduction is warranted here.

In addition, the claimed market rate for a paralegal coordinator of $210 per hour in 2005, and $225 in 2006, does not comport with the prevailing market rate in this judicial district and should be reduced to no more than $125 per hour.

# ARGUMENT

## I. PLAINTIFFS' CLAIMED LOADSTAR FIGURE FOR ATTORNEY HOURS IS NOT REASONABLE.

### A. Plaintiffs bear the burden of justifying the number of attorney hours claimed.

The initial determination of reasonable attorneys' fees is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 429, 433 (1983). Section 1988, however, only allows a prevailing party to

State Defendants' Opposition to Motion for Attorneys' Fees and Costs    VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

2

recover its "reasonable" attorneys' fees. 42 U.S.C. §1988. As the legislative history to section 1988 provides, a reasonable attorneys' fee award "is one that is adequate to attract competent counsel but ... [that does] not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (quoting S.Rep. No. 94-10011, p. 6 (1976). The Supreme Court has instructed district courts to exclude from a fee request hours that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 429, 434 (1983).

The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant. *Id.* at 437. Where the documentation is inadequate, the district court is free to reduce a claimant's fee award accordingly. In addition, the hours claimed may be reduced if the court finds the case was overstaffed, the hours duplicated, or the hours expended are deemed excessive or otherwise unnecessary. *Id.* at 433-34. See also, *Entertainment Software Ass'n v. Blagojevich*, 2006 WL 3694851 (N.D.Ill. 2006) [Partner hours claimed by Jenner and Block reduced because work could have been done by an associate or was otherwise unnecessary.]

In this case, the attorney hours claimed by plaintiffs merit close scrutiny and a downward reasonableness adjustment of 20 percent because the repeated nationwide litigation, by plaintiffs' counsel, of legal issues identical to those in this case, significantly reduces the amount of time required to prepare high quality pleadings. The lodestar calculation therefore must reflect the economy of scale and time saved when briefing legal issues which are no longer new to the attorneys involved, novel, or of first impression. The hours claimed also should be reduced due to over-staffing.

B. **The attorney hours claimed for the loadstar calculation are not reasonable because Jenner and Block has recycled pleadings from earlier cases.**

This case is the seventh in a line of eight First Amendment challenges to violent video game statutes litigated by Jenner and Block. (Declaration of Paul M. Smith in Support of Plaintiffs' Motion for Attorneys Fees and Costs, ¶ 3.) Plaintiffs' substantial experience and expertise in this sub-area of First Amendment jurisprudence may justify their claim to high hourly loadstar rates. But the repeated litigation of identical legal issues creates an economy and efficiency which requires lower attorney hours expended in the preparation of repackaged pleadings. The significant

State Defendants' Opposition to Motion for Attorneys' Fees and Costs

VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

3

pleadings in this case, though fine-tuned to address a California statute, are indeed substantially repackaged products. (Levy Declaration in Support of Request for Judicial Notice, Exhibits A-F.) A reduction in claimed attorney hours of at least 20 per cent is warranted based upon the following analysis.

First, plaintiffs claim a loadstar total of 775.05 hours billed (176.55 for Gibson, Dunn & Crutcher, and 598.5 for Jenner & Block) by a combination of 12 plaintiffs lawyers, and claim 27.5 paralegal hours. (See, declaration of Ethan D. Dettmer, ¶13; declaration of Paul M. Smith, ¶ 18.) This loadstar claim is unreasonable because it contains charges for a significant duplication of legal work.

The legal issues in this case are virtually identical to the legal issues litigated by Jenner and Block in seven previous cases challenging the constitutionality of violent video game statutes.[1] The identical nature of the pleadings are striking. For example, plaintiffs' Motion for Preliminary Injunction in this case (Levy Declaration in Support of Request for Judicial Notice, Exhibit A) bears a remarkable, and sometimes verbatim, resemblance in content and structure to injunctive relief motions filed by Jenner & Block in the *Granholm* case (Levy declaration, Exhibit B); the *Hatch* case (Levy declaration, Exhibit C); the *Foti* case (Levy declaration, Exhibit D); *Blagojevich* case (Levy declaration, Exhibit E); and the *Maleng* case (Levy declaration, Exhibit F.)

Similarly, the repackaged nature of plaintiffs' arguments in support of their motion for summary judgment filed in this action (Levy declaration, Exhibit A-document 74) is illustrated by a comparison with the same motions filed by Jenner & Block in the *Granholm* case (Levy

---

1. *Entm't Software Assoc. v. Granholm*, 426 F.Supp.2d 646 (E.D.Mich.2006) [plaintiff's motion for summary judgment granted]; *Entertainment Software Ass'n v. Blagojevich*, 404 F. Supp. 2d 1051 (N.D. Ill.2005)[plaintiffs' application for permanent injunction granted after court trial on the merits]; *Entertainment Software Ass'n v. Hatch*, 443 F.Supp. 2d 1065 (D. Minn 2006) [plaintiffs' application for permanent injunction granted]; *Entertainment Software Ass'n v. Foti*, 451 F.Supp. 2d 823 (M.D. La. 2006) [plaintiffs' application for preliminary injunction granted]; *Video Software Dealers Ass'n v. Maleng*, 325 F. Supp. 2d 1180 (W.D. Wash. 2004) [plaintiffs' application for permanent injunction granted]; *Interactive Digital Software Ass'n v. St. Louis County*, 329 F.3d 954 (8th Cir. 2003) [reversed judgment of the district court and remanded case for entry of an injunction]; and *American Amusement Mach.Ass'n v. Kendrick*, 244 F.3d 572 (7th Cir. 2001) [reversed judgment of the district court and remanded case for entry of an injunction.]

State Defendants' Opposition to Motion for Attorneys' Fees and Costs    VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

4

1 declaration, Exhibit B), the *Foti* case (Levy declaration, Exhibit D), and the *Maleng* case (Levy declaration, Exhibit F.) Accordingly, the loadstar claim of 773.05 attorney hours billed by 12 attorneys is excessive given that plaintiffs used, sometimes verbatim, pleadings they had prepared in earlier cases.

The claiming of excessive attorney hours for researching and briefing legal issues that do not require the development of an original theory or the analysis of obscure principles is grounds for a reduction in the loadstar hours claimed by counsel. See, *Maldonado v. Houstoun*, 256 Fed.3d 181 (3rd Cir. 2001). In *Malonado*, for example, the court reduced the attorney hours claimed because the appellate briefing, while excellent, addressed matters briefed and argued in the District Court, and the District Court as well carefully and thoughtfully analyzed the legal issues in its decision. *Id.* at 186. A similar significant reduction is warranted in this case based upon the repackaged nature of the critical pleadings.

Second, a comparison of hours expended by the California Attorney General's Office in defending this action is another metric supporting a reduction in plaintiffs' claimed attorney hours. In contrast to the claim that 12 plaintiffs' lawyers and their two paralegals expended a total of 802.55 hours on this matter, the California Attorney General's Office assigned two attorneys who billed 838.25 hours in defending this action. (Supporting declaration of Anthony Westlake ¶ 4; attachment 1.) No hours were billed for paralegal services. (*Id.*) The California Attorney General's billing reflects original defense research on a novel legal assignment of first impression in California by a law office which has not been engaged in repetitive litigation of this particular sub-area of First Amendment jurisprudence. Had this case been the state's sixth or seventh defense to a First Amendment challenge to a violent video game statute, it stands to reason the hours billed would have dropped at least 20 percent, and probably closer to 40 percent compared to the first time the state defended a case of this type.

C. **The billing records lack detail, and demonstrate over-staffing and redundant work.**

Plaintiffs' supporting billing records lack specificity. This lack of detail prevents a more detailed and empirical comparison of the hours attributed to crafting pleadings in this case compared to the hours plaintiffs have claimed in the past for the preparation of substantially similar

State Defendants' Opposition to Motion for Attorneys' Fees and Costs    VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

5

documents. Plaintiffs' counsel may not be required "to record in great detail how each minute of his time was expended" but at a minimum should identify the general subject matter of time expenditures. *Hensley v. Eckerhart*, 461 U.S. 424, 437, n.12 (1983). Where the documentation is inadequate, the district court is free to reduce an applicant's fee award accordingly. *Id.* at p.433. In this case, the lack of detail in support of plaintiffs' claimed loadstar figures warrants such a reduction.

Plaintiffs' supporting time records include the following vague time entries by Jenner & Block:

- 10/05/05 - a 7.25 hour block of time for a combination of six tasks including "drafted complaint for California litigation";
- 10/06/07 - a 5.25 hour block of time for a combination of tasks including "drafted complaint for California litigation";
- 10/07/06 - an 8 hour block of time for a number of tasks including "edited California complaint"; and
- 10/17/05 - a 12.5 block of time for a number of tasks including "edited complaint."

This type of block billing creates an opaque record which prevents a more detailed evaluation of apparent duplication of effort.

The hours billed by both law firms in this case also demonstrate over-staffing. The performance of redundant work and over-staffing are grounds for a reduction in claimed attorney hours. See, *Entertainment Software Ass'n v. Blagojevich,* supra, 2006 WL 3694851 (N.D.Ill.,2006); *Maldonado v. Houstoun,* supra, 256 Fed.3d 181. In this case, four partners prepared for and attended the December 9, 2005, oral argument on the motion for preliminary injunction. According to plaintiffs' supporting billing records, two partners from Gibson, Dunn & Crutcher prepared for and attended the hearing (charging $460 per hour and $570 per hour, respectively). In addition, two partners from the out of state offices of Jenner and Block prepared for and attended the same hearing (charging $585 per hour and $425 per hour, respectively.) It is doubtful Jenner and Block, a law firm with extensive litigation experience (and success) in this sub-area of First Amendment litigation,

State Defendants' Opposition to Motion for Attorneys' Fees and Costs    VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

6

actually needed the assistance of a local law firm to substantively review its pleadings, and to prepare for, and send two partners to attend, oral argument.

In conclusion, the repackaged nature of most of plaintiffs' pleadings, the over-staffing of attorneys, the disproportionate number of attorney hours claimed in comparison to the attorney hours expended by defense counsel, and the lack of specificity of the billing records submitted by plaintiffs' counsel, warrants a reduction of at least 20 percent in the number of attorney hours to be used for the loadstar calculation.

## II. THE PARALEGAL MARKET RATE CLAIMED FOR THE LOADSTAR CALCULATION IS NOT REASONABLE.

Reasonable fees under section 1988 are calculated according to the prevailing market rates in the relevant legal community. *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). The burden is on the plaintiff to produce such evidence. *Sorenson v. Mink,* 239 Fed.3d 1140, 1145 (9th Cir. 2001.) The general rule is market rates in the forum district are used, not the market rates for the home office of an out of town law firm. *Barjon v. Dalton,* 132 F.3d 496 (9th Cir.1997) [no error in applying hourly rate in accordance with prevailing rates in local forum--the Sacramento area--rather than the higher rates charged by San Francisco attorneys]; *Jane L. v. Bangerter,* 61 F.3d 1505 (10th Cir.1995) [no error in awarding fees to New York City attorneys based on prevailing Salt Lake City rates rather than rates received by New York attorneys].

Here, with the exception of a boiler-plate statement in the supporting declaration of Paul M. Smith asserting "that these hourly rates are similar to the rates charged at that time by other comparable law firms in Washington D.C." the plaintiffs fail to provide any evidence to support the rates requested for "paralegal coordinator" Cheryl Olson of $210/hour for 2005, and $225/hour for 2006. (Declaration of Paul M. Smith in Support of Motion for Attorneys' Fees and Costs, ¶¶14,15.) There is no evidence to support a claim that the rates charged by other law firms in Washington D.C. for comparable paralegal work reflects the prevailing market rate in San Jose or the Northern District of California. See, *Comite De Journaleros De Redondo Beach v. City of Redondo Beach,* Not Reported in F.Supp.2d, 2006 WL 4081215 (C.D. Cal.) [finding $125 per hour in 2004 and 2005 is reasonable and consistent with the prevailing rate for paralegals in Los Angeles.]

State Defendants' Opposition to Motion for Attorneys' Fees and Costs      VSDA v. Schwarzenegger, et al.
Case No. C 05 4188 RMW RS

7

Plaintiffs seek fees for non-attorney staff at Jenner and Block consisting of two paralegals, Cheryl L. Olson and Helder G. Agostinho, who performed various tasks in 2005 and 2006, including: 1) cite checking (10/10/05, 10/17/05, 11/22/05, 4/18/06, 4/19/06, 4/27/06); 2) proofreading and formatting motions (10/19/05, 11/21/05); and 3) various clerical tasks (10/13/05, 10/14/05, 10/17/05, 10/18/05.) Plaintiffs here have failed to meet their burden with respect to justifying the rate of $210/hour in 2005 and $225/ hour in 2006 for "paralegal coordinator" Cheryl L. Olson and therefore the rates should be adjusted downward to no more than $125 per hour.

## CONCLUSION

Plaintiffs are the prevailing party and are entitled to reasonable attorneys' fees and costs. But the lodestar calculation must reasonably reflect the economy of scale and time saved by briefing identical legal issues which are no longer new, or novel, to the attorneys. In addition, a reasonable reduction in the claimed number of attorney hours is warranted based upon evidence of overstaffing and redundant assignments. For all the reasons outlined above, the state defendants respectfully request a reduction of at least 20 percent for the attorney hours component of the loadstar and a reduction in the claimed rate of paralegal services.

Dated: September 28, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

JONATHAN K. RENNER
Supervising Deputy Attorney General

STEVEN M. GEVERCER
Deputy Attorney General

_/s/ Steven M. Gevercer_
STEVEN M. GEVERCER
Deputy Attorney General
Attorneys for Defendants

10377197.wpd