| | |
|---|---|
| 1 | GIBSON, DUNN & CRUTCHER LLP |
| | THEODORE J. BOUTROUS, JR., SBN 132099 |
| 2 | H. MARK LYON, SBN 162061 |
| | ETHAN D. DETTMER, SBN 196046 |
| 3 | 1881 Page Mill Road |
| | Palo Alto, California 94304 |
| 4 | Telephone: (650) 849-5300 |
| | Facsimile: (650) 849-5333 |
| 5 | |
| | JENNER & BLOCK LLP |
| 6 | PAUL M. SMITH (*pro hac vice*) |
| | KATHERINE A. FALLOW (*pro hac vice*) |
| 7 | MATTHEW S. HELLMAN (*pro hac vice*) |
| | DUANE C. POZZA, SBN 225933 |
| 8 | 601 13th Street, N.W., Suite 1200 |
| | Washington, D.C. 20005 |
| 9 | Telephone: (202) 639-6000 |
| | Facsimile: (202) 639-6066 |
| 10 | |
| | Attorneys for Plaintiffs |
| 11 | VIDEO SOFTWARE DEALERS ASSOCIATION |
| | and ENTERTAINMENT SOFTWARE ASSOCIATION |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VIDEO SOFTWARE DEALERS ASSOCIATION and ENTERTAINMENT SOFTWARE ASSOCIATION, | ) | CASE NO. C 05-4188 RMW (RS) |
| | ) | |
| Plaintiffs, | ) | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS |
| vs. | ) | |
| ARNOLD SCHWARZENEGGER, in his official capacity as Governor of the State of California; BILL LOCKYER, in his official capacity as Attorney General of the State of California; GEORGE KENNEDY, in his official capacity as Santa Clara County District Attorney, RICHARD DOYLE, in his official capacity as City Attorney for the City of San Jose, and ANN MILLER RAVEL, in her official capacity as County Counsel for the County of Santa Clara, | ) | Date:  October 19, 2007<br>Time:  9:00 a.m. |
| Defendants. | ) | |

Plaintiffs' Reply Memorandum in Support of Their Motion
for Attorneys' Fees and Costs;                                                                     Case No. C 05-4188 RMW (RS)

Dockets.Justia.com

**INTRODUCTION**

None of the defendants dispute that Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 based on their successful constitutional challenge to Cal. Civil Code § 1746-1746.5 (2005) ("the Act"), a law that threatened to substantially impair First Amendment rights statewide. Indeed, as the Supreme Court has emphasized, "[w]here a plaintiff has obtained excellent results, [its] attorney should recover a full compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Here, Plaintiffs warned State representatives of the constitutional flaws of the Act in advance, but to no avail. Plaintiffs then pursued their constitutional challenge vigorously and prevailed completely. At the same time, Plaintiffs retained counsel with experience in similar cases who could litigate the case efficiently. Especially in light of the degree of success obtained, Plaintiffs are entitled to full compensation for the expenses they incurred in litigating their challenge.

The Governor and the Attorney General (the "State Defendants") concede that the hourly rates sought by Plaintiffs are reasonable and raise only marginal objections to the requested fee award, suggesting that the total number of hours should be reduced by approximately 20% for "excessive" billing and that the rate for one paralegal is too high. The Santa Clara County District Attorney and County Counsel and the City Attorney for the City of San Jose (the "Local Defendants") do not challenge the amount of the requested award at all, and argue only that the award should be allocated in full to the State Defendants. None of those arguments merit a reduction in the fee award to Plaintiffs or disturb the presumption of the Defendants' joint and several liability for the fee award.

**I.    PLAINTIFFS ARE ENTITLED TO A FULL COMPENSATORY FEE AWARD.**

As the State Defendants concede, "Plaintiffs . . . are the prevailing party entitled to reasonable attorneys' fees," State Opp. at 2:6-7, and no Defendant challenges the reasonableness of the hourly rates for Plaintiffs' counsel or the reasonable expenses and costs claimed. *See* Pls.' Mem. at 8-10. However, although the State Defendants admit that the case was litigated more efficiently by Jenner & Block than it would have been with another law firm as lead counsel, *see* State Opp. at 3, they

1

argue that it should have been litigated *even more* efficiently, and suggest a corresponding 20% reduction in hours. Any such reduction is unwarranted.

To begin, the State Defendants' argument that the total number of attorney hours should be reduced by 20% based on Jenner & Block's involvement with other cases challenging content-based video game restrictions ignores the efficiencies that are already reflected in the fees of Plaintiffs' counsel. As Plaintiffs explained in their Motion and supporting declaration, and as the State Defendants do not dispute, Plaintiffs' counsel was able to use their past involvement with similar cases to prepare their arguments and briefs with more efficiency – and the hours actually billed in fact reflect those efficiencies. *See* Pls.' Mem. at 5; Smith Decl. ¶¶ 2-4. The State Defendants' argument for a further reduction in hours would merely penalize Plaintiffs for hiring counsel that could more efficiently litigate the case.

Further, the California litigation involved a number of issues and tasks not present in other cases. In particular, there are significant differences between this litigation and the litigation in Michigan cited by the State Defendants. In this case, unlike in Michigan, Plaintiffs submitted new and updated expert declarations in support of summary judgment, and were forced to review and file a successful motion to strike amicus briefs, which involved a further analysis of additional expert testimony. Declaration of Katherine A. Fallow, dated October 5, 2007 ("Fallow Decl.") ¶ 3; *see also* Levy Decl., Ex. B (Nov. 30, 2006 Order in *Entm't Software Ass'n v. Granholm*) at 4 (noting that no experts were retained for Michigan litigation). Moreover, although the Michigan case raised many similar legal issues, the Plaintiffs' Complaint, briefs, and legal strategy had to be tailored to the unique language of the California Act and to Ninth Circuit law. Fallow Decl. ¶ 3.[1]

Ultimately, while Plaintiffs' counsel was able to draw on past experience, the State Defendants exaggerate the extent to which previous work can merely be duplicated with little

---

[1] Plaintiffs previously litigated a similar case in Washington, but well over a year passed before the California litigation and thus additional research on Ninth Circuit law was necessary. Additionally, the State Defendants' attempt to compare briefs filed in this case with those filed in Minnesota and Louisiana is inapposite given that those briefs were filed *after* the pleadings filed in this case. Those later-filed briefs cannot be the basis for finding that Plaintiffs' attorneys duplicated prior work in litigating this case.

2

additional effort, given the complexity of the issues in the case.[2] Contrary to Defendants' suggestion, the fact that the State Defendants' counsel billed *more* hours than Plaintiffs' counsel, despite staffing the case with only two attorneys, supports the reasonableness of the requested award – and does not, as Defendants claim, warrant a reduction. *See* State Opp. at 5. Indeed, in the context of this case it would have been reasonable for Plaintiffs' counsel to bill *more* hours than the State, particularly given the Plaintiffs' presentation of expert testimony with the summary judgment briefing. The amount of hours billed by the State does not justify a reduction in the number of hours in these circumstances. *See, e.g., Love v. Mail on Sunday*, No CV 05-7798 ABC (PJWX), 2007 WL 2709975, at *10 (C.D. Cal. Sept. 7, 2007) (finding that disparity in hours billed by party seeking fees and unsuccessful opponent was not grounds for reducing hours for fee award).

In support of their argument for a 20% reduction in attorney hours, the State Defendants also criticize what they characterize as "redundant work and over-staffing." State Opp. at 6.[3] The State Defendants point to no instance of "over-staffing" by Jenner & Block, and instead criticize the use of local counsel Gibson Dunn. However, Jenner & Block does not have an office in this District and thus was fully justified in hiring local counsel familiar with local practice and who could contribute to legal strategy regarding the California Act. Moreover, although the State Defendants criticize multiple attorneys' attendance at one particular hearing, State Opp. at 6, the attendance of counsel was justified given that the hearing on whether to grant a preliminary injunction – with the Act scheduled to take effect in less than a month – was critical to the case. The State Defendants point to no other examples of duplicative efforts. Overall, the billing records show that relatively few partner hours were billed by Gibson Dunn, that almost half of the Gibson Dunn hours were billed by a single

---

[2] This case is wholly unlike *Maldonado v. Houstoun*, 256 F.3d 181 (3d Cir. 2001). *See* State Opp. at 5. In that case, the appellate court reduced a fee award where there was only one issue on appeal, two controlling Supreme Court cases, and the same issue had been addressed at the district court. In contrast, this case involved multiple legal issues, no directly controlling precedent, a different statute from those at issue in other cases, and substantially more work than preparation of a single appellate brief.

[3] In addition to claiming that the billed hours were "excessive," the State Defendants dispute the hourly rate for one paralegal, Cheryl Olson, who billed a total of 17.75 hours. *See* State Opp. at 7-8. In this case, Ms. Olson's experience and expertise justify her hourly rate. Fallow Decl. ¶ 4.

3

Plaintiffs' Reply Memorandum in Support of Their Motion
for Attorneys' Fees and Costs                                                                 Case No. C 05-4188 RMW (RS)

then-senior associate (Ethan Dettmer), and that work was divided among Jenner & Block and Gibson Dunn attorneys in an efficient manner. Pls.' Mem. at 7.[4]

## II. Defendants Should Be Held Jointly and Severally Liable for the Fee Award.

Although they do not contest the reasonableness of the fees sought by Plaintiffs, the Local Defendants argue that liability for the fee award should be allocated to the State alone. Plaintiffs acknowledge that the State Defendants took the lead in defending the Act, and that it may in fact be just for the State voluntarily to assume financial responsibility for the fee award. Nevertheless, the law is well-established that government defendants are subject to joint and several liability for fee awards made pursuant to § 1988 in cases like this, *see Corder v. Gates*, 947 F.2d 374, 382-83 (9th Cir. 1991), and Plaintiffs are entitled to an order that ensures that they receive full compensation of the fee award, *see Hensley*, 461 U.S. at 429, *Corder*, 947 F.2d at 383.

Under Ninth Circuit law, the Court should apportion an attorneys' fee award among different defendants if Plaintiffs expended different amounts of time in litigation relative to each defendant. *Corder*, 947 F.2d at 382-83. Here, however, the Local Defendants were also charged with enforcement of the Act, and thus Plaintiffs' claims against the Local Defendants were necessarily the same as those against the State Defendants and the time spent litigating against any particular Defendant cannot be disaggregated. *See id.* at 383; *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075 (9th Cir. 2005) (non-apportionment of fee award upheld where claims against two defendants were "virtually interchangeable").[5]

---

[4] Nor is there any merit to the State Defendants' criticism of a few billing entries of Plaintiffs' counsel. *See* State Opp. at 6. A review of the billing records (submitted as attachments to the Declaration of Paul M. Smith) shows that only a single associate worked on preparing the Complaint in this case, meaning that there was no "duplication of effort." *See* Smith Decl., Att. A. Moreover, the entries cited by Defendants include numerous other substantive tasks such as legal research regarding litigation strategy and preparation of materials for filing the case, which are the kind of related tasks reasonably expected to be billed at the same time the complaint is being written and edited. *See, e.g.*, Smith Decl., Att. A (10/5/05 and 10/7/05 entries include "researched proper defendants"; 10/17/05 entry includes preparation of corporate disclosure statement and pro hac vice motions).

[5] The City Attorney argues that his actions were limited to filing an Answer and filing a one sentence joinder in the opposition to the motion for preliminary injunction. However, liability for attorneys' fees turns on the amount of time *Plaintiffs'* counsel expended pursuing the claim, not the relative

[Footnote continued on next page]

4

The Local Defendants also argue that it would be inequitable to hold them liable for attorneys' fees where the State was the "moving force" behind the law, but that is not a sufficient ground for an order apportioning the fee award. *See Corder*, 947 F.2d at 383 ("Attorney's fees *are not* awarded to punish defendants. . . . Thus, we have prescribed apportionment of attorney's fees when the *time expended* by the plaintiff in pursuing each defendant was grossly unequal. . . . We have never mandated apportionment based on each defendant's relative liability under a jury's verdict.") (emphasis in original). Indeed, "the Supreme Court has acknowledged that '[f]ee awards against enforcement officials are run-of-the mill occurrences. . . .' 'Mere' enforcers of unconstitutional laws may be held liable for attorneys' fees even if their involvement in the litigation has been minor or they have argued that their enforcement actions are improper and have lobbied for the underlying law to be changed." *Turner v. Dist. of Columbia Bd. of Elections & Ethics*, 354 F.3d 890, 898 (D.C. Cir. 2004) (quoting *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 739 (1980)). Thus, the proper course is for the Court to impose joint and several liability.[6]

Finally, although the County Defendants argue that they should be excused from liability for the award because they acted in "good faith," the Ninth Circuit has made clear that a claim of "good faith" is not a special circumstance justifying a failure to award fees against a defendant. *See Teitelbaum v. Sorenson*, 648 F.2d 1248, 1251 (9th Cir. 1981) ("To act as an effective incentive, fee awards should be the rule rather than the exception. Denying fees where a defendant acts in good faith will defeat this aim since most defendants will be able to demonstrate at least colorable good faith."). Moreover, because Plaintiffs brought a successful pre-enforcement challenge, there is no

---

[Footnote continued from previous page]
amount of effort expended by each Defendant in its defense. *See Corder*, 947 F.2d at 382 ("The focus on time expended . . . is consistent with the 'lodestar' calculation . . . which focuses on the time reasonably expended by plaintiffs. . . . [S]ince the total amount of attorney's fee liability faced by any group of defendants is based on the number of hours that the plaintiff reasonably expended against them, the defendants rights *inter se* should share this feature.").

[6] The Local Defendants cite *Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 1996), but that is not binding authority in this circuit. Moreover, at least two of the factors identified in the apportionment decision in that case – the "broad remedial purposes of the Civil Rights Act" and the "institutional concern[]" of the "preservation of federalism" – weigh in favor of joint and several liability at this time, by better enabling Plaintiffs to collect on the judgment and avoiding meddling in State affairs to apportion financial responsibility for the litigation. *See id.* at 1304-05.

5

way for the Court to now determine that Defendants would have decided not to enforce the unconstitutional Act. The Local Defendants also suggest that their inability to settle out of the lawsuit was a "special circumstance," City Opp. at 3-4; County Opp. 3, but that argument, if accepted, would swallow the rule. The offices of the City and County Defendants are creatures of State law, and State officials in a wide variety of context may be tasked with enforcing statutes with which they personally disagree. Excusing those officers from liability for fees on that ground would defeat the purpose of encouraging litigation to vindicate constitutional rights. *See Hensley*, 461 U.S. at 429; *Corder*, 947 F.2d at 383.

### III. The Court Should Award Additional Fees for Work on the Fee Petition.

As Plaintiffs noted in their Motion and Defendants do not dispute, Plaintiffs are entitled to their fees billed for work on the fee petition. Pls.' Mem. at 12. As summarized in the attached Fallow Declaration and Supplemental Declaration of Ethan D. Dettmer dated October 5, 2007, the fees incurred for preparing the fee petition include $10,583.38 for Jenner & Block and $10,052.11 for Gibson Dunn, which had not been billed as of the date of filing of the Motion. Fallow Decl. ¶¶ 5-10; Dettmer Supp. Decl. ¶¶ 5-9. These fees should be awarded to Plaintiffs as well.

## CONCLUSION

For the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

Respectfully submitted.

DATED: October 5, 2007

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR.
H. MARK LYON
ETHAN D. DETTMER

By: _____/s/_____
               Ethan D. Dettmer

JENNER & BLOCK LLP
PAUL M. SMITH
KATHERINE A. FALLOW
MATTHEW S. HELLMAN

6

1
2
3
4
5
6

DUANE C. POZZA
601 13th Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 639-6066

Attorneys for Plaintiffs
VIDEO SOFTWARE DEALERS ASSOCIATION (now known as the Entertainment Merchants Association) and ENTERTAINMENT SOFTWARE ASSOCIATION

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

Plaintiffs' Reply Memorandum in Support of Their Motion
for Attorneys' Fees and Costs                                                    Case No. C 05-4188 RMW (RS)